UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FLAVA WORKS, INC.                           CASE NO. 1:13-CV-23208-XXXX

           Plaintiff,

vs.

A4A RESEAU, INC.
A4A NETWORK, INC.
MARC PARENT

           Defendants.
_____/

# DEFENDANTS' MOTION TO DISMISS, STRIKE AND/OR FOR MORE DEFINITE STATEMENT

Defendants A4A RESEAU, INC., a foreign corporation, A4A NETWORK, INC., a foreign corporation and MARC PARENT, a foreign individual, by and through their undersigned Counsel, and file this Motion to Dismiss, Strike and/or For More Definite Statement pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(e), 12(f), and 19 state as follows.

**I.     Introduction**

This matter is a one count Complaint alleging copyright infringement by two alleged corporations A4A Reseau, Inc. (hereafter "A4A") and A4A Network, Inc. (hereafter "Network") and Marc Parent, individually (all collectively "Defendants").[1] [D.E. 1] The nature of the alleged infringement appears to be a claimed use of a number of photographic images on a website allegedly owned and controlled by Defendants. The allegations in the Complaint present a number of allegations which should be dismissed, stricken or require more definite statements in an amended complaint, if permitted.

---

[1] Defendant entities A4A and Network are the same entity. Under Canadian law, an entity's legal name must be written in French. A4A legally does business under the name A4A Network, Inc. (using the English translation "Network" of the French word "Reseau".) Therefore, all claims against A4A Network, Inc. are moot. *Quebec Charter of the French Language, C. 5, S. 63-64, 1977.* All responses herein shall refer to "A4A" based on those facts and to the extent otherwise required shall refer to A4A and Network collectively.

1

**II.     Copyright Registration Allegations Fail**

The Complaint asserts federal subject matter jurisdiction under the Copyright Act, 17 U.S.C. § 101 et. seq. [D.E. 1, ¶ 7] and identifies three U.S. Copyright registrations. However, the Complaint fails to identify (1) what are the alleged "Plaintiff's Works" which are allegedly infringed by the Defendants; (2) which registration includes which of the alleged "Plaintiff's Works"; and (3) which images on Complaint Exhibit "C" allegedly infringe on the alleged "Plaintiff's Works." The following will analyze the foregoing in detail.

    1.     **The Complaint Fails to Identify the Alleged "Plaintiff's Works"**

At the core of Plaintiff's claim for copyright infringement is an assertion that it is the owner of certain property protected under the Copyright Act. [D.E. 1, ¶24] Plaintiff's allegations fail to establish or identify the "Plaintiff's Works" which are the core of this action rendering its Complaint deficient.

Plaintiff's pleading deficiencies include the following:

    a.     In ¶18 of the Complaint Plaintiff asserts:

> "Plaintiff has applied for and has registered ***various copyrights*** and ***Trademarks*** for its works. See attached Exhibit "A" for Plaintiff's Works with registered copyrights."[2] [D.E. 1 ¶18] (emphasis added).

Paragraph 18 does <u>not</u> contain any allegation that the alleged "Plaintiff's Works", which are the subject of the copyright infringement claims are included in any of the registrations referenced on Exhibit "A."

---

[2]     Exhibit "A" appears to be computer screen shots of the www.copyright.gov Internet page referring to the referenced registrations. Exhibit "A" does <u>not</u> include copies of the registrations, nor does the Exhibit include the Deposit Material submitted with the Copyright Application which shows the subject matter of registered under the corresponding Copyright Registration .

   b.  In ¶ 24 of the Complaint the Plaintiff asserts:

> "At all relevant times, on information and belief, Defendant made copies of Plaintiff's copyrighted images and published the images for advertising purposes. There are approximately two dozen copyrighted works illegally used by Defendants." [D.E. 7, ¶24].

