UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FLAVA WORKS, INC.                           CASE NO. 1:14-CV-23208

          Plaintiff,

vs.

A4A RESEAU, INC.
A4A NETWORK, INC.
MARC PARENT

          Defendants.
_____/

# ANSWER AND AFFIRMATIVE DEFENSES

Defendants, A4A RESEAU, INC., a foreign corporation, A4A NETWORK, INC., a foreign corporation, and MARC PARENT, a foreign individual, by and through their undersigned counsel, hereby file their Answer and Affirmative Defenses to Plaintiff's Complaint, and otherwise allege:

## ANSWER

### AS TO THE ALLEGATIONS CONCERNING THE NATURE OF THE ACTION

1.   Defendants admit that Plaintiff has brought an action for alleged copyright infringement. Except as so admitted, Defendants deny Plaintiff's entitlement to relief or Defendants' liability for copyright infringement.

2.   Defendants admit that Plaintiff brings this action against Defendant. Except as so admitted, Defendants deny the remaining allegations or Plaintiff's entitlement to relief or Defendant's liability.

### AS TO THE ALLEGATIONS CONCERNING THE PARTIES
### (THE PLAINTIFF, FLAVA WORKS, INC.)

3.   Defendants admit that the principal place of business is in Florida according to the Secretary of State's records. Except as so admitted, Defendants deny the remaining allegations.

1

**(THE DEFENDANTS, A4A RESEAU, INC. AND A4A NETWORKS, INC.)**

4. Admitted as to A4A RESEAU, INC., but denied as to A4A NETWORKS, INC., which is simply the English translation of the company name, and is one in the same.

**(THE DEFENDANT, MARC PARENT)**

5. Admitted as to A4A RESEAU, INC., but denied as to A4A NETWORKS, INC., which is simply the English translation of the company name, and is one in the same.

**AS TO THE ALLEGATIONS CONCERNING THE JURISDICTION AND VENUE**

6. Defendants admit jurisdiction but deny that Plaintiff is entitled to relief or Defendants' liability.

7. Defendants admit jurisdiction but deny that Plaintiff is entitled to relief or Defendants' liability.

8. Defendants deny any liability to Plaintiff. Defendants also deny that the amount in controversy exceeds $75,000.00. Defendants' admit jurisdiction of this Court based on the federal question nature of the cause of action alleged by Plaintiff and this Court's exclusive jurisdiction over actions involving the U.S. Copyright Act. The remainder of this allegation is denied.

9. Defendants admit the cited case law, but deny applicability or liability therefrom.

10. Denied.

11. Admitted as to Defendant A4A RESEAU, INC., but denied as to Defendant MARC PARENT.

12. Defendants admit the cited case law, but deny applicability. Defendants also deny Plaintiff's characterization of the Adam4Adam website.

13. Defendant A4A RESEAU, INC. admits substantial and continuing business in this

*Bradley Legal Group, P.A.*, 15 Northeast 13th Avenue, Fort Lauderdale, FL 33301 (954) 523-6160

District.  The remainder of this allegation is denied.

14. Defendants are without knowledge of the allegations contained in this paragraph, and therefore, in an abundance of caution, deny same.

15. Denied.

### AS TO THE ALLEGATIONS CONCERNING THE STATEMENT OF FACTS

16. Defendants are without knowledge of the allegations contained in this paragraph, and therefore, in an abundance of caution, deny same.

17. Defendants are without knowledge of the allegations contained in this paragraph, and therefore, in an abundance of caution, deny same.

18. Defendants are without knowledge of the allegations contained in this paragraph, and therefore, in an abundance of caution, deny same.

19. Admitted.

20. Defendants admit that Defendant A4A RESEAU, INC. operates adam4adam.com, and that the services include a community social club, online/offline dating service and computer dating service via online personals. Except as so admitted, Defendants deny the remaining allegations.

21. Admitted.

22. Defendants admit that May 3, 2005 was the registration date for the mark ADAM4ADAM. Except as so admitted, Defendants deny the remaining allegations.

23. Defendants are without knowledge of the allegations contained in this paragraph, and therefore, in an abundance of caution, deny same.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

## AS TO THE ALLEGATIONS CONCERNING THE CAUSE OF ACTION
### (Copyright Infringment-17 U.S.C. Section 501)

28. Defendants incorporate by reference their responses to Paragraphs 1-27 of the Complaint.

29. Defendants admit that copyright infringement is based on strict liability. Except as so admitted, Defendants deny the remaining allegations and also deny that they are liable for any alleged copyright infringement.

