UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-CV-23208



FILED by PE D.C.

MAR 05 2015

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

## CLERK'S NOTICE OF FILING DEFICIENCY

The Clerk's Office has received the document(s) submitted in the above referenced case. The document(s) do not comply with the requirements of the Local Rules, CM/ECF Administrative Procedures, or the Federal Rules. The documents have been accepted for filing; however, please note the deficiencies noted below for future filings:

☐ Document(s) were filed conventionally that should have been filed electronically (CM/ECF Administrative Procedures).

☒ Document(s) missing required signature(s) (Fed.R.Civ.P. 11(a); Fed.R.Cr.P 49(d)).

☐ Translation not provided for documents written in foreign language (CM/ECF Administrative Procedures).

☐ Motion for Appearance Pro Hac Vice was not filed with the required fee of $_____ ($75.00 per attorney per case), pursuant to Special Rules Governing the Admission and Practice of Attorneys, Local Rule 4(b).

☐ Case was not filed with required filing fee of $_____ (civil cases:$350.00; memo cases: $46.00; habeas cases: $5.00) pursuant to 28 U.S.C. § 1914 (a), and the CM/ECF Administrative Procedures. *Summons(es) will not be issued until the filing fee is paid or an order granting the Application to Proceed In Forma Pauperis is entered.*

☐ Civil Cover Sheet not filed pursuant to Local Rule 3.3

Date: MAR 05 2015

STEVEN M. LARIMORE
Court Administrator • Clerk of Court

By: _____
Deputy Clerk

Revised January 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

```
FILED by TC D.C.
MAR 05 2015
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI
```

FLAVA WORKS, INC.,

    Plaintiff,

vs.

CASE NO.: 1:14-cv-23208-JAL

A4A RESEAU, INC.
A4A NETWORK, INC.
MARC PARENT

    Defendants.

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO SET ASIDE, REINSTATE ACTION AND ATTORNEY FEES

NOW COMES Plaintiff, Flava Works, Inc., by and through its attorney Matthew Zukowsky, and for its Opposition to Defendant's Motion to Set Aside, Reinstate and Attorney Fees, and states as following:

1. Plaintiff filed this Complaint on August 29, 2014 in the Southern District of Florida.
2. Defendant in this matter file its motion to dismiss on or about November 6, 2014, which was later terminated on January 21, 2015 due to the dismissal of this matter.
3. The witness for Plaintiff, after the filing of this complaint, moved to Illinois.
4. At all times relevant, Plaintiff conducted all the business operations in the State of Illinois.
5. After the witness for Plaintiff relocated to Illinois and the Plaintiff was unable to continue to have this case represented in the Southern District of Florida, Plaintiff contacted counsel for Defendant to determine whether or not counsel would stipulate to a change of venue from the Southern District of Florida to the Northern District of Illinois ("NDIL"). Counsel for Defendant replied in the negative.
6. Plaintiff then informed counsel for Defendant that it would dismiss its case in the Southern District of Florida and re-file in the Northern District of Illinois.
7. Counsel for Defendant just acknowledged receipt of the information.
8. After counsel was informed of Plaintiff's intention, he caused an Answer to be filed in this matter.
9. Plaintiff filed a notice to dismiss under Rule 41(a) with the court on January 20, 2015.
10. On January 21, 2015, Plaintiff re-filed its Complaint in the Northern District of Illinois.

11. Plaintiff later found out that Defendant, on that same day, filed a Declaratory Action in the Southern District of Florida, requesting the court to determine that the Defendants in the previously dismissed case did not in fact infringe on Plaintiff's copyrights.
12. Counsel knew that Plaintiff planned to dismiss the case and refile it in the NDIL before filing any subsequent documents after it previously filed Motion to Dismiss.
13. Counsel knew of Plaintiffs intention of re-filing its case in the NDIL before commencing its declaratory action.
14. Defendant is not a resident of Florida, but rather an international resident, with its residency in the province of Canada.
15. After Defendants learned of the NDIL case, it filed this instant motion on February 4, 2015.
16. Plaintiff now responds with its opposition to Defendants motions.

## Memorandum of Law in Opposition to Defendant's Motion

## Motion to Set Aside and Reinstate Action

Defendants wished to set aside the voluntary dismissal because they did not have a voice in whether or not the dismissal will be with or without prejudice. Pursuant to Rule 41(1)(A)(i), the plaintiff, without court order, may dismiss and action by filing a notice of dismissal before the opposing party serves either an answer or motion for summary judgment. Furthermore, the dismissal with be without prejudice unless otherwise stated. Rule 41(1)(B). Furthermore, a Plaintiff has an absolute right to voluntary dismiss a case without prejudice once by serving a notice of dismissal on the other party anytime before a hearing on summary judgment. Fla. R. Civ. P. 1.420(a)(1); see also *Pino v. Bank of N.Y.*, 121 So. 3d 23 (Fla. 2013).

When a Plaintiff exercises its right under Fla. R. Civ. P. 1.420(a)(1), this acts divests the court of all its jurisdiction to enter and subsequent orders on the properly dismissed case and precludes revival of the original action. See *Pino*, 121 So. 3d 23 (Fla. 2013).

Plaintiff in the instant case exercised its right under the above statutes and cases. There has been no hearing on any issue in this case. This case has only been in the court for a period of less than six months, where there has not been a substantial amount of litigation. The law allows Plaintiff to decide if it wishes to continue to pursue a matter. Plaintiff has decided to no longer pursue this matter in this district due to extenuating circumstances. Plaintiff has informed Defendant of this decision. Under Rule 41(a)(1), Plaintiff is not required to show cause for dismissal.

