UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:13-CV-23208-JAL

**FLAVA WORKS, INC.**

**Plaintiff,**
vs.

**A4A RESEAU, INC.**
**A4A NETWORK, INC.**
**MARC PARENT**

**Defendants**
_____/

**PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE TO
DEFENDANT'S  MOTION TO DETERMINE
REASONABLENESS OF ATTORNEY'S FEES AWARDED TO DEFENDANTS**

Comes now, Flava Works, Inc. ("Plaintiff"), by and through its general counsel, Matthew Zukowsky, and hereby files Plaintiff's Motion and Incorporated Memorandum of law in Response to Defendant's Motion to Determine Reasonableness of Attorney's Fees Awarded Defendants, attached herewith pursuant to Rule 7.1 (C), Local Rules for the United States District Court for the Southern District of Florida.

### I.   INTRODUCTION

Plaintiff Flava Works, Inc. filed a copyright infringement case against A4A Reseau, Inc., A4A Network, Inc. and its owner Marc Parent in Southern District of Florida on August 29, 2014 after negotiations to settle the copyright infringements failed.  (See Clerk's Docket "Exhibit A").  Plaintiff filed a voluntary dismissal of this action on January 20, 2015 due to its change of venue and Defendants are now seeking attorneys fees in this action, citing Rule 41(d) as its justification for attorneys fees in this dismissed case. While Rule 41(d) is designed to compensate Defendants for expenses incurred in

defending the same case twice, it was not intended to encourage double billing and excessive billing by Defendants. Plaintiff objects to Defendants excessive billing in this lawsuit for items that represented only brief preliminary pleadings.

## II.  FACTUAL BACKGROUND

Plaintiff Flava Works, Inc. filed a copyright infringements case against A4A Reseau, Inc., A4A Network, Inc. and its owner Marc Parent in Southern District of Florida on August 29, 2014 after negotiations to settle the copyright infringements failed. (See Clerk's Docket "Exhibit A"). After losing several Florida attorneys acting on our behalf in this Florida lawsuit, Flava Works' Illinois Counsel, Juneitha Shambee, Esq. asked local Defendants' Counsel, John Bradley on January 14, 2015 prior to the Martin Luther King Day holiday weekend to change the venue of the lawsuit to Illinois. (See Affidavit "B" from Juneitha Shambee, Esq.). After the denial of our request for consent to change venues, our Illinois Counsel informed Defendant's Counsel on January 14, 2015 that we would be voluntarily dismissing the Florida lawsuit due to our inability to find suitable substitute counsel to continue the Florida lawsuit. Thereafter, as seen by the docket for this lawsuit in Exhibit "A", Mr. Bradley nonetheless filed Defendants' Answer and Affirmative Defenses to Complaint on January 16, 2015 and racked up a substantial billing after our verbal notice to dismiss the case. Defendants filed only pleading prior to Plaintiff's notice of its intention to dismiss the complaint and three pleadings after, including Defendants' Answer and Affirmative Defenses (filed right before dismissal, and Defendants Motion to Set Aside Dismissal, to Reinstate Action to Consolidate Actions and Award Attorneys Fees and Defendants' Motion to Determine Reasonableness of Attorney's Fees Awarded to Defendants ("Motion for Attorneys' Fees") (filed after the case was dismissed). Defendant's Motion for Attorneys Fees attached hereto as Exhibit "C" contains Document 39B, an Affidavit from Defendants' Counsel, John Bradley. Defendants' counsel egregiously and unreasonably seeks $43,566.75 in attorney's fees for

billings that resulted after the U.S. Southern District of Florida's Order of Dismissal on this lawsuit on January 21, 2015. Plaintiff Flava Works, Inc. objects to these egregious and unreasonable attorneys fees and requests that this Honorable Court reduce the billing to a more reasonable assessment of attorney's costs. Furthermore, while Defendants filed a Certification alleging that they filed and served their Motion for Attorneys Fees on March 16, 2015, Plaintiff's local Florida counsel, Matthew Zukowsky, Esq., in his Affidavit labeled Exhibit "D," admits to receiving service by CM/ECF's automated e-mail notification system and U.S. Mail, but denies having received service *by e-mail*. Furthermore, Plaintiff's Illinois Counsel, Juneitha Shambee, Esq., in her Affidavit labeled Exhibit "B" respectively denies that she received a copy of this pleading on March 16, 2015, but report receiving this pleading on March 20, 2015.

