UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FLAVA WORKS, INC.,                                       CASE NO. 1:14-cv-23208-JAL

      Plaintiff,

vs.

A4A RESEAU, INC.,
A4A NETWORK, INC., and
MARC PARENT,

      Defendants.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSTION TO DEFENDANTS' MOTION
TO COMPEL PLAINTIFF/JUDGMENT DEBTOR TO COMPLETE
FLA. R. CIV. P. FORM 1.977 – FACT INFORMATION SHEET**

      Plaintiff, FLAVA WORKS, INC. (hereinafter, "**Plaintiff**"), by and through undersigned counsel, pursuant to S.D.Fla.L.R. 7.1(c) and this Court's Order dated June 23, 2015, hereby files its Response in Opposition to Defendants, A4A RESEAU, INC., A4A NETWORK, INC. and MARC PARENT's (collectively, the "**Defendants**") Motion to Compel Plaintiff/Judgment Debtor to Complete Fla.R.Civ.P. Form 1.977 Fact Information Sheet [D.E. 51], and in support thereof states as follows:

**BACKGROUND**

      1.    On or about August 29, 2014, Plaintiff filed the instant copyright infringement action, pursuant to the Copyright Act, 17 U.S.C. § 101, *et seq*., against Defendants in the above-styled cause (the "**Complaint**") [D.E. 1].

      2.    On January 16, 2015, subsequent to filing a Motion to Dismiss [D.E. 11], Defendants filed their Answer and Affirmative Defenses to Plaintiff's Complaint [D.E. 20].

3. On January 20, 2015, Plaintiff filed a Notice of Voluntary Dismissal without prejudice [D.E. 22], and on January 21, 2015, the Court entered an Order Dismissing Case without Prejudice (the "**Order of Dismissal**") [D.E. 23].

4. On January 21, 2015, Plaintiff commenced a copyright infringement action, pursuant to 17 U.S.C. § 101, *et seq.*, against Defendants in the United States District Court of the Northern District of Illinois (Case No. 1:15-cv-21592-KMM), alleging similar and additional copyright infringements (the "**Second Action**").

5. On January 21, 2015, the same day the Second Action was filed, Defendants commenced a declaratory action against Plaintiff in the Southern District of Florida (Case No. 1:15-cv-20245-MGC) seeking certain equitable relief pursuant to 17 U.S.C. § 501, *et seq*. and 28 U.S.C. §§ 2201 and 2202 related to or concerning the allegations raised by Plaintiff in the instant cause and Second Action (the "**Declaratory Action**").

6. On February 4, 2015, following the Order of Dismissal, Defendants filed a Motion to Set Aside Dismissal, Reinstate Action, Consolidate Actions, and Award Attorneys' Fees (the "**Motion for Attorneys' Fees**") [D.E. 24].

7. On February 24, 2015, Plaintiff filed a *pro-se* Motion for Extension of Time to File Response to Defendants' Motion for Attorneys' Fees [D.E. 25] which was stricken by the Court on February 25, 2015 (the "**Order Striking Response**") [D.E. 26].

8. Pursuant to the Order Striking Response, Plaintiff had "<u>until and including</u> March 4, 2015 to hire counsel and respond to Defendants' [Motion for Attorneys' Fees]" or show cause as to why attorneys' fees should not be awarded to Defendants pursuant to Fed.R.Civ.P. 41(d)(1) [D.E. 26] (emphasis added).

9.  On March 4, 2015, Plaintiff prematurely filed a Notice of Non-Compliance with the Order Striking Response (the "**Notice of Non-Compliance**") [D.E. 27].

10. On March 5, 2015, the Court entered an Order Granting In Part Defendants' Motion for Attorneys' Fees as to Defendants' request for attorneys' fees only (the "**Order Granting Motion for Fees**") [D.E. 28].

11. On March 6, 2015, Plaintiff, after finally obtaining local counsel, filed a series of motions, seeking, among other things, vacatur and/or reconsideration of the Order Granting Motion for Fees [D.E. 29, 31, 33[, which the Court denied the same day [D.E. 36].

12. On Mach 16, 2015, Defendants filed their Motion to Determine Reasonableness of Attorney's Fees pursuant to the Order Granting Motion for Fees (the "**Motion to Determine Reasonableness of Fees**") [D.E. 39], which was granted by the Court on April 7, 2015 (the "**Order Awarding Fees**") [D.E. 46].[1]

13. On June 10, 2015, without motion by the Defendants or order of the Court granting its issuance, the Clerk issued a Writ of Execution on the Order Awarding Fees (the "**Writ of Execution**") [D.E. 50].

