UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-23208-CIV-LENARD/GOODMAN

FLAVA WORKS, INC.,

    Plaintiff,

vs.

A4A RESEAU, INC.,
A4A NETWORK, INC., and
MARC PARENT,

    Defendants.
_____/

### DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL PLAINTIFF/JUDGMENT DEBTOR TO COMPLETE FLA. R. CIV. P. FORM 1.977 – FACT INFORMATION SHEET

    Defendants/Judgment Creditors, A4A RESEAU, INC., a foreign corporation, A4A NETWORK, INC., a foreign corporation, and MARC PARENT, a foreign individual (collectively, the "Judgment Creditors"), by and through the undersigned counsel, and pursuant to Fed. R. Civ. P. 69(a) and Fla. R. Civ. P. 1.560(b), hereby file this Reply in Support of Their Motion to Compel Plaintiff/Judgment Debtor to Complete Fla. R. Civ. P. Form 1.977 – Fact Information Sheet [DE-51], and in support thereof, state:

    1.    Plaintiff's Response purports to falsely claim that "[Defendants] prematurely filed a Notice of Non-Compliance," while said notice was clearly filed on March 5, 2015 [DE-27].

    2.    The Response falsely alleges that Plaintiff is an Illinois corporation, while the Plaintiff entity was incorporated in Florida. *See* Complaint [DE-1] at ¶ 3.

    3.    Plaintiff has failed to file a Motion to Reconsider the Order Granting Motion for Fees and Order Awarding Fees by July 7, 2015, as it claimed to do in its Response.

4. Plaintiff's Response in Opposition to Defendants' Motion to Compel Fact Information Sheet [DE-56] ("Response") exceeds the page limitation imposed by this Court in this Court's Order [DE-52].

5. Nonetheless, Defendants were granted a Writ of Execution to enforce the fee award previously entered by the Court upon application to the Clerk in due course under the Federal Rules of Civil Procedure. Under Fed. R. Civ. P. 69, "a money judgment is enforced by a writ of execution, unless the court directs otherwise", and under Rule 70(d), "the clerk must issue a writ of execution or assistance" for "a party who obtains a judgment or order for possession." Fed. R. Civ. P. 69, 70.

6. Form 1.977 is a standard form commonly utilized in post-judgment proceedings in this District. *Whitwam v. Jetcard Plus, Inc.*, 304 F.R.D. 664, 666 (S.D. Fla. 2015) ("Florida Form 1.977—part of the Florida Rules of Civil Procedure made applicable to these proceedings by Rule 69—specifically requires a judgment debtor to provide three years of tax returns and three years of bank account statements.")

7. In *Tracfone Wireless, Inc. v. Holden Property Services, LLC*, 2015 WL 2182780 (S.D. Fla. May 8, 2015), Chief Judge Moore ordered that defendants furnish plaintiff with the information called for pursuant to Fla. R. Civ. P. Form 1.977 because the Court found it appropriate that defendants "comply with this Florida state procedural rule governing post-judgment remedies because "Rule 69(a)(2) provides that discovery from a judgment debtor may be obtained 'as provided in these rules or by the procedure of the state where the court is located.'"

8. As Judge Ryskamp pointed out in *STG Secure Trading Group, Inc. v. Solaris Opportunity Fund, LP*, 2007 WL 3131335 (S.D. Fla. Oct. 24, 2007), a "judgment creditor should

be allowed broad discovery into the debtor's finances, pursuant to section 56.29(4), Fla. Stat.... and Fla.R.Civ.P. 1.280, this even if the discovery concerns property jointly owned with others." (citing *Jim Appley's Tru-Arc, Inc. v. Liquid Extraction Systems, L.P.,* 526 So.2d 177, 179 (Fla. 2d DCA 1988), and *Goodfriend v. Druck,* 321 So.2d 120, 121 (Fla. 4th DCA 1975)).

9. As Judgment Creditors currently hold a judgment against Plaintiff in the amount of $28,060.57 [DE-46], the relief sought in their Motion is [DE-51] is appropriate.

WHEREFORE, Judgment Creditors respectfully request that this Court grant their Motion by compelling Plaintiff/Judgment Debtor FLAVA WORKS, INC. to complete under oath Fla. R. Civ. P. Form 1.977, including all required attachments, and grant Judgment Credits any other relief it deems just and proper under the circumstances.

Dated: July 14, 2015.                                              Respectfully submitted,

**BRADLEY LEGAL GROUP, P.A.**
*Counsel for Defendants*
15 Northeast 13th Avenue
Fort Lauderdale, Fl 33301
Tel: (954) 523-6160
Fax: (954) 523-6190

By:    /s/ John F. Bradley
       John F. Bradley, Esq.
       Fla. Bar No. 0779910
       jb@bradlegal.com

## CERTIFICATE OF SERVICE
## OF ELECTRONIC FILING GENERATED BY CM/ECF

I HEREBY CERTIFY that on this 14th day of July, 2015, I electronically filed the foregoing document with the Clerk of the Court using its CM/ECF System. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the following Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by this Court's CM/ECF System, or in some other authorized manner for those counsel or parties who are not authorized to electronically receive notice of electronic filing.

By: /s/ John F. Bradley
John F. Bradley, Esq.
Fla. Bar No. 0779910
jb@bradlegal.com

## SERVICE LIST

Matthew Zukowsky, Esq.
matthew.zukowsky@gmail.com
*Attorney for Plaintiff*
Matthew H. Zukowsky, P.A.
4770 Biscayne Blvd., Ste. 700
Miami, FL 33137
Tel: (561) 445-9471
**Service via CM/ECF**

Ursula Christie Jackson, Esq.
Ujacksonlaw@aol.com
The Law Office of Ursula C. Jackson, PLLC
2525 Ponce De Leon Boulevard
Coral Gables, FL 33134
Tel: (855) 218-8456
**Service via CM/ECF**