UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-23208-CIV-LENARD/GOODMAN

**FLAVA WORKS, INC.**

    Plaintiff,

**v.**

**A4A RESEAU, INC.,
A4A NETWORK, INC.,
and MARC PARENT,**

    Defendants.
_____/

**ORDER GRANTING MOTION TO COMPEL PLAINTIFF/JUDGMENT
DEBTOR TO COMPLETE FLA. R. CIV. P. FORM 1.977 – FACT
INFORMATION SHEET (D.E. 51)**

**THIS CAUSE** is before the Court on Defendants/Judgment Creditors A4A Reseau, Inc., A4A Network, Inc., and Marc Parent's ("Defendants") Motion to Compel Plaintiff/Judgment Debtor to Complete Fla. R. Civ. P. Form 1.977 – Fact Information Sheet, ("Motion," D.E. 51), filed June 19, 2015.  Plaintiff, Flava Works, Inc., ("Plaintiff") filed a Response on July 6, 2015, ("Response," D.E. 56), to which Defendant filed a Reply on July 14, 2015, ("Reply," D.E. 57).  Upon review of the Motion, Response, Reply, and the record Court finds as follows.

**I.**    **Background**

On January 21, 2015, the Court entered an Order dismissing this case without prejudice pursuant to Plaintiff's Notice of Voluntary Dismissal, filed January 20, 2015. (See D.E. 23.)  Also on January 21, 2015, Plaintiff filed a virtually identical lawsuit

against the same Defendants in the United States District Court for the Northern District of Illinois in Case No. 15-cv-00610.  Also on January 21, 2015, A4A Reseau, Inc. and Marc Parent, who are Defendants in the instant Action, filed a Complaint for Declaratory Relief against Plaintiff Flava Works, Inc., and its principal, Phillip Bleicher.  See A4A Reseau, Inc. v. Bleicher, Case No. 15-cv-20245-COOKE (S.D. Fla. Jan. 21, 2015).

On February 4, 2015, Defendants filed a Motion for, inter alia, attorneys' fees pursuant to Federal Rule of Civil Procedure 41(d)(1), which states: "If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court may order the plaintiff to pay all or part of the costs of that previous action."  (D.E. 24.)  On March 5, 2015, the Court entered an Order Granting Defendants' Motion for attorney's fees but denied it in all other respects.  (See D.E. 28.)  The Court's March 5, 2015 Order directed Defendants to submit affidavits in support of its attorneys' fees request, which they timely filed on March 16, 2015.  (See Motion to Determine Reasonableness of Attorney's Fees Awarded to Defendant, D.E. 39.)  On April 7, 2015, the Court entered an Order Granting Defendants' Motion to Determine Reasonableness of Attorney's Fees Awarded to Defendants, concluding: "Defendants shall have and receive from Plaintiff, Flava Works, Inc., the amount of $28,060.57, for which sum let execution issue."  (D.E. 46 at 9.)  On June 10, 2015, the Clerk's Office entered a Writ of Execution in the amount of $28,060.57."  (D.E. 50.)  On June 19, 2015, Defendants filed the instant Motion.

**II.     Discussion**

Defendants seek an Order compelling Plaintiff to complete Florida Rule of Civil Procedure Form 1.977 – Fact Information Sheet, as required for execution on the judgment by Florida Rule of Civil Procedure 1.560(b). (D.E. 51.)  They argue that Federal Rule of Civil Procedure 69(a) mandates that the procedure for execution must accord with Florida's procedure, and Florida Rule of Civil Procedure 1.560(b) requires a judgment debtor to complete Form 1.977.  (Motion ¶¶ 2-3.)  Plaintiff argues that "Defendants should not be afforded the use of a state court form in aid of execution in lieu of other available forms of discovery (e.g., request for admissions, request for production, depositions) that are fully provided for under the Federal and Florida Rules of Civil Procedure."  (Response at 4.)  In the alternative, it states that the Form "should be limited to the scope of the Writ of Execution" which, by its terms, is limited to "the goods and chattels, lands and tenements" in the Southern District of Florida.  (Id.)  It further requests a stay of execution until the Illinois litigation and declaratory action have concluded.  (Id. at 5.)  Plaintiff has cited no authority supporting its arguments.

Federal Rule of Civil Procedure 69(a)(1) states, in relevant part: "A money judgment is enforced by a writ of execution, unless the court directs otherwise.  The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located . . . ."  Pursuant to Florida Rule of Civil Procedure 1.560(b), "the court, at the request of the judgment creditor, shall order the judgment debtor or debtors to complete form 1.977,

3

including all required attachments, within 45 days of the order or such other reasonable time as determined by the court."

The Court finds that pursuant to Federal Rule of Civil Procedure 69(a)(1), the proper procedure for executing upon the money judgment entered against Plaintiff is the procedure provided by Florida Rule of Civil Procedure 1.560.  See Am. Home Assurance Co. v. Weaver Aggregate Transp., Inc., 298 F.R.D. 692, 693 (M.D. Fla. 2014); see also TracFone Wireless, Inc. v. Holden Prop. Servs., LLC, 1:14-cv-20959-KMM, 2014 WL 3585711, at *2 (S.D. Fla. July 21, 2014).  Accordingly, Plaintiff is required to complete Form 1.977 and the required attachments.  See id.; see also TracFone Wireless, 2014 WL 3585711, at *2.

Next, Plaintiff argues that that the Form "should be limited to the scope of the Writ of Execution" which, by its terms, is limited to "the goods and chattels, lands and tenements" in the Southern District of Florida.  (Response at 4.)  It states that it no longer does business in Florida and holds no property or assets in Florida.  (Id.)  It argues that the Court can only order execution on property or assets located within the Southern District of Florida, and therefore that information responsive to the Writ should be limited to such property located in this District.  (Id. at 4-5.)  Plaintiff has cited no authority holding that a court or judgment debtor may limit the scope of the Form 1.977 Fact Information Sheet.  To the contrary, "[a] 'judgment creditor should be allowed broad discovery into the debtor's finances, pursuant to section 56.29(4), Fla. Stat. . . . and Fla. R. Civ. P. 1.280, this even if the discovery concerns property jointly owned with others.'" STG Secure Trading Grp., Inc. v. Solaris Opportunity Fund, LP, No. 06-81018-CIV,

4

2007 WL 3131335, at *2 (S.D. Fla. Oct. 24, 2007).  Indeed, Rule 1.560 requires the Court to order Plaintiff to "<u>complete</u> form 1.977, including all required attachments . . . ," which indicates that the scope should not be limited.  Accordingly, the Court denies Plaintiff's request to limit the scope Form 1.977 Fact Information Sheet.

Finally, the Court denies Plaintiff's request to stay the execution until the related litigation is complete.  The Court awarded Defendants attorneys' fees pursuant to Rule 41(d), which provides for an attorneys' fees award if a plaintiff dismisses an action and subsequently "files an action based on or including the same claim against the same defendant[.]"  All of the conditions precedent to the fee award were satisfied when Plaintiff filed its complaint in the Northern District of Illinois.  The Court therefore finds that a stay of execution is unwarranted.

### III.  Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that:

**(1)** Defendant's Motion to Compel Plaintiff/Judgment Debtor to Complete Fla. R. Civ. P. Form 1.977 – Fact Information Sheet, ("Motion," D.E. 51), filed June 19, 2015, is **GRANTED**; and

**(2)**   Plaintiffs shall complete and serve upon Plaintiff's counsel Fla. R. Civ. P. Form 1.977 Fact Information Sheet and its required attachments within forty-five (45) days of the date of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida this 20th day of July, 2015.

_____
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**