UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-23208-CIV-LENARD/GOODMAN

FLAVA WORKS, INC.,

       Plaintiff,

vs.

A4A RESEAU, INC.
A4A NETWORK, INC.
MARC PARENT,

       Defendants.

_____/

**MOTION FOR PROCEEDINGS SUPPLEMENTARY
AND INCORPORATED MEMORANDUM OF LAW**

    Defendants/Judgment Creditors, A4A RESEAU, INC., a foreign corporation, A4A NETWORK, INC., a foreign corporation, and MARC PARENT, a foreign individual (collectively, the "Judgment Creditors"), by and through the undersigned counsel, and pursuant to Fed. R. Civ. P. 69(a) and § 56.29, Fla. Stat., hereby file this Motion for Proceedings Supplementary and Incorporated Memorandum of Law, and in support thereof, state:

**I. INTRODUCTION**

    1.    Judgment Creditors currently hold a judgment against Plaintiff/Judgment Debtor FLAVA WORKS, INC. (the "Judgment Debtor") in the amount of $28,060.57 [DE-46]. Through this Motion, Judgment Creditors seek an Order granting Proceedings Supplementary against the Judgment Debtor in order to (1) seize certain property, namely, copyright registrations and/or unregistered copyrights and the inventory and goodwill associated therewith in the name of Judgment Debtor, and/or certain top level internet domain registrations owned by the Judgment Debtor, (2) pierce the corporate veil and reach corporate assets in the hands of the Judgment

1

Debtor's individual stockholder(s), (3) set aside fraudulent transfers of Judgment Debtor's property to third persons, (4) reach the Judgment Debtor's assets in the hands of a successor corporation(s) or transferees under the theory of successor liability, and (5) afford the Judgment Creditors other complete relief possible in satisfying the judgment as this Court deems just and proper under the circumstances.

## II. PROCEDURAL AND FACTUAL BACKGROUND

2.      On April 7th, 2015, Judgment Creditors obtained an Order Granting Defendants' Motion to Determine Reasonable Attorneys' Fees Awarded to Defendants against the Judgment Debtor in the amount of $28,060.57 awarded [DE-46].

3.      A Judgment Lien Certificate was filed and issued by the Florida Secretary of State on June 9, 2015, against the Judgment Debtor in favor of the Judgment Creditors. A copy of the Judgment Lien Certificate is attached hereto as *Exhibit "A."*

4.      On July 17, 2015, the judgment was recorded with the Miami-Dade Clerk of Court. A copy of the recorded judgment is attached hereto as *Exhibit "B."*

5.      Judgment Debtor is a voluntarily dissolved Florida corporation, which filed its Articles of Dissolution with the Florida Secretary of State on or about April 22, 2015. A copy of the Articles of Dissolution is attached hereto as *Exhibit "C."*

6.      Furthermore, in a related action pending in this District, Judgment Debtor's principal stated that its full operation was removed from Florida in April 2015. A copy of Affidavit of Phillip Bleicher is attached hereto as *Exhibit "D."*

7.      Immediately prior to the voluntary dissolution of the Judgment Debtor entity, on April 16, 2015, Judgment Debtor's principal, Phillip Bleicher, formed a successor corporation in

*Bradley Legal Group, P.A.*, 15 Northeast 13th Avenue, Fort Lauderdale, FL 33301 (954) 523-6160

the State of Illinois named Flava Works, Inc. A copy of a printout from the Illinois Secretary of State is attached hereto as ***Exhibit "E.***

    8.    In an e-mailed dated July 23, 2015, to the Judgment Creditors, Phillip Bleicher stated that Judgment Creditors ***"will not get any attorney's fees (even if awarded), because we have no money. Yep, we are broke, we owe the IRS and we have a settlement with them, after that, there is no money left. Any judgement you get for fees, you will not collect because we have no money."*** A copy of the email is attached hereto as ***Exhibit "F."***

    9.    Judgment Creditors understand that viable assets of the Judgment Debtor include certain intellectual property, namely, copyright registrations and/or unregistered copyrights and the inventory and goodwill associated therewith, including, without limitation:

    (a)    U.S. Copyright Registration No. PA0001668012 for a motion picture titled "FlavaMen Senior Year;"

    (b)    U.S. Copyright Registration No. VA0001861558 for visual material titled "Cocodorm.com 2010;"

    (c)    U.S. Copyright Registration No. VA0001861561 for visual material titled "FlavaMen.com 2010" and;

    (d)    Possibly other copyright registrations or unregistered copyrights, as determined upon Judgment Debtor's answers to Judgment Debtors' First Request for Production in Aid of Execution dated June 19, 2015.

