**EXHIBIT "B"**

# DOCUMENT COVER PAGE

```
CFN 2015R0460603
OR BK 29700 Pgs 4426-4435 (10Pgs)
RECORDED 07/17/2015 09:38:04
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA
```

For those documents not providing the **required** 3 x 3 inch space on the first page, this cover page must be attached.

It must describe the document in sufficient detail to prohibit its transference to another document.

An additional recording fee for this page must be remitted.

(Space above this line reserved for recording office use)

**Document Title:** Order Granting Defendants' Motion to Determine Attorney's Fees
(Mortgage, Deed, Construction Lien, Etc.)

**Executing Party:** Defendants A4A Network, Inc., A4A Reseau, Inc., and Marc Parent

**Legal Description:**
(If Applicable)

As more fully described in above described document.

**Return Document To / Prepared By:**

John F. Bradley, Esq., Bradley Legal Group, P.A.

15 NE 13th Avenue

Fort Lauderdale, Florida 33301

---

**(Relevant excerpts)**

**Rule 2.520** (d) On all documents prepared ...... which are to be recorded in the public records of any county... a 3- inch by 3- inch space at the top right-hand corner on the first page and **a 1 - inch by 3- inch space at the top right-hand corner on each subsequent page** shall be left blank and reserved for use by the clerk of court.

F.S. **695.26 Requirements for recording instruments affecting real property—**

(1) No instrument by which the title to real property or any interest therein is conveyed, assigned, encumbered, or otherwise disposed of shall be recorded by the clerk of the circuit court unless:

(e) **A 3-inch by 3-inch space at the top right-hand corner on the first page and a 1-inch by 3-inch space at the top right-hand corner on each subsequent page** are reserved for use by the clerk of the court...

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-23208-CIV-LENARD/GOODMAN

FLAVA WORKS, INC.,

    Plaintiff,

v.

A4A RESEAU, INC.,
A4A NETWORK, INC.,
and MARC PARENT,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DETERMINE REASONABLENESS OF ATTORNEY'S FEES AWARDED TO DEFENDANTS (D.E. 39)

**THIS CAUSE** is before the Court on Defendants' Motion to Determine Reasonableness of Attorney's Fees Awarded to Defendants, ("Motion," D.E. 39), filed March 16, 2015. On January 21, 2015, the Court entered an Order Dismissing this Case Without Prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) upon Plaintiff's Notice of Voluntary Dismissal. ("Dismissal Order," D.E. 23.) The same day, Plaintiff re-filed its Action against Defendants in the Northern District of Illinois in case number 15-cv-00610. Thus, on February 4, 2015, Defendants filed a Motion in which they requested, inter alia, attorneys' fees pursuant to Rule 41(d), which states: "If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court . . . may order the plaintiff to pay all or part of the costs of that previous action[.]" The Court granted Defendants' request for

Certified to be a true and correct copy of the document on file
Steven M. Larimore, Clerk,
U.S. District Court
Southern District of Florida
By _____ Deputy Clerk
Date 7-15-2015

attorneys' fees and required it to submit affidavits and documentation supporting its attorneys' fees request. (D.E. 28.)

On March 16, 2015, Defendants filed the instant Motion to which they attached four affidavits. (D.E. 39.) On March 31, 2015, Plaintiff filed a document titled "Plaintiff's Motion for Leave to File Plaintiff's Motion in Response to Defendants' Motion to Determine Reasonableness of Attorneys' Fees Awarded Defendants." ("Response," D.E. 42). However, the Court entered an Order Striking Plaintiff's Response without prejudice for failure to comply with the Court's January 16, 2015, Order Regarding Formatting of Filings, (D.E. 21). (See Order Striking, D.E. 43.) Plaintiff has failed to timely file an adequate Response.

Defendants seek a total of $43,566.75 in attorneys' and paralegal's fees. (Motion at 6.) The affidavits reflect that Canadian general corporate counsel for Defendant A4A Ruseau, Inc., Diane Bellavance, billed 20.4 hours at a rate of $273.37 ($350 Canadian at an exchange rate of 0.7811) per hour, for a total of $5,576.75. (Aff. of Diane Bellavance, D.E. 39-1 ¶¶ 2, 6, 8.) Defendants' United States corporate counsel, Michael Fattorosi, billed 6.4 hours at $250.00 and 9.1 hours at $275.00 per hour, for a total of $4,102.50.[1] (Aff. of Michael Fattorosi, D.E. 39-2 ¶¶ 2, 6, 8.) Defendants' lead trial counsel, John F. Bradley, billed 68.2 hours at $375.00 per hour, for a total of $25,575.00. (Aff. of John F. Bradley, D.E. 39-3 ¶¶ 2, 6.) Mr. Bradley further stated that attorney Daniel S. Polley of the Bradley Legal Group, P.A., has billed 10.5 hours at $325.00 per hour for a total of

---

[1] Mr. Fattorosi's billing rate increased from $250.00 per hour to $275.00 per hour on January 1, 2015. (Id. ¶ 6.)

