UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

FLAVA WORKS, INC.                               CASE NO. 1:14-CV-23208-JAL

Plaintiffs,

v.

A4A RESUAU, INC.,
A4A NETWORK INC., and
MARC PARENT

Defendants.
_____/

**MOTION IN OPPOSITION OF PROCEEDINGS SUPPLEMENTARY [D.E. 61], &
MOTION FOR RECONSIDERATION OF THE AWARD OF ATTORNEYS' FEES
UNDER *FED.R.CIV.PRO. 60(b) & 41(d)* [D.E. 46] & OBJECTING TO SPECIFIED
PRODUCTION IN [D.E. 61-1]**

**COMES NOW**; Plaintiff, FLAVA WORKS, INC., by and through Undersigned Counsel, pursuant to Federal Rules of Civil Procedure 41(d), 60, & 69, and Fla. Stat. § 56.29 and hereby file this Motion in Opposition for Proceedings Supplementary [D.E. 61] and the relief requested, moves for reconsideration of [D.E. 46] in light of substantially changed circumstances, under Fed.R..Civ.Pro. 60(b) & 41(d), to exclude intellectual property from any award to Defendants, to maintain the protections of the corporate veil, and uphold objections herein listed to the Defendants' requests for production[1] (Requests in [D.E. 60-1]), and in support of which states as follows:

---

[1] Undersigned Counsel offered Opposing Counsel answers and objections to their production requests in within seven days, on and before the date that [D.E. 60] was filed. See answer to [D.E. 60] for full explanation.

1

**I: INTRODUCTION**

1. The Defendant should have conducted discovery prior to requesting the relief in the Motion [D.E. 61]. If the Defendants chooses to avail themselves of the mechanisms of *Florida Statue § 56.29*, then Defendants should file a procedurally sufficient Motion for Proceedings Supplementary, this motion is not procedurally sufficient.

2. In [D.E. 60] the Defendants are asking for document production, which is at odds with the discovery mechanisms of Fla. Stat § 56.29(2) & (4), whose method of discovery is that:

> "On such plaintiff's motion the court shall require the defendant in execution to appear before it or a general or special magistrate at a time and place specified by the order in the county of the defendant's residence to be examined concerning his or her property."

Fla. Stat. § 56.29(2)

> "Testimony shall be under oath, shall be comprehensive and cover all matters and things pertaining to the business and financial interests of the defendant which may tend to show what property he or she has and its location. Any testimony tending directly or indirectly to aid in satisfying the execution is admissible. A corporation must attend and answer by an officer who may be specified in the order. Examination of witnesses shall be as at a trial and any party may call other witnesses."

Fla. Stat. § 56.29 (4) & See, *Jackson-Platts v. GE Capital Corp.*, 727 F.3d 1127 (11th Cir. 2013)

---

Undersigned Counsel still offers answers and objections within ten days of the Court ordering such or the Defendants withdrawing [D.E. 60].

The Defendants must use the state practice, within jurisdiction in which the Federal Court is located, in order to collect on a judgement. See, *F.R.Civ.Pro. 96 & Liberty Mut. Inc. Co. v. C-Staff, Inc.*, 280 F.3d 1337, 1339 (11th Cir. 2002).

3. The county of Defendant's residence is in Chicago Illinois, which places the Defendant Corporation beyond the bounds of Fla. Stat. §56.29(2), and there is no establishment of a basis for jurisdiction sufficient to satisfy Fla. Stat. § 56.29. Hence, the relief sought under [D.E. 61] should be denied. *See, Rudo v. Levin*, 855 So.2d 115, (Fla. 4th DCA 2003) & *Conrad v. McMechen*, 338 So.2d 1306, (Fla. 4th DCA 1976).

4. There is no evidence of fraud, which is necessary to pierce the corporate veil. Hence, the only party at issue is FLAVA WORKS, and the discovery requests in [D.E. 60] are impermissibly overbroad.

5. The major purpose of Proceedings Supplementary, are to uncover fraudulent transfers made to third parties in order to avoid judgment creditors, there being no evidence of such transfers, Proceedings Supplementary are unnecessary. *See,* Jackson-Platts, 727 F.3d 1127, *Estate of Jackson. v. Ventas Realty*, L.P., 812 So.2d 1306 (MD. Fla. 2011), *Young v. McKenzie*, 46 So.2d 184 (Fla. 1950), & *Biel Reo, LLC. v. Barefoot Cottages Dev't.*, 156 So.3d 506 (Fla. 1st DCA 2015).