Paragraph 24 does <u>not</u> contain an allegation that the alleged copies were of registered copyrights or even those purportedly part of Exhibit "A."

   c.  Plaintiff alleges in ¶30 of its Complaint that:

> "Plaintiff ***holds*** the copyright on each of the infringed works alleged in this action." [D.E. 2, ¶30]. (emphasis added)

As well, ¶30 does <u>not</u> contain an allegation that the alleged "infringed works" were registered copyrights or even those purportedly part of Exhibit "A." Additionally, the use of the word ***"holds"*** does not create a legal relationship and right in Plaintiff to bring this action. This is especially evident with regard to the "<u>Cocodorm.com 2010</u>" registration which does not list Plaintiff as Claimant. Registration No. VA0001861558. 37 C.F.R. § 202.3(a)(3).

   d.  Plaintiff alleges in ¶31 of the Complaint that:

> "Plaintiff is the owner and producer of the images illegally and improperly reproduced and distributed by Defendants through their websites." [D.E. 7, ¶31]

Again, ¶31 does <u>not</u> contain an allegation that the alleged "images" were registered copyrights or even those purportedly part of Exhibit "A."

   e.  Plaintiff refers to "copyrighted works," "copyrighted materials," "copyrighted images" or "works" in ¶¶ 33, 35, 36, 37, 39 and 40 of the Complaint. [D.E. 1] Consistent with the above pleading deficiency, none of those paragraphs allege that any of the foregoing were registered or even those purportedly part of Exhibit "A." Additionally, Plaintiff's

3

above quoted general allegations fail to identify with any specificity what images allegedly owned by Plaintiff are allegedly being infringed by Defendants.

Based on all of the foregoing, Plaintiff's Complaint fails to state a cause of action for the infringement of a registered copyright due to Plaintiff's lack of identification and allegation of the allegedly registered Plaintiff's Works. As a result the Complaint must be dismissed or, in the alternative, the Plaintiff be required to plead a more definite statement of its alleged claim. Fed. R. Civ. Pro. §§ 12(b)(6) and 12(e).

2.   **The Complaint Fails to Identify Which Registration Includes Which "Plaintiff's Works"**

In addition to the identification and ownership pleading deficiencies, the Complaint fails to identify which alleged Plaintiff's Works are contained on which of the three registrations listed in Exhibit "A." The Claimants, dates and other information of each claimed registration are different and the defenses for each are or could be different. Therefore, the pleading is lacking without disclosure of which Plaintiff's Works are contained on which claimed registration. Failure to so plead renders the Complaint subject to dismissal or, in the alternative, an Order requiring a more definite statement per Fed. R. Civ. Pro. §§ 12(b)(6) and 12(e).

3.   **The Complaint Fails to Identify the Alleged Infringing Images on Exhibit "C"**

The Complaint attaches a twenty two (22) page compilation to the Complaint as Exhibit "C." Exhibit "C" purportedly contains a number of computer screen shots allegedly from Defendants' website *www.adam4adam.com*. The total number of persons' images on that Exhibit is one hundred twenty four (124).

In ¶ 24 of the Complaint Plaintiff alleged:

> "At all relevant times, on information and belief, Defendants made copies of Plaintiff's copyrighted Images and published the images for advertising purposes. There are approximately two dozen copyrighted

4

> works illegally used by the Defendants. See attached Exhibit "C"
> for the aforementioned images." [D.E. 1, ¶24]

Paragraph 24 does <u>not</u> identify which of the one hundred twenty four (124) images referenced in the allegation are the "two dozen" images referenced to be the alleged infringing images.

In ¶31 of the Complaint Plaintiff alleges:

> "Plaintiff is the owner and producer of the images, illegally and improperly reproduced and distributed by Defendants through their website." [D.E. 1, ¶31]

Again, Paragraph 31 does <u>not</u> identify which of the images referenced in the allegation are the alleged infringing images.