30. Denied.

31. Denied.

32. Defendants are without knowledge of the allegations contained in this paragraph, and therefore, in an abundance of caution, deny same.

33. Denied.

34. Omitted by Plaintiff.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. All allegations or portions thereof not specifically admitted are hereby denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim for Relief)

46. Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

47. Plaintiff's claims are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE
### (Lack of Subject Matter Jurisdiction/Failure to Register)

48. Plaintiff's claims are barred for a lack of subject matter jurisdiction because it lacks valid copyright registrations for the intellectual property rights asserted, or has not properly or timely registered its works.

### FOURTH AFFIRMATIVE DEFENSE
### (Fair Use)

49. Plaintiff's claims are barred by the doctrine of fair use.

### FIFTH AFFIRMATIVE DEFENSE
### (Laches)

50. Plaintiff's claims are barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE
### (Estoppel)

51. Plaintiff's claims are barred by estoppel.

### SEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

52. Plaintiff's claims are barred by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE
### (Waiver)

53. Plaintiff's claims are barred by waiver.

*Bradley Legal Group, P.A.*, 15 Northeast 13th Avenue, Fort Lauderdale, FL 33301 (954) 523-6160

## NINTH AFFIRMATIVE DEFENSE
### (Invalidity or Unenforceability of Copyright)

54. Plaintiff's copyrights are invalid and/or unenforceable.

## TENTH AFFIRMATIVE DEFENSE
### (Authorized Use)

55. Plaintiff authorized, impliedly or explicitly, Defendants' allegedly infringing use of his works, and his claims are therefore barred by the doctrine of implied license.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

56. To the extent Plaintiff suffered any damages, which Defendants expressly deny, Plaintiff has failed to take the steps necessary to mitigate the damages sustained.

## TWELVETH AFFIRMATIVE DEFENSE
### (Misuse of Copyright)

57. Plaintiff's claims are barred by the doctrine of misuse of copyright.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Substantial Non-Infringing Use)

58. Plaintiff's claims are barred because Plaintiff cannot establish that Defendants' service is incapable of substantial non-infringing use.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (License, Consent, and Acquiescence)

59. Plaintiff's claims are barred by Plaintiff's license, consent, and/or acquiescence to Defendants' use.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Innocent Intent)

60. Plaintiff's claims are barred, in whole or in part, because Defendants' conduct was in good faith and with non-willful intent, at all times.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Lack of Volitional Act)

*Bradley Legal Group, P.A.*, 15 Northeast 13th Avenue, Fort Lauderdale, FL 33301 (954) 523-6160

61. Plaintiff's claims are barred because the alleged infringement was not caused by a volitional act attributable to Defendants.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Unconstitutionally Excessive Damages)

62. Plaintiff's claims are barred because statutory damages sought are unconstitutionally excessive and disproportionate to any actual damages that may have been sustained in violation of the Due Process clause.

### EITHEENTH AFFIRMATIVE DEFENSE
### (Failure to Join Indispensable Parties)

63. Plaintiff's claims are barred because Plaintiff has failed to join indispensable parties.

### ADDITIONAL DEFENSES

64. Defendants reserve the right to supplement or amend this answer, including through the addition of further affirmative defenses, based upon the course of discovery and proceedings in this action.

### PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that judgment is rendered in favor of the Defendants as to all causes of action set forth herein and Plaintiff be denied relief, Defendants be awarded costs and attorney's fees as prevailing party and any other relief the Court deems appropriate.

### CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was filed via ECF and furnished via email to Ursula C. Jackson, Esq., The Law Office of Ursula C. Jackson, PLLC, Attorneys for Plaintiff, 2525 Ponce De Leon Boulevard, Coral Gables, FL 33134, via Email:

uj.flavaworks@gmail.com, this 16th day of January, 2015.

**Bradley Legal Group, P.A.**

_____/s/_____
John F. Bradley, Esq.
Attorneys for Defendants
15 Northeast 13th Avenue
Fort Lauderdale, FL 33301
Tel: (954) 523-6160
Fax: (954) 523-6190
Email: jb@bradlegal.com