Therefore, the voluntary dismissal should stand in this matter.

## Recovery of Attorney Fees under 41(d)

Fees should not be assessed in this matter. The purpose of Rule 41(d) is to deter forum shopping and vexatious litigation. *Simeone v. First Bank Nat. Ass'n*, 971 F.2d 103, 108 (8th Cir. 1992). Many courts have ruled that the plaint language of Rule 41(d) does not include attorney fees. *Rogers v. Walmart Stores, Inc.*, 230 F.3d 868, 874-75 (6th Cir. 2000); *Lawson v. Toney*, 169 F. Supp. 2d 456, 466 (M.D.N.C. 2001). Other courts have ruled that costs should only be awarded for work done in the previously dismissed case that is rendered useless in the subsequent case. *Carolina Cas. Ins. Co. v. Bogin, Munns & Munns, P.A.*, 2008 U.S. Dist. LEXIS 50900 at 7 -8 (M.D. Fla. June 13, 2008); *Copeland v. Hussmann Corp.*, 462 F. Supp. 2d 1012 (E.D. Mo. 2006); see also *Esquivel v. Arau*, 913 F. Supp. 1382, 1388 (C.D. Cal. 1996) (holding that the only attorney fees' that should be awarded are those rendered useless by the dismissed case). Rule 41(d) purpose is not to make the Plaintiff pay for the Defendant's attorney fees for defending against a case. *Id.* If the work incurred in the previously dismissed case is still useful to the defense for the case, then it is not frivolous work. *Id.*

Furthermore, courts have found that in statutes that awards costs to parties in cases, those "costs" does not allow for attorney fees since Congress has not explicitly express so. *Anders v. FPA Corp.*, 164 F.R.D. 383, 388, (1995, DC NJ). It has been a rare occurrence in the American legal system that the issue of attorney fees have been left to the court's discretion. See *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240 (1975) (stating that the general rule of attorney fees are that they are not awarded unless Congress explicitly states they are recoverable). See also *State Dept. of Environ. Protect. v. Ventron Corp.*, 94 N.J. 473, 504, 468 A.2d 150 (1983).

Still further, some courts have only awarded attorney fees if the underlying statute allow for them. *Marek v. Chesney*, 473 U.S. 1 (1985). Pursuant to 17 U.S. Code § 505, under the Copyright Law, "the court in its discretion may allow the recovery of full costs or against any party…. Except as otherwise provided by this title, the court *may also award a reasonable attorney's fee* to the prevailing party as part of the costs." In the instant matter there is no prevailing party. By the language of this statute, costs and attorney fees are viewed as separate recoveries. By the very nature of the language, it shows that Congress intended for costs not to include attorney fees under 41(d). Other courts have allowed for attorney fees if benefit was afforded upon the moving party. Upon filing for the dismissal in the instant case, Plaintiff was not afforded and benefit as a result of the filed case. E.g. *Coppola v. Federated Nat'l Ins. Co.*, 939 So. 2d 1171, 1173-74 (Fla. 4th DCA 2006) (quoting *Unterlack v. Westport Ins. Co.*, 901 So. 2d 387, 389 (Fla. 4th DCA 2005)).

Plaintiff in this matter did not bring the previously dismissed case in bad faith, which some other courts have found as a basis for awarding attorney fees. *Steinert v. Winn Group*, Inc., 2000 WL 1466178

at 2 (D. Kans. August 2, 2000); see also *Freymillar v. CMS Transp. Servs.*, Inc., 1998 WL 769846, at 2 (10th Cir. October 29, 1998) (where the court state that the underlying basis for fee-shifting is punitive and "bad-faith" is an essential element").

Plaintiff in the instant matter did not bring the case in bad faith. Plaintiff brought a prima facie case for infringement against Defendants. Plaintiffs stated that jurisdiction lies within this district and the Northern District of Illinois. Since this litigation is based on a federal question, and both districts essential handles matters of these nature the similar. Plaintiff did not dismiss this case in hope of receiving a more favorable result. Furthermore, this matter has not had any substantial action taken. This matter has only been in litigated since August of 2014. Plaintiffs and Defendants have not proceeded to a discovery phrase. Until just recently, Defendant have not filed an Answer in the matter. There has not been much work done in this matter. Plaintiff have not filed their dismissal in hope of avoiding some adverse action or to cause prejudice on the Defendants. Any amount of work done in this matter is not rendered useless since it is still relevant in Defendants' defense of this matter. As this court is aware, Plaintiff has filed its case in the Northern District of Illinois since it is the most convenient forum for Plaintiff. The matter filed in the NDIL asserts several allegations, including but limited to the allegations as in the case that was filed in this district. Plaintiff assumes that any amount of work done in the instant case can also be used in the NDIL case. Furthermore, counsel for the Defendants in the instant case have filed its appearance in the NDIL matter as well, displaying that the previous representation of Defendants will continue to the matter now lying in the NDIL. Therefore, due to the foregoing reasons, Defendant's motion for attorney fees should not be accessed in the matter.

WHEREFORE, Plaintiff requests that this Honorable Court enters an Order

A. Denying the Defendants motions in its entirety; and
B. Any other relief this court deems just and proper.

Respectfully Submitted,

s/ Matthew H. Zukowsky
Matthew H. Zukowsky, Esq.
Florida Bar No. 0112311
19560 Havensway Court

Boca Raton, Florida 33498

561-445-9471

matthew.zukowsky@gmail.com