### III.   ARGUMENT

**(A)  THE COURT SHOULD DISALLOW ATTORNEYS FEES**

   1) Fees should not be assessed in this matter. The purpose of Rule 41(d) is to deter forum shopping and vexatious litigation. *Simeone v. First Bank Nat. Ass'n*, 971 F.2d 103, 108 (8th Cir. 1992). Many courts have ruled that the plain language of Rule 41(d) does not include attorney fees. *Rogers v. Walmart Stores, Inc.*, 230 F.3d 868, 874-75 (6th Cir. 2000); *Lawson v. Toney*, 169 F. Supp. 2d 456, 466 (M.D.N.C. 2001). Other courts have ruled that costs should only be awarded for work done in the previously dismissed case that is rendered useless in the subsequent case. *Carolina Cas. Ins. Co. v. Bogin, Munns & Munns, P.A.*, 2008 U.S. Dist. LEXIS 50900 at 7 -8 (M.D. Fla. June 13, 2008); *Copeland v. Hussmann Corp.,* 462 F. Supp. 2d 1012 (E.D. Mo. 2006); see also *Esquivel v. Arau*, 913 F. Supp. 1382, 1388 (C.D. Cal. 1996) (holding that the only attorney fees' that should be awarded are those rendered useless by the dismissed case). Rule 41(d) purpose is not to make the Plaintiff pay for the Defendant's attorney fees for defending against a case. *Id*. If the work incurred in the previously dismissed case is still useful to the defense for the case, then it is not frivolous work. *Id*.

2) Furthermore, courts have found that in statutes that award costs to parties in cases, those "costs" do not allow for attorney fees since Congress has not explicitly expressed so. *Anders v. FPA Corp.*, 164 F.R.D. 383, 388, (1995, DC NJ). It has been a rare occurrence in the American legal system that the issue of attorney's fees has been left to the court's discretion. See *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240 (1975) (stating that the general rule of attorney fees are that they are not awarded unless Congress explicitly states they are recoverable). See also *State Dept. of Environ. Protect. v. Ventron Corp.,* 94 N.J. 473, 504, 468 A.2d 150 (1983).

3) Still further, some courts have only awarded attorney's fees if the underlying statute allows for them. *Marek v. Chesney*, 473 U.S. 1 (1985). Pursuant to 17 U.S. Code § 505, under the Copyright Law, "the court in its discretion may allow the recovery of full costs or against any party…. Except as otherwise provided by this title, the court *may also award a reasonable attorney's fee* to the **prevailing party** as part of the costs." In the instant matter there is no prevailing party. By the language of this statute, costs and attorney fees are viewed as separate recoveries. By the very nature of the language, it shows that Congress intended for costs not to include attorney fees under 41(d). Other courts have allowed for attorney's fees if benefit was afforded upon the moving party. Upon filing for the dismissal in the instant case, Plaintiff was not afforded the benefit of a properly filed and served case. e.g. *Coppola v. Federated Nat'l Ins. Co.*, 939 So. 2d 1171, 1173-74 (Fla. 4th DCA 2006) (quoting *Unterlack v. Westport Ins. Co.*, *901 So. 2d 387, 389 (Fla. 4th DCA 2005).*

4) Plaintiff in this matter did not bring the previously dismissed case in bad faith, which some other courts have found as a basis for awarding attorney fees. *Steinert v. Winn Group*, Inc., 2000 WL 1466178 at 2 (D. Kans. August 2, 2000); see also *Freymillar v. CMS Transp. Servs*., Inc., 1998 WL 769846, at 2 (10th Cir. October 29, 1998) (where the court states that the underlying basis for fee-shifting is punitive and "bad-faith" is an essential element").

5) Plaintiff did not dismiss this case in hope of receiving a more favorable result and therefore its

dismissal of the case in the U.S. Southern District of Florida was not done in bad faith. Plaintiff has not filed their dismissal in hope of avoiding some adverse action or to cause prejudice on the Defendants. As shown in Exhibit "D", Plaintiff's principal, Phillip Bleicher, resides in Illinois and this is a more convenient forum for Plaintiff. Moreover, this case just commenced in the US Southern District of Florida in August 2014 and there has been insufficient history in this case to substantiate any adverse rulings that would bolster Defendant's cry of foul.