14. On June 19, 2015, Defendants filed a Motion to Compel Plaintiff/Judgment Debtor to Complete Fla.R.Civ.P. Form 1.977 Fact Information Sheet (the "**Motion to Compel**") [D.E. 51], which the Court directed Plaintiff to file a response to by July 6, 2015 [D.E. 54].

---

[1] Plaintiff's previously filed Memorandum of Law in Response to Defendants' Motion to Determine Reasonableness of Fees [D.E. 42] was denied by the Court for failure to follow this Court's formatting guidelines set forth in the Order dated January 16, 2015 [D.E. 21], and Plaintiff's subsequently filed Memorandum of Law in Response to Defendants' Motion [D.E. 45] was untimely pursuant to S.D.Fla.L.R. 7.1(c) and therefore not considered by the Court in the Order Awarding Fees.

## ARGUMENT

Form 1.977 Fact Information Sheet is a form provided by the Florida Rules of Civil Procedure, not the Federal Rules. A Form 1.977 can only be issued by court order. *See* Fla.R.Civ.P. 1.560(b). Although Fed.R.Civ.P. 69(a) provides that proceedings in aid of execution "must accord with the procedure of the state where the court is located," the rule does not specifically state that forms available for use in Florida state court proceedings must be allowed in federal court. Plaintiff submits that Defendants should not be afforded the use of a state court form in aid of execution in lieu of other available forms of discovery (e.g., request for admissions, request for production, depositions) that are fully provided for under the Federal and Florida Rules of Civil Procedure.

The form attached to Defendants' Motion to Compel does not request information in sequentially numbered requests, and it both requires information to be inserted in blanks on the form, and also requires the production of documents. It combines different forms of discovery, and it does not lend itself to a separate response with the opportunity for Plaintiff to make objections.

Further, Form 1.977, as a form of discovery in aid of execution, should not be used for any other purpose and the information responsive to Form 1.977 should be limited to the scope of the Writ of Execution. By its express terms, the Writ of Execution is limited to "the goods and chattels, lands and tenements" in the district of the U.S. Marshal to which the Writ is directed. Here, that is the Southern District of Florida.

Plaintiff, as an Illinois corporation, no longer does business in the State of Florida and holds no property or assets, tangible or otherwise, in this State. This Court can only order execution on property or assets located within this District, and therefore the information

responsive to the Writ should be limited to such property of Plaintiff located in the Southern District of Florida only. Since the sole purpose of Form 1.977 is discovery in aid of execution, then only property subject to levy should have to be disclosed.

Under the Florida Rules of Civil Procedure, the process to enforce a money judgment is "by execution, writ of garnishment, or other appropriate process or proceedings." Fla.R.Civ.P. 1.570(a). Thus, a writ of execution would be consistent with Florida state practice for enforcing judgments; however, Plaintiffs never moved the Court for issuance of the Writ of Execution consistent with Rules 69(a) and 1.560(b), but rather submitted same to the Clerk for entry without giving Plaintiff an opportunity to respond or object.

Fla.R.Civ.P. 1.560 provides that Form 1.977, including all required attachments, shall be completed "within 45 days of the order *or such other reasonable time as determined by the court*." (emphasis added). As litigation is still pending and ongoing between the parties in both the Section Action and Declaratory Action on issues immediately and directly relevant to the instant cause, and Plaintiff intends to move for reconsideration of the amount of fees awarded to Defendants in the Order Awarding Fees, the Court should stay all discovery in aid of execution until such time as the Actions (and all pending motions) are fully resolved and/or disposed of.[2]

Accordingly, Plaintiff respectfully submits that this Court should not require Plaintiff to complete Form 1.977, and should instead limit Defendants to the types of discovery mechanisms allowed by the Federal Rules of Civil Procedure, or, in the alternative, the Court should stay all discovery in aid of execution until the pending Actions are disposed of.

**WHEREFORE,** for the reasons more particularly set forth herein, Plaintiff respectfully requests the Court enter an Order: (i) denying Defendants' Motion to Compel or (ii) limiting its

---

[2] A Motion to Reconsider the Order Granting Motion for Fees and Order Awarding Fees will be forthcoming and filed on or before July 7, 2015.

5

scope; (iii) or in, the alternative, staying all discovery in aid of execution pending disposition of the Second Action and Declaratory Action; and (iv) for such other and further relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished upon Defendants electronically via the Court's CM/ECF system on June 5, 2015

/s/ Matthew H. Zukowsky
Attorney for Plaintiff


Matthew H. Zukowsky, P.A.
4770 Biscayne Blvd., Ste. 700
Miami, FL 33137
(561) 445-9471
Attorney No. 0112311
.