    10.    Judgment Creditors also understand that viable assets of the Judgment Debtor as of July 21, 2015 include top level internet domain registrations, including, but not limited to, the following: www.flavamen.com, www.flavaworks.com, www.cocoboyz.com, www.rawrods.com,

3

and www.cocodorm.com. *See **Exhibit "G,"*** Network Solutions' "Whois" printouts of July 21, 2015.

11.     Pursuant to § 56.29, Fla. Stat., the Judgment Creditors are entitled to Proceedings Supplementary in order to be able to (1) seize certain property, namely, copyright registrations and/or unregistered copyrights and the inventory and goodwill associated therewith in the name of Judgment Debtor, and/or certain top level internet domain registrations owned by the Judgment Debtor, (2) pierce the corporate veil and reach corporate assets in the hands of the Judgment Debtor's individual stockholder(s), (3) set aside fraudulent transfers of Judgment Debtor's property to third persons, (4) reach the Judgment Debtor's assets in the hands of a successor corporation(s) or transferees under the theory of successor liability, and (5) afford the Judgment Creditors other complete relief possible in satisfying the judgment as this Court deems just and proper under the circumstances.

12.     Pursuant to § 56.29(1), Fla. Stat., an Affidavit stating that the Judgment Creditors hold an unsatisfied judgment, that the execution is valid and outstanding, and that the Judgment Creditors are entitled to Proceedings Supplementary has been properly filed and is attached hereto as ***Exhibit "H."***

13.     As a result of the foregoing, the Judgment Creditors are entitled to Proceedings Supplementary as a matter of law, including the recovery of costs and attorneys' fees pursuant to § 56.29(11), Fla. Stat.

### III. INCORPORATED MEMORANDUM OF LAW

### A. Proceedings Supplementary

Proceedings Supplementary is a post-judgment remedy by which a creditor may summarily discover and subject property belonging to a debtor to the satisfaction of his

4

judgment. Proceedings Supplementary not only enables the judgment creditor to discover the assets subject to his judgment, but also allows the judgment creditor to subject these assets to his judgment by use of summary proceedings. *See, generally*, *Proceedings Supplementary*, in Vol. 1, JUDGMENT ENFORCEMENT IN FLORIDA, 3 (Lorman Education Services, 2007). The proceedings are governed by Section 56.29, Fla. Stat.

Proceedings Supplementary are entirely statutory in nature. Yet, courts generally interpret the statute broadly and liberally to afford a judgment creditor the most complete relief possible in satisfying his judgment. *See Bleidt v. Lobato*, 664 So.2d 1074 (Fla. 5th DCA 1995); *Neff v. Adler*, 416 So.2d 1240 (Fla. 4th DCA 1982); *Puzzo v. Ray,* 386 So.2d 49, 50 (Fla. 4th DCA 1980). For instance, § 56.29(9), Fla. Stat., allows the Court to enter any order required to carry out the purpose of the statute to subject property, or property rights of any defendant to execution.

Proceedings Supplementary is an effective tool for discovering a debtor's property once it is determined that the debtor currently does not have assets in his possession to satisfy a creditor's judgment. For example, once a judgment debtor's assets are discovered, Proceedings Supplementary may be used to set aside fraudulent transfers of the debtor's property to third persons. A court may use Proceedings Supplementary to pierce the corporate veil and reach corporate assets in the hands of individual stockholders. *See Allied Indus. Int'l., Inc. v. AGFA-Gevaert, Inc.*, 688 F.Supp. 1516 (S.D. Fla. 1988), *aff'd.*, 900 F.2d 264 (11th Cir. 1990). A court may also reach a debtor's assets in the hands of a successor corporation under the theory of successor liability, *i.e.*, mere continuation, de factor merger, alter ego or fraudulent transfer.[1] *See*

---

[1] Proceedings Supplementary may also be used to secure, seize and sell corporate stock that is owned by the judgment debtor. *See J.N. Laliotios Eng'g. Constr., Inc. v. Mastor*, 600 So.2d 1271 (Fla. 2d DCA 1992). It may also be used to enter injunctive relief to enjoin a transfer of assets