2

$3,412.50, and paralegal Joanna Lubczanska has billed 39.2 hours at $125.00 per hour, for a total of $4,900.00. (Id. ¶ 7.) Each of the attorneys also attested to the reasonableness of the hourly rates and hours billed by the other attorneys.

Attached to the affidavits, Defendants provided professional biographies/curricula vitae for attorneys Bellavance, Fattorosi, and Bradley, as well as invoices detailing the work performed. (See D.E. 39-1 through 39-3.) Jason S. Weiss—an independent attorney who is not otherwise involved in this litigation—filed an affidavit stating that he has reviewed the pleadings and determined that, pursuant to the "lodestar" analysis adopted by the Eleventh Circuit,[2] (1) the hourly rates of Defendants' counsel and paralegals, as stated in the affidavits, "are reasonable if not low," and (2) "the time spent by Defendants' counsel as set forth in the Motion and attached Affidavits and Exhibits is reasonable in connection with the matter. . . ." (Aff. of Jason S. Weiss (D.E. 39-4) ¶¶ 3, 5-6.) Upon review of the Motion, affidavits, invoices, and the record, the Court finds as follows.

*1. Reasonable hourly rate*

Under the Eleventh Circuit's opinion, in Norman v. Housing Authority of Montgomery, the Court begins by determining whether counsel are billing at a reasonable hourly rate. 836 F.2d 1292, 1299 (11th Cir. 1988). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Id. (citing Blum v. Stenson,

---

[2]   See Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).

3

465 U.S. 886, 895-96 (1984). "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." Id. (citing NAACP v. City of Evergreen, 812 F.2d 1332, 1338 (11th Cir. 1987). "Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work." Id. (citing Blum, 465 U.S. at 896 n.11). It is not uncommon for a party to file the affidavit of an independent attorney attesting to the reasonableness of the fees requested. See, e.g., Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). "A court, however, 'is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'" Id. (quoting Norman, 836 F.2d at 1303).

Here, Ms. Bellavance charged $350 per hour Canadian, which is equal to $273.37 U.S., applying an exchange rate of 0.7811. (Aff. of Diane Bellavance ¶ 6.) She has almost twenty-seven (27) years' experience in intellectual property law, which is the primary focus of her practice. (Id.)

Mr. Fattorosi charged $250 per hour until January 1, 2015, and $275 per hour thereafter. (Aff. of Michael Fattorosi ¶ 6.) He has almost seventeen (17) years of litigating intellectual property and entertainment-related cases. (Id.) The focus of his practice is the adult entertainment industry, which is the focus of this litigation. (Id.)

Mr. Bradley charged $375 per hour. (Aff. of John F. Bradley ¶ 6.) He has almost twenty-seven (27) years of experience litigating intellectual property and entertainment related cases across the United States. (Id.) He is the former Chairman of the

4

Entertainment, Arts and Sports Law Section of the Florida Bar. (Id.) He has represented Grammy winners, Latin Grammy winners, and members of the Rock and Roll Hall of Fame. (Id.)

Mr. Foley charged $325 per hour. (Id. ¶ 7.) He has almost twenty-six (26) years of experience in intellectual property and litigation. (Id.) He has been "of counsel" to Bradley Legal Group, P.A., for many years acting as co-counsel and second chair in District Court litigation cases.

Ms. Lubczanska charged $125 per hour. She is a Florida Registered Paralegal with fifteen (15) years' experience in intellectual property litigation. (Id.)

The Court finds that the rates charged by Ms. Bellavance, Ms. Fattorosi, Mr. Bradley, Mr. Foley, and Ms. Lubczanska are reasonable hourly rates in Miami-Dade County, based on their skill and experience.

2.  ***Hours reasonably expended***

The second step in the Court's lodestar analysis is determining whether the hours claimed by the attorneys were reasonably expended. See Norman, 836 F.2d at 1301. The Court should exclude claimed hours that are "excessive, redundant or otherwise unnecessary." Id. The Court may draw upon its own experience in this analysis. See id. at 1303. Where excessive time has been billed, rather than make line-by-line reductions, a court "may engage in 'an across-the-board cut' so long as it provides adequate explanation for the decrease." Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008). Finally, the Court will not grant an award for fees incurred litigating the case pending in the Northern District of Illinois (the "Illinois Case"). See Flava Works, Inc. v.

5

A4A Reseau, Inc., et al., Case No. 15-cv-00610 (N.D. Ill. filed Jan. 21, 2015). Thus, the Court will not award fees for any work performed after January 21, 2015—the date the Court dismissed this Action and the date Plaintiff filed the Illinois case—unless it can readily be determined that the work related to the case in this Court. That is, the Court will presume hours billed after January 21, 2015, apply to the Illinois case.