6. The Court should deny the motion for Proceedings Supplementary because it is procedurally deficient.

7. The relief requested in the motion must be denied because there is little to no legal basis for the transfer of trademarks and logos, as payments of a judgment in this case, and no supporting legal basis, cited in the motion for the transfer of any other intellectual property, especially as it applies to internet domain names and websites.

8. This action is inextricably intertwined with two similar causes in the Hon. Judge Cooke's Courtroom, Cases 1:15-cv-20245-MGC & 1:15-cv-21592-MGC. In those actions, Judge Cooke has issued an order to Show Cause, or stay said actions until this judgment is paid [D.E. 64] & [D.E. 57], in the cases respectively.

9. The actions in Judge Cooke's Courtroom being similar, if not the same as the instant action, means that much, if not all, of the filings in this case can be used in the actions in Judge Cooke's Courtroom, one action actually filed by Defendants, means the theory under which fees were awarded, based on the voluntary dismissal and Rule 41(d) of the Federal Rules of Civil Procedure, is subject to substantially changed circumstances. Hence, Plaintiffs would argue that applying the judgement prospectively is no longer equitable under *Fed.R.Civ.Pro. 60(b)(5). See, Exhibit 1*.

10. In this case the answers filed, and the motion to dismiss, at least the research and main written body, may be reused as motions and a responsive pleading in 1:15-cv-20245-MGC & 1:15-cv-21592-MGC, both pending in this district, and regarding the same copyright infringement. *See, Exhibit, 1*. Fees should be limited to that which is not useful in discovering, researching and pressing legal arguments in the latter case, meaning that fees should not be awarded for any work that can be recycled into the subsequent case. *See, Wolf v. Pac. Nat'l Bank, N.A.,* 2010 U.S. Dist. Lexis 36202 (SD. Fla. 2010), *Shaker Vill. Condo. Ass'n v. Certain Underwriters at Lloyds of London*, 2009 U.S. Dist. 78657, * (SD. Fla. 2009), *Heath v. Hard Rock Café Int'l (STP), Inc.,* 2011 U. S. Dist. LEXIS 42868 (MD. Fla. 2011), *Nichols v. Cmty. Bank & Trust of Southeast Ala.*, 2013 U.S. Dist. Lexis 1192898 (SD. Ala. 2013), *Camp v. Goodyear Tire & Rubber Co.*, 2012 U.S. DIst. Lexis

99069, * (MD. GA 2012), *Germain v. Semco Serv. Machinery Co.*, 79 F.R.D. 85 (E.D.N.Y. 1978).

11. While 41(d) addresses what occurs if the Plaintiff files a later similar action, in this instance the Defendants filed a declaratory action in the Southern District of Florida.

12. Defendants were able to recycle the same work, with little change, in their Declaratory Action 1:15-cv-20245-MGC for [D.E. 20]. Then the Defendants were able to use the same work [D.E. 20] & [D.E. 11] to answer the case transferred from Illinois, 1:15-cv-21592-MGC. *See, Exhibit 1*.

13. For two subsequently filed actions, one filed by the Defendants themselves, Defendants were able to recycle almost all of their work. This constitutes a fundamental change in in circumstances and warrants the Court's reconsideration of the awarded fees in its order [D.E. 46], and at a minimum reconsideration should occur under *Fed.R.Civ.Pro. 60(b)*, and Plaintiff moves for such reconsideration. See, Id., & *ACLU v. Barnes*, 168 F.3d 423 (11 Cir. 1999).

## II: MEMORANDUM OF LAW

<u>1: Defendants Attempt to use Fla. Stat. § 59.26 for an Improper Purpose, Plaintiff Wishes to Use Proceedings Supplimentary to Moot Other Actions in this District.</u>

Defendant confuses a motion for proceedings supplemental and a motion for summary proceedings. Essentially, Defendant lays out a list of demands, that it wishes to be satisfied in payment of the judgement, and neglects to realize that *Fla. Stat. § 56.29* is a supplementary proceeding meant to discover the extent of the assets of the debtor. The motion for this proceeding is not a motion asking the court for a distribution of the Debtors believed assets, but rather

Supplementary Proceedings that allow the Court to take sworn testimony in aid of execution of the judgment, by first discovering, then valuing, then distributing disputed assets in aid of execution of the judgement.

In other words, the Court is not Santa, and the Defendant does not get to make a wish list of property, that incidentally, at least, partially relieves it of liability in pending actions, and then expect the Court to grant these wishes, interfering with litigation in other courtrooms.