The failure of the Complaint to identify the alleged Infringing Images renders the Complaint subject to dismissal pursuant to Fed. R. Civ. Pro. § 12(b)(6). In the alternative, the Plaintiff should be required to plead a more definite statement which indicates to Defendants the particular Infringing Images claimed in this action. Fed. R. Civ. Pro. § 12(e).

**III**.   **The Complaint Exhibits Are Improper**

Plaintiff attaches a number of documents to the Complaint as purported Exhibits which are in conflict with the allegations of the Complaint. As a result, the conflict renders the Complaint deficient and subject to dismissal or requires an Order compelling a more definite statement related thereto. Fed. R. Civ. Pro. §§ 12(b)(6) and 12(e).

   A.   **Exhibit A:  Plaintiff's Copyright Registrations**. Plaintiff attaches to the Complaint as Composite Exhibit "A" what appear to be three (3) computer screen shot printouts from the Copyright Office's website. [D.E. 1, Exh A]  The screen shots are not copies of the actual registrations, but merely an identification of the s three (3) copyright registrations and include the following information:

5

1.	Title: "Flavamen Senior Year", Type of Work: Motion Picture, DVD.  Copyright Claimant: Flava Works, Inc., Description: Videodisc (DVD), Registration No. PA0001668012.

2.	Title: "Cocodorm.com 2010", Copyright Claimant: Philip Bleicher, Type of Work: Visual Material, Authorship: Text, Photographs, Registration No. VA0001861558.

3.	Title: "Flavamen.com 2010", Type of Work: Visual Materials, Description: Text & Photos on CD-ROM, Copyright Claimant: Flava Works, Inc., Registration No. VA0001861561.

One of the claimed registrations is not owned or controlled by the Plaintiff.  Specifically, Exhibit "A", Page 2 contains a printout referring to Registration No. VA0001861558 Title: "Cocodorm.com 2010" which indicates the Copyright Claimant is Philip Bleicher. There are no allegations in the Complaint that the Plaintiff is the assignee of the registration owned by the non-party.  Philip Bleicher is not a Plaintiff herein. Based on all of the foregoing, Plaintiff's Complaint fails to state a cause of action related to images contained on Registration No. VA0001861558 "Cocodorm.com 2010" as it lacks standing to pursue a claim for this specific registration. Therefore, the Complaint must be dismissed as to any alleged images contained on Registration No. VA0001861558 (Cocodorm.com 2010).

B.	**Exhibit B:  Defendants' Trademark Registration Printouts**

Attached to the Plaintiff's Complaint as Exhibit "B" are computer screen shots of USPTO.gov website data regarding Parent's registration of the service mark "adam4adam".  As set forth in Section IV entitled "Improper Trademark Allegations and Prayer for Relief" below, there are no claims in this litigation regarding any trademarks, unfair trade practices or otherwise.  Thus, Exhibit "B" (and the related allegations in ¶¶ 21 and 22) are superfluous and not related to the only count of the Complaint. [D.E. 1, ¶¶ 21 and 22]. Therefore, Exhibit "B" and  ¶¶ 21 and 22 should be stricken from the Complaint.  Fed. R. Civ. Pro. § 12(f).

6

    C.    **Exhibit D:  Plaintiff's DMCA Letters**

Attached to the Complaint as Composite Exhibit "D" are copies of alleged DMCA takedown letters all referencing user posted images purportedly existing on Defendants' website[3].  There are no claims in this litigation that Defendants violated the requirements of the DMCA by not responding to the takedown letters.  More so, the DMCA takedown letters all refer to user uploaded copies of Plaintiff's claimed images in user profiles.  The Complaint, however, alleges Defendants' purported use of the alleged infringing images in "advertising" and in advertisements redirecting the user to another website. [D.E. 1, ¶¶ 24-26]  Plaintiff's allegations of Defendants' use on the website as part of advertisements conflicts with the Exhibit "D" DMCA takedown notices for user posts.  Therefore, Exhibit "D" and ¶27 referencing the exhibit should be stricken.  Fed. R. Civ. Pro. § 12(f).