6) Plaintiff brought a prima facie case for infringement against Defendants in a federal question matter for which jurisdiction is equally proper in Illinois and Florida due to the company having offices in both states. This matter may be essentially handled in both jurisdictions. The Plaintiff has filed its case in the Northern District of Illinois ("NDIL") since it is the most convenient forum for Plaintiff. Not only does the Plaintiff's principal have his permanent residence there, but Plaintiff has been unable to retain long-term counsel to handle its case locally. As Defendant noted in its Motion for Attorneys fees (Exhibit "C"), we had several attorneys handling this case over a short span of time. Plaintiff has long-term, competent counsel in Illinois and merely wished to continue this case with the benefit of our counsel there.

7) Furthermore, this matter has not had any substantial action taken. Until just recently, Defendant had not filed an Answer in the matter and Defendants were not prejudiced by the shift in venue. Any amount of work done in this matter is not rendered useless since it is still relevant in Defendants' defense of this matter in an alternate forum. The matter filed in the NDIL asserts several allegations, including but not limited to the allegations that were filed in the Southern District of Florida. Plaintiff assumes that any amount of work done in the instant case can also be used in the NDIL case. Furthermore, counsel for the Defendants in the instant case have filed its appearance in the NDIL matter as well, displaying that the previous representation of Defendants will continue to the matter now lying in the NDIL. Therefore, due to the foregoing reasons, Defendant's motion for attorney fees should not be assessed in this

jurisdiction.

## (B)  IN ALTERNATIVE, DEFENDANTS UNREASONABLE ATTORNEYS FEES SHOULD BE SUBSTANTIALLY REDUCED

8)  In the alternative, if this Court finds that Attorneys fees are warranted, Plaintiff requests that these fees be substantially reduced in keeping with the reasonableness standard of Local Rule 7.3 and the common law "*lodestar* approach" to determining attorneys fees.

9)  In accordance with S.D. Fla. Local R. 7.3, attorneys are required to provide adequate documentation to support their attorneys billings.  When seeking attorneys fees, fee applicants submit appropriate documentation to meet "the burden of establishing entitlement to an award" *Fox v. Vice, 131 S. Ct. 2205, 2216 (2011)* (quoting Hensley, 461 U.S. at 437).  In calculating a reasonable attorney's fee award, the court must consider the number of hours reasonably expended on this litigation, together with the customary fee charged in this community for similar legal services. See *Hensley v. Eckerhart, 461 U.S. 424, 103 S. Ct. 1933 (1983); Loranger v. Stierheim, 10 F.3d 776 (11 Cir. 1994)*.  According to this "lodestar" approach, the court may determine the amount of hours reasonably expended by counsel and exclude "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *ACLU of Ga. v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999)* (quoting Norman, 836 F.2d at 1301).  See also, *Blum v. Stenson, 465 U.S. 886, 888, 104 S. Ct. 1541, 1544 (1984)*.

10) In determining the prevailing market rates, the Court should consider several factors including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion from other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory, 923 F. Supp. at 1555 (citing Dillard v. City of Elba, 863 F. Supp. 1550, 1552 (M.D. Ala. 1993)*. As

required by Rule 41(d), just as client's require an itemized billing with times spent for tasks and parallel amounts, so should the fee schedule included in the application for attorneys fees. In the instant case, Defense counsel's documentation in Document 39B of Exhibit "C" attached hereto does not include a line by line itemization of parallel time spent and fees charged for each task accomplished by each billed attorney's office. It therefore does not adequately document the attorneys fees and costs.

11) According to case law, if there is inadequate documentation or if the court finds a claim for hours to be "excessive or unnecessary," the court may reduce the number of hours for which fees will be awarded. *Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1150 (Fla. 1985)*; see also *Loper v. New York City Police Dep't, 853 F. Supp. 716, 721 (S.D.N.Y. 1994)* ("where adequate contemporaneous 5 Case 1:12-cv-24239-JJO Document 228 Entered on FLSD Docket 01/23/15 13:53:30 Page 5 of 6 records have not been kept, the court should not award the full amount requested").