5

*Amjad Munim, M.D., P.A. v. Azar*, 648 So.2d 145 (Fla. 4th DCA 1995). Most importantly, Proceedings Supplementary is used to reach equitable assets that are not subject to levy under a writ of execution, such as promissory notes, accounts receivable, choses in action, and, for purposes of this motion, property such as copyright registrations, unregistered copyrights, and/or top level internet domain names. *Continental Cigar Copr. V. Edelman & Co.* 397 So.2d. 957 (Fla. 3d DCA 1981).

In order to initiate proceedings supplementary, a judgment creditor need only allege by affidavit that (s)he holds an unsatisfied judgment, the execution remains valid and outstanding, and that the judgment creditor is entitled to these proceedings supplementary to execution. §56.29(1), Fla. Stat. While simple to employ, the implications of proceedings supplementary are far reaching. Indeed, a judge may order any property of a judgment debtor, not exempt from execution, in the hands of any person or due to the judgment debtor to be applied toward the satisfaction of the judgment debt. § 56.29(5), Fla. Stat. A Court may, in its discretion, enter any order required to carry out the purpose of proceedings supplementary to subject property or property rights of any defendant to execution. § 56.29(9), Fla. Stat.

### B. Judgment Creditors are Entitled to Proceeding Supplementary

The Judgment Creditors are entitled to these proceedings supplementary as a matter of law for an order to (1) seize certain property, namely, copyright registrations and/or unregistered copyrights and the inventory and goodwill associated therewith in the name of Judgment Debtor, and/or certain top level internet domain registrations owned by the Judgment Debtor, (2) pierce the corporate veil and reach corporate assets in the hands of the Judgment Debtor's individual

---

that would amount to fraud upon the judgment creditor, *see Tabet v. Tabet*, 644 So.2d 557 (Fla. 3d DCA 1994), and to have a receiver appointed to take possession of the debtor's property. *See Warshall v. Price*, 617 So.2d 751.

*Bradley Legal Group, P.A.*, 15 Northeast 13th Avenue, Fort Lauderdale, FL 33301 (954) 523-6160

stockholder(s), (3) set aside fraudulent transfers of Judgment Debtor's property to third persons, (4) reach the Judgment Debtor's assets in the hands of a successor corporation(s) or transferees under the theory of successor liability, and (5) afford the Judgment Creditors other complete relief possible in satisfying the judgment as this Court deems just and proper under the circumstances.. The Judgment Creditors have filed the appropriate Affidavit with this Court stating that the execution remains valid and outstanding, and that the Judgment Creditors are entitled to these proceedings supplementary to execution. *See Exhibit "H."* Nothing else is required in order to obtain an order for proceedings supplementary. *See Regent Bank v. Woodcox*, 636 So.2d 885, 886 (Fla 4th DCA 1994); *Rosenfeld v. T.P.I. Int'l Airways*, 630 So.2d 1167, 1168 (Fla. 4th DCA 1993); *Continental Cigar Corp.*, 397 So.2d at 958.

### C. Proceedings Supplementary May be Used to Seize Judgment Debtor's Intellectual Property.

As set forth above, proceedings supplementary may be used to seize property such as copyright registrations, unregistered copyrights, and/or top level internet domain names. Here, Judgment Creditors seek to use these proceedings supplementary to seize the Judgment Debtor's copyright registrations and/or unregistered copyrights and the inventory and goodwill associated therewith, and/or top level internet domain names in the name of the Judgment Debtor, to satisfy the Order against the Judgment Debtor. In *Continental Cigar Corp.,* the Florida Third District Court of Appeal affirmed a trial court's order granting summary judgment in proceedings which held that certain intellectual property (trademark) rights held in a third party's name were in reality an asset of the judgment debtor. As a result, the trial court entered an order requiring the third party to quit claim the trademarks to the judgment debtor, and reserved jurisdiction to appoint a receiver over the judgment debtor. *Continental Cigar Corp.,* 397 So.2d at 957. The

*Bradley Legal Group, P.A., 15 Northeast 13th Avenue, Fort Lauderdale, FL 33301 (954) 523-6160*