Ms. Bellavance's invoice is unhelpful to the Court's analysis. Although she provides dates and descriptions of the work performed, she does not provide the amount of time expended (or billed) for each task.[3] (See D.E. 39-1 at 8-10.) Upon review of Ms. Bellavance's invoice, the Court finds that she did not reasonably expend 20.4 hours for the work described. For example, on October 21, 2014, she wrote a memo to herself summarizing the court proceedings to that point (there had been none), and on various dates she vaguely "work[ed] on [the] file." (Id. at 8-10.) Additionally, Ms. Bellavance included six entries after the case was dismissed on January 21, 2015, none of which clearly apply to this Action and, therefore, presumptively apply to the Illinois case. The Court finds that, based on the descriptions of the work provided in her invoice, Ms. Bellavance reasonably expended 10 hours on this case. (See id.) Ten hours times a reasonable hourly rate of $273.37 equals $2,733.70 for Ms. Bellavance.

---

[3] For example, the invoice reflects that on October 28, 2015, Ms. Bellavance had a telephone conference with Mr. Fattorosi and a Mr. Ross, but it does not indicate how long this teleconference lasted. (Id. at 8.) Instead, below the dates and descriptions, the invoice merely provides a total of fees generated. (Id. at 9, 10.)

6

Mr. Fattorosi's invoice also includes 1.6 hours in January, 1.4 hours in February, and 1.2 hours in March that were presumptively (or clearly) spent on the Illinois case.[4] (See id. at 12-13.) Upon careful review of the invoice, the Court finds that Mr. Fattorosi reasonably expended 2.7 hours (at $250) in October, 2.2 hours (at $250) in November, 1.5 hours (at $250) in December, 2.3 hours (at $275) in January, 0.8 hours (at $275) in February, and 0.8 hours (at $275)in March, for a grand total of $2,672.50.

Mr. Bradley's invoices—which also include Mr. Polley's and Ms. Lubczanska's billable hours—are thorough, detailed, and do not include the work performed in the Illinois case (it is specifically redacted). (See D.E. 39-3 at 8-28.) The Court thoroughly reviewed the invoices and found only one redundant entry: on October 30, 2014, Mr. Bradley "finalize[d]" a letter to opposing counsel twice, which will reduce his total billable hours by .2 hours. This brings the invoiced total to 68 hours for Mr. Bradley, 10.5 hours for Mr. Polley, and 39.2 hours for Ms. Lubczanska.

However, relying on the Court's own experience and expertise, a total of 117.7 hours were not reasonably expended between the three of them on this relatively short-lived case. The first entry on Mr. Bradley's invoice was October 28, 2014, and the case was dismissed less than three months later, with little fanfare in between. The only substantive filings Defendants made were a (1) Motion to Dismiss (D.E. 11), (2) an Answer to the Complaint (D.E. 20), and (3) the instant Motion for Attorneys' Fees (D.E. 39). The Court assumes that a private attorney bills 1,800 hours per year and takes two

---

[4] For example, on February 22, 2015, Mr. Fattorosi reviewed a "Motion to Transfer Venue & Stay," which was filed in the Illinois Case. See Flava Works, Inc. v. A4A Reseau, Inc., et al., D.E. 6, Case No. 15-cv-00610 (N.D. Ill. Feb 23, 2015).

7

weeks of vacation. See K.G. v. Dudek, Case No. 11-20684-CIV-LENARD/GOODMAN, Report & Recommendations on Plaintiffs' Application for Appellate Attorneys' Fees, D.E. 215 at 21 n.9 (S.D. Fla. Sept. 18, 2014). Thus, 117.7 hours of work translates to about 3.26 weeks of work, to the exclusion of all other work, which is unreasonable in this case. The Court finds that an "across-the-board" decrease of one-third (.33) is appropriate for Mr. Bradley, Mr. Polley, and Ms. Lubczaknska. See Bivins, 548 F.3d at 1350. Accordingly, the Court finds that Mr. Bradley reasonably expended 45.56 hours (at $375 per hour) on this case; Mr. Polley reasonably expended 7.035 hours (at $325 per hour) on this case; and Ms. Lubczanska reasonably spent 26.264 hours (at $125 per hour) on this case. Consequently, Mr. Bradley generated $17,085.00 in fees, Mr. Polley generated $2,286.37 in fees, and Ms. Lubczanska generated $3,283 in fees, for a total of $22,654.37 for Mr. Bradley's Invoice.

In sum, the Court finds that Ms. Bellavance, Mr. Fattorosi, Mr. Bradley, Mr. Polley, and Ms. Lubczanska are entitled to a total of $28,060.57 in fees from Plaintiff pursuant to Rule 41(d).

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Defendants' Motion to Determine Reasonableness of Attorney's Fees Awarded to Defendants (D.E. 39), filed March 16, 2015, is **GRANTED** consistent with this opinion; and

OR BK 29700 PG 4435
LAST PAGE

2.  Defendants shall have and receive from Plaintiff, Flava Works, Inc., the amount of $28,060.57, for which sum let execution issue.

**DONE AND ORDERED** in Chambers at Miami, Florida this 7th day of April, 2015.

*[signature]*
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**