The intent of awarding attorneys' fees under 41(d) is not to award a partial adjudication on the merits of another action, by granting the Defendants property at issue in another lawsuit, nevertheless two. The Defendants ask this Court to moot those actions, because awarding them attorney's fees can be satisfied from by awarding them the specifically enumerated copyrights/trademarks/domains listed in Motion [D.E. 61] ¶9 & ¶10 p. 3-4, which are the copyrights/trademarks/domains at issue in 1:15-cv-20245-MGC & 1:15-cv-21592-MGC. Awarding said copyrights/trademarks/domains for unpaid attorneys' fees is at least partially a decision affecting the merits of 1:15-cv-20245-MGC & 1:15-cv-21592-MGC. Such a remedy is inappropriate.

Also, and essentially, the requested relief in Defendants' motion is an adjudication on the merits of the dismissed action, because the voluntarily dismissed action was brought for the violation of rights in the intellectual property that the Defendants' seek in Defendants' Motion [D.E. 61]. *See, [D.E. 1]*.

2. The Motion Must be denied because it is Procedurally Deficient

Furthermore, the Motion [D.E. 61], fails to meet one of two jurisdictional prerequisites. One of those two prerequisites is that it must contain an affidavit averring that the writ is valid and

6

unsatisfied, along with a list of third persons to be impleaded. *See*, *General Trading v. Yale Materials Handling Corp.*, 119 F.3d 1485 (11 Cir. 1997), *Zurich Servs. Corp. v. Prof Mgmt, Servs. Group*, 2015 U.S. Dist. LEXIS 56882, * (MD. Fla. 2015), *Office Bldg., LLC v. CastleRock Sec., Inc.,* 2011 U.S. Dis. LEXIS 47812, * (SD. Fla. 2011), *Broward Marine, Inc. v. S/V Zues*, 2010 U.S. Dist. Lexis 8077,* (SD. Fla. 2010), *Allied Industries International, Inc. v. AGFA-Gavaert, Inc.,* 688 F. Supp. 1516 (SD. Fla. 1988), *B & I Contractors, Inc. v. Mel RE Contr. Mgmt.*, 66 So.3d 1035 (Fla. 2nd DCA 2011), *Valley Case & Cooler, Inc. v. H. Kaiser Associates, Inc.*, 514 F. Supp. 352 (SD. Fla. 1981), *Mejia v. Ruiz*, 985 So.2d 1109 (Fla. 3rd DCA 2008) & *Tomayko v. Thomas*, 142 So.2d 227 (Fla 3rd DCA 1962).

There is no list of parties or persons to be implead, hence the jurisdictional prerequisite for Proceedings Supplementary are not met. This jurisdictional prerequisite is in effect because the purpose of Proceedings Supplementary is to recover fraudulently transferred assets to third parties. *See,* Valley Case & Cooler, Inc., 514 F. Supp. 352, Jackson-Platts, 727 F.3d 1127, Estate of Jackson, 812 So.2d 1306, Young, 46 So.2d 184, & Biel Reo, LLC., 156 So.3d 506. In this case there is no evidence that such parties exist, hence, failure of the Defendants to meet this prerequisite, is a fatal flaw.

Additionally, since the Defendant Corporation is now located in Illinois, Defendant fails to establish that the business was moved for any illegitimate reason, and without establishing such, there is no basis for jurisdiction over the Plaintiff, nor the individual CEO/President, under *Fla. Stat. § 56.29*. Hence, the Motion [D.E. 61], asks for inappropriate proceedings and lacks the fundamental jurisdictional prerequisites for this Court to even consider granting it.

3. There is no Basis for an Allegation of Fraud, and, Hence, Proceedings Supplimentary are Inappropriate.

Section (5) of Fla. Stat. § 56.29 reads;

> "The court may order any property of the judgment debtor, not exempt from execution, in the hands of any person, or any property, debt, or other obligation due to the judgment debtor, to be applied toward the satisfaction of the judgment debt. The court may entertain claims concerning the judgment debtor's assets brought under chapter 726 and enter any order or judgment, including a monetary judgment against any initial or subsequent transferee, in connection therewith, irrespective of whether the transferee has retained the property. Claims under Chapter 726 are subject to the provisions of chapter 726 and applicable rules of civil procedure."

Section (6) of Fla. Stat. § 56.29 reads;

> "(6)(a)   When, within 1 year before the service of process on him or her, defendant has had title to, or paid the purchase price of, any personal property to which the defendant's spouse, any relative, or any person on confidential terms with defendant claims title and right of possession at the time of examination, the defendant has the burden of proof to establish that such transfer or gift from him or her was not made to delay, hinder, or defraud creditors.
> (b)   When any gift, transfer, assignment or other conveyance of personal property has been made or contrived by the judgment debtor to delay, hinder, or defraud creditors, the court shall order the gift, transfer, assignment or other conveyance to be void and direct the sheriff to take the property to satisfy the execution. This does not authorize seizure of property exempted from levy and sale under execution or property which has passed to a bona fide purchaser for value and without notice. Any person aggrieved by the levy may proceed under ss. 56.16-56.20."