    2.    **The Compilation Registration**

Based upon the information provided in Exhibit A, the content of the alleged registrations for "Cocodorm.com 2010" and "Flavamen.com 2010" are groups of photographs or compilations. [D.E. 1, Ex. A, Pgs. 2 and 3]. A "compilation" is a work formed by the collection and assembling of preexisting materials or data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship. The term "compilation" includes collective works. 17 U.S.C. § 101 (2014). Plaintiff has failed to allege any other registrations directed specifically to any  individual image or video images contained on one or more of the three registrations identified in the Complaint.  Conversely, Plaintiff has

---

[3] Many of the DMCA takedown notices sent by Plaintiff were invalid and defective, failing to point to infringed works. Defendant, showing its good faith conduct in obeying copyright law, still took down many of the alleged infringed images.

failed to indicate what other property is included in the compilations.  This information is critical for Defendants' response to the subject Complaint.  The Complaint demands a disgorgement of profits [D.E. 1, Prayer¶6].  The claimed disgorgement must be rendered pro rata based on all of the other compilation data in the compilation.  17 U.S.C. § 504(b) (2014) ("The copyright owner is entitled to recover the *actual damages* suffered by him or her *as a result of the infringement*, and any profits of the infringer that are attributable to the infringement," (emphasis added)).As a result, it is impossible for Defendants to reply to the Complaint without a proper identification of the registration which contains the allegedly infringed image and also identifies the entire content (i.e. copyrighted material) allegedly covered by each of the three registrations.

      **IV.**     <u>**Improper Trademark Allegations and Prayers for Relief**</u>.  Throughout the course of the Complaint [D.E. 1] the Plaintiff makes a number of allegations of individual Defendant Parent's filing of a trademark application (See Below). No allegations of trademark infringement by Defendants or any likelihood of confusion between the respective marks of the parties are contained in the Complaint. Despite failing to contain any allegations or causes of actions for trademark infringement, the Complaint's WHEREFORE clauses / Prayer for Relief seeks relief for trademark infringement and unfair competition.  However, the only cause of action asserted by Plaintiff is for alleged copyright infringement.  Therefore, all the allegations and prayers for relief related to a trademark infringement and unfair competition claim should be stricken per Rule 12(f). Fed. R. Civ. Pro. § 12(f).

      1.    <u>**Improper Trademark/Unfair Competition Allegations**</u>

The improper trademark and unfair competition allegations in the Complaint include the following.

      A.    "Plaintiff has applied for and has registered various copyrights and *trademarks* for its work." [D.E. 1, ¶18] (emphasis added).

8

    B.    "Defendant Marc Parent, as registered owner of a service mark work issued by the United States Patent and Trademark Office, further knew or should have known, his acts included copyright infringement *or a violation of intellectual property law*." [D.E. 7, ¶36] (emphasis added).

2. **<u>Improper Trademark/Unfair Competition Prayer for Relief</u>**

Plaintiff's Prayer for relief includes the following improper trademark and unfair competition claims for relief:

    A.    "…restraining and enjoining Defendants…as well as from facilitating or posting on any websites by third parties infringing material and/or links which enable the easy access to Plaintiff Flava Works, Inc.'s intellectual property that is located on third party websites;" [D.E. 1, Prayer ¶2(a)]

    B.    "restraining and enjoining Defendants from distributing … trademarks, trade dress or any other product or symbol with the indicia of Plaintiff's ownership, through the use of their website or otherwise;" [D.E. 1, Prayer ¶2(b)]

    C.    "restraining and enjoining Defendants from doing any other act through his website(s) or otherwise, which shall confuse, deceive, cause mistake, etc., among the relevant trade and general public as to the association, sponsorship and/or approval between Plaintiff and any website(s);" [D.E. 1, Prayer ¶2(c)]

    D.    "restraining and enjoining Defendants from using any of the Plaintiff's Marks attached hereto or any colorable imitation of any of the Marks in connection with the distribution of images and content at Defendants' website;" [D.E. 1, Prayer ¶2(f)]