12) As shown in Exhibit "C" Defendants Motion for Attorneys Fees, Defendant seeks $43,566.75 in attorney's fees, including paralegal fees, fees for four attorneys, including only two local counsel and two non domestic counsel from California and Canada essentially for discussions and/or preparation of a mere three substantive pleadings.As seen by Composite Exhibit "D", Defendants' three substantive pleadings comprise twenty (20) written pages excluding exhibits,  yet bill a total of $43,566.75 for this sparse defense. Moreover, *only one* of these three substantive pleadings was filed prior to Plaintiff's verbal notification of its intention to voluntarily dismiss the case.  Defendant's Answer and Affirmative Defenses and its confusing Defendants Motion to Set Aside Dismissal, to Reinstate Action to Consolidate Actions and Award Attorneys Fees were clearly unnecessary, particularly in view of the verbal agreement between the respective attorneys to move venue to Illinois. The later pleading in and of itself is a Motion for Attorney's fees stated in a contradictory manner and is duplicative of the Motion for Attorney's fees allegedly properly filed by Defendants on March 16, 2015. Defendants billing appears to be to inflate attorney's fees in bad faith and against the spirit of the *lodestar* approach and Rule 41(d).

13) Furthermore, a substantial 20.4 hours of Defense Counsel's attorney's fees were charged by Diane Bellavance, a foreign Canadian attorney not licensed to practice law in the United States. While the American Bar Association Rule 5.5(d) allows "foreign lawyers" to practice under licensed American attorneys, the foreign attorney may only provide services which "are not services for which the forum requires pro hac vice admission" and "when performed by a foreign lawyer and requires advice on the law of this or another jurisdiction or of the United States." Rule 4 of the United States District Court for the Southern District mimics the ABA rule, notwithstanding the fact that Ms. Bellavance is an ABA member, she is not licensed to practice law in the United States. The fees associated with this foreign attorney constitute unauthorized practice of law and should therefore be stricken and deleted from Defendants' attorney's fees billing.

14) For the foregoing reasons stated in Paragraphs 5 to 10 herein, Plaintiff believes that Defendants' attorneys fees are unreasonable, unnecessary, inadequately documented and do not meet the *lodestar* standard for reasonableness of attorneys fees. Plaintiff therefore respectfully requests that this Court to reduce the amount of attorneys fees to approximately half the amount requested by Defendants or to another more reasonable amount in the Court's discretion.

**(C)  DEFENDANTS' CERTIFICATION ON MOTION FOR ATTORNEY'S FEES FALSELY FILED**

15) Furthermore, Defendants allege that they filed and served Plaintiff's counsel copies of the Motion for Attorney's Fees on March 16, 2015, but Plaintiff's local Florida counsel, Matthew Zukowsky, Esq. and Illinois Counsel, Juneitha Shambee, Esq. deny that they received copies of this pleading on March 16, 2015 *by e-mail*. (See Exhibits "B" and "D" attached hereto). Plaintiff's local counsel received the pleading by U.S. Mail and through CM/ECF's automated notification system, while Plaintiff's Illinois Counsel received the pleading only by U.S. Mail.

16) This fraudulent certification underlines defense counsel's proclivity to misstate the facts and file erroneous pleadings.

## CONCLUSION

For the foregoing reasons alleged and asserted in Paragraphs 1 through 16, Plaintiff respectfully seeks an Order from the U.S. District Court Southern District of Florida reducing the amount of Defendant's Attorneys Fees by half or by another reasonable amount and striking those portions of the Attorneys Fees which are not adequately documented and unreasonably excessive.

Respectfully Submitted,

/s/  Matthew Zukowsky
**Matthew H. Zukowsky, Esq.**
General Counsel for Plaintiff, Flava Works, Inc.
4770 Biscayne Blvd., Ste. 700
Miami, FL 33137
Email: Matthew.zukowsky@gmail.com
Telephone: 561-445-9471
FLA. BAR# 0112311

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of the Court on April 7, 2015 by using the CM/ECF system and furnished by e-mail to Bradley Legal Group, P.A. care of the following address:

**Bradley Legal Group, P.A.**

_____/s/_____
John F. Bradley, Esq.
Attorneys for Defendants
15 Northeast 13th Avenue
Fort Lauderdale, FL 33301
Tel: (954) 523-6160
Fax: (954) 523-6190
Email: jb@bradlegal.com

                                     **Matthew Zukowsky, Esq.**
                                     General   Counsel,   Flava   Works,   Inc.
                                     ___/s/_____
                                     Matthew Zukowsky, Esq.
                                     FLA. BAR# 0112311