Court also entered an injunction enjoining the third party from further use of the trademark. The Third District Court of Appeal affirmed the trial court's actions in all respects. *Id.*

Should the property sought currently be in the name of a person or entity other than the Judgment Debtor, the Judgment Creditors may need to implead a third party into the proceedings. Proceedings supplementary is still necessary because Judgment Creditors will ultimately require an order from this Court directing the U.S. Marshall or other authority to seize the Judgment Debtor's copyright registrations and/or unregistered copyrights and the inventory and goodwill associated therewith, and the Judgment Debtor's top level internet domain names from the Judgment Debtor itself or an impleaded third party. Judgment Creditors may also require a receiver and an injunction enjoining the Judgment Debtor from further use of the copyrights or the top level internet domain names in question, but such requests are premature at this time.

WHEREFORE, Judgment Creditors respectfully request that this Court enter an Order granting the following relief:

(a) granting proceedings supplementary pursuant to Fla. Stat. § 56.29 in order to enable Judgment Creditors to (1) seize certain property, namely, copyright registrations and/or unregistered copyrights and the inventory and goodwill associated therewith in the name of Judgment Debtor, and/or certain top level internet domain registrations owned by the Judgment Debtor, (2) pierce the corporate veil and reach corporate assets in the hands of the Judgment Debtor's individual stockholder(s), (3) set aside fraudulent transfers of Judgment Debtor's property to third persons, (4) reach the Judgment Debtor's assets in the hands of a successor corporation(s) or transferees under the theory of successor liability, and (5) afford the Judgment Creditors other

8

complete relief possible in satisfying the judgment as this Court deems just and proper under the circumstances.

(b) directing the Judgment Debtor to appear before this Court or a designated Magistrate to be examined in Miami-Dade County at a time and date specified by this Court concerning its assets;

(c) granting Judgment Creditors their costs for these Proceedings Supplementary, as well as other reasonable and just incidental costs, as well as reasonable attorneys' fees against the Judgment Debtor pursuant to § 56.29(11).

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1, I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues, and Plaintiff's counsel has <u>not</u> agreed to the relief sought herein.

Dated: July 24, 2015.                        Respectfully submitted,

**BRADLEY LEGAL GROUP, P.A.**
*Counsel for Defendants/Judgment Debtors*
15 Northeast 13th Avenue
Fort Lauderdale, Fl 33301
Tel: (954) 523-6160
Fax: (954) 523-6190


By:      /s/ John F. Bradley
John F. Bradley, Esq.
Fla. Bar No. 0779910
jb@bradlegal.com

9

## CERTIFICATE OF SERVICE
## OF ELECTRONIC FILING GENERATED BY CM/ECF

I HEREBY CERTIFY that on this 24th day of July, 2015, I electronically filed the foregoing document with the Clerk of the Court using its CM/ECF System. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the following Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by this Court's CM/ECF System, or in some other authorized manner for those counsel or parties who are not authorized to electronically receive notice of electronic filing.

By:     /s/ John F. Bradley
        John F. Bradley, Esq.
        Fla. Bar No. 0779910
        jb@bradlegal.com

10

*Bradley Legal Group, P.A., 15 Northeast 13th Avenue, Fort Lauderdale, FL 33301 (954) 523-6160*

## SERVICE LIST

Matthew Zukowsky, Esq.
matthew.zukowsky@gmail.com
*Attorney for Plaintiff*
Matthew H. Zukowsky, P.A.
4770 Biscayne Blvd., Ste. 700
Miami, FL 33137
Tel: (561) 445-9471
**Service via CM/ECF**

Ursula Christie Jackson, Esq.
Ujacksonlaw@aol.com
*Attorney for Plaintiff*
The Law Office of Ursula C. Jackson, PLLC
2525 Ponce De Leon Boulevard
Coral Gables, FL 33134
Tel: (855) 218-8456
**Service via CM/ECF**

Joshua H. Sheskin, Esq.
JHS@SheskinLaw.com
Service@SheskinLaw.com
*Attorney for Plaintiff*
The Sheskin Firm
9424 SW 52nd Street
Cooper City, FL 33328
Tel: 786-529-0420
Fax: 786-332-5349
**Service via CM/ECF**

*Bradley Legal Group, P.A.*, 15 Northeast 13th Avenue, Fort Lauderdale, FL 33301 (954) 523-6160