The main purpose of Proceedings Supplementary under *Fla. Stat. § 56.29,* is to discover fraudulent transfers, *Chapter 726 of the Florida Statutes*, referenced in *section five*, is the chapter on fraudulent transfers, and *section six* makes clear the nature of the assets the Court is to rule on in Proceedings Supplementary. See, Valley Case & Cooler, Inc., 514 F. Supp. 352, Jackson-Platts, 727 F.3d 1127, Estate of Jackson, 812 So.2d 1306, Young, 46 So.2d 184, & Biel Reo, LLC., 156 So.3d 506.

8

Additionally, Defendants ask for five forms of relief, one is a catch all, one is to pierce the corporate veil, which depends on a showing, amongst other things, of fraudulent transfers under Chapter 726 of the Florida Statutes, two request that transfers to third parties be set aside for fraud. Hence, the existence of third parties, and fraud involving those third parties, is the essence of all of the Defendants' requested relief, save the catch-all of "whatever else the Court deems just and proper," and asking for intellectual property that they will try to moot other actions, including one filed by Defendants, with, and is a decision on the merits of this dismissed action. *See, [D.E. 1 & 61, p. 1, 2, & 4 (#11) ,& p. 8-9 (a)], infra & supra.* Hence, without there being evidence of a fraudulent transfer, there is no appropriate justification for Proceedings Supplementary, and Defendants' Motion [D.E. 61] should be denied.

There is no evidence that any property has been fraudulently transferred to any party. The evidence is that the CEO/President of FLAVA WORKS moved the state of his residence, with it he moved the business, and that Plaintiff Business is not as successful as the Defendants wish it were.

The Plaintiff Business is not as successful as it should be, because its intellectual property is pirated by the Defendants, and used for their own monetary gain, and the gains of third parties. Which was why Defendants were sued in the first place. This is why, with the transfer of the same/similar litigation back into this district, and the Defendants filing their own independent action, a decision on the merits of the cases, and determining a prevailing party entitled to fees on the merits, is superior to awarding the instantly debated attorneys' fees.

Any inability or ability of the Plaintiff to pay the fees awarded by the Court is hampered by the actions of the Defendants. Defendants own willful malfeasance has stopped the Plaintiff from accruing enough assets to pay the judgment, because prospective customers do not want to

pay for the content they can see for free on Defendants' website. Defendants' website's use of the material, in links to third parties cites, destroy the goodwill of the Plaintiffs because the third parties use credit card information fraudulently.

Now the lack of liquid assets created by Defendants is the basis upon which Defendants demand to own the copyrights, websites, trademarks, and intellectual property in question, assuming that ownership will quash any claim against them, for previous and continued malfeasance. Hence, the Defendants own malfeasance will result in the ownership of the Plaintiff's main assets, and Defendants will argue absolution of liability in other legitimate actions, seeking redress for said malfeasance. Granting The Motion, [D.E. 61], will actualize the Defendants' strategy of destroying the Plaintiff's assets, and then seizing the Plaintiff Company, in order avoid Plaintiff's attempts to gain equitable remedy for Defendants destruction of Plaintiff Corporation's goodwill and the Defendants' illegal use of Plaintiff's intellectual property.

An out of control fishing expedition for baseless allegations of fraudulent transfers, which literally are just that if any occurred the Defendants are entitled to said property, is uncalled for. The Motion [D.E. 61] does not properly allege any transfers that would then be subject to analysis under *Chapter 726 of the Florida Statutes*.

There are a lot of allusions to entitlements Defendants may have, in the Motion [D.E. 61], however none of them meet the requisites of evidencing a fraudulent transfer, nor necessitating the procedures described in *Fla. Stat. § 56.29(4)*. The Defendants must prove that a transfer was fraudulent by showing three elements Those elements are laid out in the language of *Fla. Stat. § 56.29(6)(a)*, and require that:

(1) A transfer of property, must have taken place within one year of the service of process;

(2) The property was transferred to a third party; and

(3) The third party has ownership, currently, of the property, under confidential terms with the debtor.

*See, Fla. Stat. 56.29(6)(a),* Mejia, *So.2d 1109, Treated Timber Products, Inc. v. S & A Associates, Inc.*, 488 So.2d 159 (Fla. 1st DCA 1986), *Swartz v. Lipsky*, 241 So.2d 448 (Fla. 3rd DCA 1970), & Bally Case & Cooler, 514 F.Supp. 352.