    E.    "restraining and enjoining Defendants from doing any other act or thing likely to, or calculated to, induce the belief that Defendants or Defendants' business is in any way affiliated, connected to or associated with Plaintiff or Plaintiff's business;" [D.E. 1, Prayer ¶2(g)]

    F.    "restraining and enjoining Defendants from unfairly competing or tortuously interfering with Plaintiff in Plaintiff's contractual or business relationships in any manner." [D.E. 1, Prayer ¶2(h)]

*Bradley Legal Group, P.A.*, 15 Northeast 13th Avenue, Fort Lauderdale, FL 33301 (954) 523-6160

> G.  Requiring Defendants to cease operation of the website domain *"adam4adam.com"* and to transfer domain ownership of *"adam4adam.com"* immediately to Plaintiff. [D.E. 1, Prayer ¶4]
>
> H.  Requiring Defendants to forfeit their use and/or possession of the U.S. Trademark *"adam4adam.com"* issued by the U.S. Trademark Office. [D.E. 1, Prayer ¶5]

As previously indicated, there is only one claim in this action and such claim is for copyright infringement. Therefore, all of the foregoing allegations and prayers for relief must be stricken. Fed. R. Civ. Pro. § 12(f).

## V.  Failure To Join Indispensable Parties

The Complaint is deficient for failure to join indispensable parties. In ¶¶ 25 and 26 the Complaint alleges as follows:

> 25. On information and belief, when a user clicks on the aforesaid advertisement the user is redirected to another website. Plaintiff alleges Defendants either own, operate or control the website to which the user is redirected or the Defendants are paid by *third parties* for redirecting the traffic. [D.E. 1, ¶25] (emphasis added).
>
> 26. On information and belief, Defendants generate advertising revenue from the traffic to its own website. At all material times, Plaintiff avers, Defendants used Flava's copyrighted materials on its site to generate increased traffic for Adam4Adam.com. [D.E. 1, ¶26]

Exhibit "C" includes what purports to be so called "Banner Ads" on the sites of the web page. (i.e. D.E.1, Ex. C, Pg. 13). Certain images, including a male wearing a black baseball hat reading "Obey," are repetitious throughout the exhibit. The "third parties" apparently include the websites "Hung Black Amateurs" or "Gangsta Squad." [D.E. 1, Ex. C, Pgs. 3 and 9] Said third parties are necessary to the full adjudication of the issues in this litigation.

## VI.  Statute of Limitations

The Complaint is entirely devoid of references to when any of Defendants' actions allegedly occurred.  The dates in the alleged registrations are in 2010.  [D.E. 1, Ex A] Conceivably, the alleged actions complained of by Plaintiff could have occurred in 2010.  However, the statute of limitations for a copyright infringement claim is three years. 17 U.S.C. § 507(b) (2014). Therefore, the Complaint is deficient for failure to indicate the dates of the alleged infringement.  Thus, the Complaint should be dismissed, or in the alternative, Plaintiff be ordered to provide a more definite statement in an amended complaint. Fed. R. Civ. Pro. §§ 12(b)(6) and 12(e).

## Memorandum of Law

**1.      Standard of Review**

To survive a motion to dismiss, a complaint must contain factual allegations that are "enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 US 544, 127 S.Ct. 1955, 1965 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id*. at 1964-1965. In assessing the sufficiency of a complaint, the Court may consider "the face of the complaint." *Brooks v. Blue Cross & Blue Shield of Fla., Inc*. 116 F.3d 1364, 1368 (11th Cir. 1997), as well as orders and other matters of public record. *Watson v. Bally Mfg. Corp*., 844 F. Supp 1533, 1535, n.1. (S.D. Fla. 1993). Taking the facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas. Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). See additionally, *Del Monte Fresh Produce Co. v. Dole Food Co., Inc*., 136 F. Supp 2d 1271, 1291-1293 (S.D.