There is no evidence of any transfers at all, at this moment, other than the transfer of registration from one state to another, of the same company. Hence, Proceedings Supplementary to divest transferees are not necessary. The transfer of any property for the reasonable equivalent of its monetary value is not a fraudulent transaction. *See, Jacksonville Bulls Football, Ltd. v. Blatt,* 535 So.2d 626 (Fla. 3rd DCA 1988), *Orlando Light Bulb Service, Inc. v. Laser lighting and Electrical Supply, Inc.,* 523 So.2d 740 (Fla. 5th DCA 1988), & *Broward Marine, Inc. v. S/V Zues*, 2010 U.S. Dist. Lexis 8077,* ( SD. Fla. 2010). Undersigned Counsel is not aware of any transfers of property interests of Plaintiff, however, if there is a transaction Undersigned Counsel is unaware of, that transaction would still need to be proven to be for less than the monetary value of what was transferred, and for the purpose of defrauding the judgment creditors.

If there were third parties, and none are alleged, then they would need proper notification, affording them their constitutional right to protect their property and have due process of law before divestment, which may include a jury trial under *Fla. Stat. § 56.29*. *See,* Jackson Platts, 727 F.3d 1127, *Office Bldg., LLC v. CastleRock Sec., Inc.,* 2011 U.S. Dis. LEXIS 47812, * (SD. Fla. 2011), & *Schron v. Nunziata*, 136 So.3d 684 (Fla. 2nd DCA 2014). However, there is no basis at law to determine the divestment of third parties under *Fla. Stat. § 56.29*. The Plaintiff's CEO/President proclaimed the Plaintiff is broke, and that is the basis of the Defendants request for

Proceedings Supplementary, not there were any fraudulent transfers, hence, there is no basis for Proceedings Supplimentary and not even naming a potential third party is a fatal flaw.

4. There is no Basis for Piercing the Corporate Veil

In order to pierce the corporate veil there would, at a minimum, need to be evidence properly establishing fraudulent transfers to avoid a judgment creditor, which unjustly enriched the President/CEO of FLAVA WORKS, Phillip Bleicher. *See, Specifically, Rashdan v. Shikh, M.D. P.A.,* 706 So.2d 357 (Fla. 4th DCA 1998), *Ally v. Naim*, 581 So.2d 961 (Fla. 3rd DCA 1991), *Eckhardt v. United States*, 2010 U.S. Dist. Lexis 142176, * (SD. Fla. 2010), *Hudson & Keyse, LLC v. Goldberg & Assocs., LLC*, 2009 U.S. Dist. LEXIS 24728, * (SD. Fla. 2009), *Kanov v. Blitz*, 660 So.2d 1165 (Fla. 3rd DCA 1995), & *Hilton Oil Transp. v. Oil Transp. Co.*, 659 So.2d 1141 (Fla. 3rd DCA 1995), *See, Generally, Morton v. Cord Realty, Inc.*, 677 So.3d 1333 (Fla. 4th DCA 1996) & *Amajan Munim, M.D., P.A. v. Axar*, 648 So.2d 145 (Fla. 4th DCA 1994). No such allegations are even made, and hence there is no basis to pierce the corporate veil.

Additionally, jurisdiction over Phillip Bleicher would need to be independently established by the motion, and the motion does not establish subject matter jurisdiction nor personal jurisdiction, the Court could exercise under *Fla. Stat. § 56.29*. Phillip is a resident of Illinois, as Defendants are so fond of pointing out, and *Fla. Stat. § 56.29* only requires a judgement creditor to submit to its procedural mechanism, testimony under oath, in the county of the judgment debtor's residence, which is in Illinois and not located in the Southern District of Florida. *See, Fla. Stat. § 59.29(2) and* Rudo, 855 So.2d 115, & Conrad, 338 So.2d 1306.

5. There is No Legal Basis for the Relief That Defendants Seek

Transferring the substantial intellectual property holdings, requested by Defendants, to a judgment creditor, who is owed under $29,000, is a disproportionate remedy resulting in unjust enrichment. The Court should not even begin to consider the transfer of intellectual property until it evaluates, the value of that intellectual property.

The Court should also note that it would be overly generous to say that websites, copyrights, domains, and other intellectual property, could be awarded in Supplimentary Proceedings, and unjustified, leap of legal imagination.