11

Fla. 2001) (granting a motion to dismiss when it was unclear what specific trade secrets the plaintiff sought to protect).

As set forth in the argument above Plaintiff has failed in its burden to assert factual allegations that will support the cause of action asserted. Therefore, for one or more of the reasons discussed above, Defendants submit that Plaintiff's Complaint should be dismissed.

**2.      Motion for More Definite Statement**

Alternatively, in the event that this Court does not dismiss the causes of action pertaining to alleged copyright infringement, pursuant to Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." See also *Betancourt v. Marine Cargo Management*, 930 F.Supp. 606, 608 (S.D. Fla. 1996). "Such a motion should be granted only when the pleading to which the motion is directed is so vague or ambiguous that the party cannot reasonably be expected to respond." *Coach, Inc. v. Swap Shop, Inc.*, 916 F.Supp.2d 1271, 1283 (S.D. Fla. 2012) (internal citations omitted). In the event that this Court chooses not to dismiss the Complaint in its entirety, Defendants submit that they are unable to respond to Plaintiff's Complaint in its current form. The Court should order Plaintiff to provide specific facts identifying what alleged works are covered by each of the identified registrations and what copyrighted works are allegedly infringed by Defendants, in addition to correcting the other indefinite allegations in the Complaint identified above.

**3.      Failure to Join a Required Party**

Plaintiff's complaint is also subject to dismissal pursuant to Federal Rule of Civil Procedure § 19(a)(1) for Failure to Join a Required Party. Without joining TeenRevenue.com as a party, the Court will not be able to provide complete relief between the Plaintiff and

Defendants. The test, as stated by Rule 19, to determine whether a party is required is two-fold. See *Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.*, 669 F.2d 667, 669 (11th Cir. 1982).

Part I of the test requires the court to determine "under the standards of Rule 19(a) whether the person or entity in question is one who should be joined if feasible." *Aceto Corp. v. TherapeuticsMD, Inc.*, 953 F.Supp.2d 1269, 1278 (S.D. Fla. 2013) (internal citation omitted). In other words, whether the party is a "'necessary party' to the litigation." See *Spear Group, Inc. v. Florida Power & Light Company*, 2014 WL 272724 *2 (S.D. Fla. 2014). Under Rule 19(a)(1), a party is deemed necessary if

> (1) its absence will prevent the court from granting complete relief to the existing parties, or (2) the party claims an interest relating to the subject matter of the action and its absence in the litigation may (i) as a practical matter impair or impede its ability to protect that interest, *or* (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the claimed interest.

See *Id*. citing Fed. R. Civ. P. § 19(a). If after an analysis under Rule 19(a)(1) the court finds a party is necessary to the litigation and its joinder is feasible, it must order its joinder. See *Id*. citing Fed. R. Civ. P. § 19(a)(2). If after an analysis under Rule 19(a)(1) the court decides a party is necessary to the litigation but that joinder is not feasible, the court must next move to Part II and do an analysis under Rule 19(b) and "determine whether, 'in equity and good conscience,' the action should proceed among the existing parties without it or be dismissed." See *Id*. citing Fed. R. Civ. P. § 19(b). In the instant case, since the owners of the websites "Hung Black Amateurs" and "Gangsta Squad" are necessary parties that are feasible to join, an analysis of the four factor "indispensability test" will not be explained. See *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118-19 (1968) (discussing the four factor test).