On Page 6 of the Defendants' Motion, which could only be a mistake, the Defendant states;

> "Proceedings Supplimentary is used to reach equitable assets that are not subject to levy under a writ of execution, such as promissory notes, accounts receivable, chose in action, and for purposes of this motion, property such as copyright registrations, unregistered copyrights, and/or top level internet domain names. *Continental Cigar Corp. V. Edelman & Co.*[,] 397 So.2d 957 (Fla. 3d DCA 1981)."

*See, [D.E. 61, p. 6]*

There are several issues with this statement and citation to <u>Continental Cigar Corp.</u> The first and most obvious issue is that no court in 1981 was ruling on "top level internet domain names." Undersigned Counsel pondered whether he had gone crazy and "top level internet domain names" were ruled on by the court in Florida Third District Court of Appeals in 1981, so he checked, it did not.

Not only did the Court not rule on "top level domain names" in 1981. The Court ruled specifically that the fraudulent transfer by an insolvent company, of a trademark and logo, to avoid a judgment creditor, was invalid, in an action that was not limited to the infringement of said trademark and hence distinguishable from the instant case. The Court did hold that an insolvent

13

company's trademark and logo, which had been fraudulently transferred to a third party, could be used to satisfy a judgment, but that ruling says nothing about "copyright registrations, unregistered copyrights, and/or top level internet domain names."

Continental Cigar Corp., is the only case that the Defendants cite in reference to their claims that copyrights, unregistered copyrights, webcites, top level internet domains, and other intellectual property, may be awarded to satisfy a judgment in Florida. However, the case says no such thing, it says a trademark and logo that have been fraudulently transferred to avoid a judgment creditor, can be transferred to the holder of the judgment, and nothing about copyrights, the internet, or other intellectual property. Hence, there is no legal support for the relief requested in Defendants' Motion [D.E. 61]. Without a basis in law the Motion must be denied.

Since, almost all of the relief demanded by Defendants relies on the contention that they are entitled to copyrighted materials, materials yet to be copyrighted, websites and top internet domain names, Undersigned Counsel Shepardized Cuban Cigar Corp., to see if any other court might have used it to support an award of a copyright, an unregistered copyright, an internet domain name, websites, or other intellectual property. Not a single Court has used this case this way. Eight state cases came up, that had nothing to do with intellectual property, and three District Federal Cases came up, one having to do with trademarks.

In 2008 Federal Magistrate Judge Simonton held, "Under Florida law, intangible assets, such as trademark rights, are amenable to execution under the statute." *Cuban Cigar Brands v. Tabacalera Popular Cubana, Inc.*, 2008 U.S. LEXIS 70531, * at *7 (SD. Fla. 2008). There is nothing cited for this holding other than Cuban Cigar Corp., which is about trademarks, fraudulently transferred by an insolvent company to avoid a judgment creditor.

The support for the ruling in Cuban Cigar Brands that trademarks could be subject to seizure was accredited to Cuban Cigar Corp., A decision by a Minnesota Bankruptcy Court, *In re Alexander*, 1995 Bankr. LEXIS 514, * (Bankr. D. Minn. April 21, 1995), addressing the garnishment of an alleged fraudulently transferred shares in businesses, and funds in a money market account, under *Minn. Stat. § 571.73.*, and *Riley v. Crossings Cmty. Church, Inc.*, 881 So.2d 685 (Fla. 5th DCA 2004), which addresses attorneys' fees and money damages for a third party implead into a *Fla. Stat. § 56.29 action*, and does not involve intellectual or intangible property in its two paragraphs, as far as Counsel can tell.

Undersigned Counsel Shepardized Federal Magistrate Judge Simonton's ruling to see if any court had used the ruling to extend to intellectual property/intangible assets. Seven cases resulted, and only one addressed intellectual property/intangible assets, using Cuban Cigar Brands, and it is not remotely applicable or binding. Federal Magistrate Judge T. Lane Wilson of the Northern District of Oklahoma, used the decision as support for the seizing of intellectual property under *Oka. Stat. tit. 12, §733*, in *Skycam, LLC v. Bennett*, 62 F.Supp. 3d 1260 (ND. Okla. 2014).

The Court in Continental Cigar Corp., did hold, that "Judges have both the power and the duty to bring in third parties when relief against them may be warranted. Relief against impleaded third parties may encompass a chose of action." Continental Cigar Corp., 397 So.2d 957 at 958 (internal citations omitted). The nature of the decision, as applying to a fraudulently transferred asset, would suggest that the Court's holding was narrow and not nearly as broad as Defendants state, especially since it lists nothing other than a trademark and logo of an insolvent company.