In *Spear*, this Court held that Guidant was "a necessary party to [the] litigation under Rule 19(a)(1)(B)(i), under the plain terms of which it is sufficient that a judgment in favor of Spear in [the] action 'may as a practical matter impair or impede' Guidant's ability to protect any interest that it holds with respect to Spear." See *Id*. at *3. Finding that "Guidant's interests under both agreements will be adversely affected if Spear prevails in this litigation," and *res judicata* and collateral estoppel could apply, barring Guidant "an opportunity to defend its interests" in the litigation, this Court held that Guidant was a necessary party to the litigation. See *Id*. However, since adding Guidant to the litigation would destroy diversity jurisdiction, which was the only basis for federal jurisdiction in the case, it was not feasible to add Guidant as a party and the Court had to continue to Part II of the analysis. See *Id*. at *3 and *4. Ultimately, the Court held that Guidant was "both a necessary and indispensable party to [the] action" and granted "FPL's motion to dismiss the action for failure to join an indispensable party." See *Id*. at *5. Since those owning or controlling the websites linked to the "Hung Black Amateurs," and "Gangsta Squad" banner ads are necessary parties under Rule 19(a)(1) and its joinder is feasible, this Court must order its joinder and dismiss Plaintiff's action for failure to join a required party.

Following the same analysis above, Philip Bleicher ("Bleicher") must also be joined to the litigation as a co-Plaintiff or any claims of copyright infringement under the "Cocodorm.com 2010" registration should be dismissed and/or stricken. [D.E. 1, Ex. A, Pg. 2]. Adding Bleicher as a party is feasible and will not "deprive the court of subject-matter jurisidiction," and without him this Court "cannot accord complete relief among existing parties." Fed. R. Civ. P. § 19(a)(1). This Court must order that Bleicher be made a party to this litigation, and if he chooses to refuse to join the litigation as a Plaintiff after being ordered by this Court to do so, this Court can make him "either a defendant or, in a proper case, an involuntary plaintiff." Fed. R. Civ. P. § 19(a)(2).

14

**4.     Motion to Strike**

Federal Rule of Civil Procedure 12(f) states "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. § 12(f). The Rule continues that "[t]he court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." See *Id*. See also *Foley v. Wells Fargo Bank, NA*, 849 F. Supp. 2d 1345, 1352 (S.D. Fla. 2012) (granting Defendant's Rule 12(f) motion to strike Plaintiff's jury trial demand).

As discussed above, Plaintiff's allegations and prayer for relief for trademarks, unfair competition and domain names are not pertinent or relevant to this dispute and have nothing to do with Plaintiff's allegations and sole cause of action for alleged copyright infringement. Accordingly, these allegations should be stricken from the Complaint and Defendants request an Order to such affect.

**5.     The Quebec Charter of the French Language**

Charter Sections 63-64 require business names be in French, and if a company is using a name that has a language other than French, the business must declare the French version. The French to English translation of the word "Reseau" is Network. Thus, Plaintiff has incorrectly pled the existence of two different corporate defendants where only one exists.

## *LOCAL RULE 7.1 CERTIFICATE*

Pursuant to L.R, 7.1 Defendants counsel has attempted to contact Plaintiff's counsel's office to attempt to resolve this matter in good faith without the need for a motion.  Plaintiff's office generated the following indicating that Plaintiff's counsel would not be available until after the required filing date for this matter:

15

> *"The Law Office of Ursula C. Jackson, PLLC., will be unavailable until Friday, December 5, 2014. This email inbox will not be checked and voicemail capabilities are disabled until the aforementioned time."*

Therefore, counsel have been unable to communicate and the matter remains contested.

## CERTIFICATE OF SERVICE

***WE HEREBY CERTIFY*** that a true and correct copy of the foregoing was filed via ECF and furnished via email to Ursula C. Jackson, Esq., The Law Office of Ursula C. Jackson, PLLC, Attorneys for Plaintiff, 2525 Ponce De Leon Boulevard, Coral Gables, FL 33134, via Email: uj.flavaworks@gmail.com, this 6th day of November, 2014.

**Bradley Legal Group, P.A.**

_____/s/_____
John F. Bradley, Esq.
Attorneys for Defendants
15 Northeast 13th Avenue
Fort Lauderdale, FL 33301
Tel: (954) 523-6160
Fax: (954) 523-6190
Email: jb@bradlegal.com