Again Continental Cigar Corp., which is the linchpin of Defendants Motion [D.E. 61], supports the contention that the purpose of Proceedings Supplementary is to subject fraudulent

transactions, made to third parties, to seizure by the court. Since there are no allegations or evidence of a fraudulent transfer, awarding Proceedings Supplementary, is not appropriate.

If the Court granted Proceedings Supplementary, it would be up to the Court, upon proper evidence, to determine the value of the intellectual property, as the Defendants are owed $28,060.57, and the property they request has a far greater value. It has even greater value than the Defendants are willing to admit because the copyrights, trademarks and domain names they are asking for, are the copyrights and domain names that they are alleged to have infringed in, the instant action, Case 1:15-cv-21592-MGC, they filed and currently pending, and the are being sued on in Case 1:15-cv-20245-MGC, which is also currently pending.

6. Relief from the Judgment under Federal Rule of Civil Procedure 60(b) is Appropriate.

To effect the purposes of equity and justice, *Fed.R.Civ.Pro. 60(b)* should be liberally construed and applied. *See, United States v. Gould,* 301 F.2d 353 (5th Cir. 1962), *Michigan Surety Co. v. Service Machinery Corp.*, 277 F.2d 531 (5th Cir. 1960), *Harris v. Ledford Farms, Inc.*, 2013 U.S. Dist. LEXIS 145430, * (SD. Fla. 2013). The equitable premise behind the award of attorneys' fees under *Fed.R.Civ.Pro. 41(d)*, is fundamentally altered when the party against whom the suit has been dismissed, subsequently files its own case for declaratory relief, on the same issues, in the same district, and may recycle their research, work, arguments and pleadings. At that juncture it becomes inequitable to enforce the judgement prospectively, and a substantial change has occurred warranting relief under *Rules 41(d) & 60(b)(5)*. *See, Id. & Wolf v. Pac. Nat'l Bank, N.A.,* 2010 U.S. Dist. Lexis 36202 (SD. Fla. 2010), *Shaker Vill. Condo. Ass'n v. Certain Underwriters at Lloyds of London*, 2009 U.S. Dist. 78657, * (SD. Fla. 2009), *Heath v. Hard Rock Café Int'l (STP), Inc.,* 2011 U. S. Dist. LEXIS 42868 (MD. Fla. 2011), *Nichols v. Cmty. Bank & Trust of*

*Southeast Ala.*, 2013 U.S. Dist. Lexis 1192898 (SD. Ala. 2013), *Camp v. Goodyear Tire & Rubber Co.*, 2012 U.S. DIst. Lexis 99069, * (MD. GA 2012), <u>Germain</u>, 79 F.R.D. 85.

The fact that most, if not all of the work invested into the instant action, can be recycled into one of the two pending actions, one of which Defendants themselves filed, justifies the reconsideration of the award of attorneys' fees under *Fed.R.Civ.Pro. 41(d) and 60(b). See, Id.*

<u>7. Defendants are in a Bind, Defendants will Argue that they Need Discovery under FL.R.Civ.Pro. 1.560, to Prove Transactions, which could be the Subject of Proceedings Supplimentary, occurred and the existence of Third Parties, yet since such was not yet Discovered, the Motion for Proceedings Supplimentary is Premature and should be denied by the Court.</u>

Defendants will no doubt argue that discovery is needed under *FL.R.Civ.Pro. 1.560*, to establish their fraud allegations. In the case that they argue this, then the motion for supplementary proceedings was filed too early, because it was filed without evidence of fraud, nor any actual transactions, and without knowledge of parties who needed to be implead.

Since, Undersigned Counsel offered to provide Defendants with discovery responses in seven days, on the date that the motion to compel was filed [D.E. 60], and before the Motion was filed, the Defendants should have agreed to wait the seven days, received responses, seen that there was no basis for a motion for Proceedings Supplementary, or somehow have alleged one, and figured out a basis for jurisdiction and impleader of any relevant parties. Now only transactions within one year of the complaint are relevant because of Defendants' chosen remedy, and Plaintiff objects to answering the vast majority of the discovery on that basis.

Under *Fla. Stat. § 726.106(1)*, in order for the transfer to be fraudulent, the transfer must not be in exchange for something of reasonably equivalent monetary value. Defendants will argue that the standard industry practices of licensing materials to third parties are fraudulent transfers.

However, ownership was not transferred, a license to use materials was granted, which is a right of an owner of intellectual property and how Plaintiff generates income.

If anything these license agreements, in conjunction with the Plaintiff's CEO/President proclaiming Plaintiff is broke, show that Plaintiff is making every effort to generate the income necessary to pay such a judgment, and the extreme remedies (of basically divesting Plaintiff of existence) asked for in The Motion [D.E. 61] are unnecessary, in addition to the other reasons granting Defendants, Plaintiff Business, (as the motion basically asks for) are unjust. *See, infra.*

8. Defendants Chosen Method of Proceedings Supplimentary, Render Most of its Discovery Requests [D.E. 60-1] Overly Broad and Plaintiffs therefore Object to Answering Those Listed Herein.[2]

Defendant choosing Proceedings Supplementary, makes most of the Defendant's discovery requests [D.E. 60-1] completely irrelevant, overly broad in scope (as transfers are only relevant if they are within one year of service), and well beyond the realm of relevance to the remedy Defendants seek. *See,* Swartz, 241 So.2d 448. In their discovery requests, Defendants basically seek to find evidence dating five years back, of transactions that may or may not have taken place, before the Instant Action was even contemplated. Only transactions within a year of service of process are relevant. *See, Id, & Fla. Stat. 56.29(6)(a),* Mejia, So.2d 1109, Treated Timber Products, Inc., 488 So.2d 159, & Bally Case & Cooler, 514 F.Supp. 352.

Hence, Plaintiff objects to the Defendants' discovery requests [D.E. 60-1] because of the overly broad scope included in "Definitions and Instructions" Number Thirteen. Number Thirteen

---

[2] Plaintiffs in no way waive any objections that are not stated in this motion. However, Plaintiffs argue that the requests are automatically objectionable, and said objections may be sustained now, by the Court, because the scope of the questions, is beyond the scope relevant to proceedings supplementary. Plaintiffs will still produce documents within ten days of a Court Order, or Defendant withdrawing D.E. 60 and asking in writing, subject to these and any other objections.

asks for a scope of about four years beyond what is relevant, some requests ask for even longer than that, and are also objectionable. A few requests ask for less than a five year scope but longer than one year before filing of the complaint. *See, [D.E. 60-1]*.

Specifically, Plaintiff objects to requests three, four, five, six (because Definition and Instruction thirteen requires production of everything since January 1, 2010), seven, eight (for the same reason as six), nine and ten (because only a one year, and not a three year period is relevant to Proceedings Supplementary), eleven, twelve, thirteen, fourteen (because discovery of ten years, when only one year is relevant, is so far beyond the scope), fifteen (for the same reason as nine), sixteen through eighteen (for the same reason as six), nineteen (because only a one year period is relevant, and not a two year period), twenty, and twenty-two (for the same reason as six).

Since, Defendants chose to avail themselves of *Fla. Stat. § 56.29*, Defendants rendered requests that pertain to transfers occurring and regarding assets accruing, more than a year before service of The Complaint, irrelevant and beyond the scope of discovery. *See, Id.*

Hence, Plaintiff moves that the Court uphold its objections to Discovery Requests [D.E. 60-1] numbered, three, four, five, six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, eighteen, nineteen, twenty, and twenty-two.

**WHEREFORE**; Plaintiff moves that this Honorable Court, review the judgment of attorneys' fees [D.E. 46] under *Federal Rules of Civil Procedure 41(d) & 60(b)*, deny the Defendants Motion for Proceedings Supplementary [D.E. 61], uphold the Plaintiff's objections to the document production requested in [D.E. 60-1], uphold the protections of the corporate veil, and in the alternative/in addition, deny any relief to Defendants that would require the transfer of intellectual

property, especially the property which is at issue in currently pending actions, 1:15-cv-20245-MGC & 1:15-cv-21592-MGC.

Respectfully Submitted,

/s/Joshua H. Sheskin, Esq.
Joshua H. Sheskin, Esq.
Bar # 93028
JHS@SheskinLaw.com
Service@SheskinLaw.com
The Sheskin Firm
9424 SW 52nd Street
Cooper City, FL 33328
786-529-0420
Fax: 786-332-5349
Attorney for the Plaintiff

### Certificate of Service

**I hereby certify** that a true and correct copy of the foregoing was served via CM/ECF on 08/13/2015 on all counsel or parties of record on the Service List below.

/s/Joshua H. Sheskin, Esq.
Joshua H. Sheskin, Esq.
Bar # 93028
JHS@SheskinLaw.com
Service@SheskinLaw.com
The Sheskin Firm
9424 SW 52nd Street
Cooper City, FL 33328
786-529-0420
Fax: 786-332-5349
Attorney for the Plaintiff

### SERVICE LIST

John F. Bradley, Esq.
Bar Number 0779919
Bradley Legal Group
15 Northeast 13th Ave.
Fort Lauderdale FL 33301
Jb@bradlegal.com
Tel: 954- 523-6160
Fax: 954-523-6190
Attorney for the Defendants