UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**FLAVA WORKS, INC.**                    CASE NO. 1:14-CV-23208-JAL

**Plaintiffs,**

**v.**

**A4A RESUAU, INC.,**
**A4A NETWORK INC., and**
**MARC PARENT**

**Defendants.**
_____/

## PLAINTIFF RESPONSE TO DEFENDANTS' MOTION TO COMPEL A DISCOVERY RESPONSE TO FIRST REQUEST FOR PRODUCTION IN AID OF EXECUTION

Plaintiffs, FLAVA WORKS, INC., by and through the undersigned counsel, and pursuant to *Federal Rule of Civil Procedure 37*, and *Local Rule 7.1*, and hereby files this response opposing the relief requested in Defendants Motion [D.E. 60] ("Motion"), and in support of which states as follows:

1. Plaintiff made every attempt to cooperate with Defendant and avoid this Motion, including a phone call less than twenty minutes before Defendant filed this motion. In said phone call plaintiff agreed to answer within seven days, however, Defendants' Counsel, informed Plaintiff's Counsel that he would not agree to a seven day extension, unless Plaintiff's Counsel agreed to waive any and all objections to the requested documents.

2. Defendants' Counsel simply asks This Court to compel a response and does not ask that all objections be waved.

1

3. Defendant asks for a ten day time period. Plaintiff agreed to seven days, and that means that this motion, which asks for more time for Plaintiff to respond, than Plaintiff even indicated was necessary, is solely for the purpose of accumulating attorneys' fees, and then asking for the award of such.

4. As this judgment is simultaneously at issue in Judge Cooke's Courtroom in Case 1:15-cv-20245-MGC, which Undersigned Counsel has been noticed on over a week before trying to settle this issue with Opposing Counsel, Undersigned Counsel emailed Defendant's Counsel and asked for a copy of the request for production, and offered all possible assistance and cooperation to help Defendant obtain the information pertinent to the matter, unless objectionable.

5. Defendants' Counsel refused to produce a copy until the morning of the Motion, claiming that Undersigned Counsel's offer of cooperation was invalid because he had not noticed his appearance on this case. Counsel sought immediate permission from His Client to notice Counsel's appearance, and did so within minutes of that permission.

6. Upon Counsel filing a Notice of Attorney Appearance, Defense Counsel sent an email with the requested documents for Undersigned Counsel's review.

7. Without giving Undersigned Counsel time to review said documents, Defendants' Counsel called Plaintiff's Counsel, and Plaintiff's Counsel again offered to cooperate. Defense Counsel asked if five or seven days would be sufficient enough time to provide answers and if we could enter into an agreed order on such. Plaintiff's Counsel agreed that he would have answers and any objections to Defense Counsel within seven days.

8. Defense Counsel then told Plaintiff's Counsel that he would need to waive all objections to the requests for production, or there was no agreement. Undersigned Counsel did not

even look over all of the requests at that juncture, since Undersigned Counsel just received them, but knew that several were clearly objectionable, and several were asking for documents that, if not objectionable, involved the rights of third parties who may wish to object. Undersigned Counsel asked that he be given the seven days to produce or object to the requests for production, and expressed his willingness to cooperate yet again.

9. Defense Counsel had ready to be filed two motions that he was calling in reference to, one was in reference to, the Instant Motion, and the other was for proceedings supplementary. Undersigned Counsel was abruptly asked if he objected to both, and having asked in emails for clarification about the scope of supplementary proceedings and being told that Defendant's Counsel would not define a scope, Undersigned Counsel expressed an objection and desire to discuss further. Undersigned Counsel wanted to discuss scope to avoid duplicitous discovery. When Undersigned Counsel attempted to discuss the matter further, in good faith, and hoping for resolution without the involvement of This Court, Defense Counsel, said "bye" and hung up on Undersigned Counsel.

10. This Motion, is completely unnecessary because Undersigned Counsel agreed to an even shorter time frame to produce the responses. Any objections may have also been capable of being worked out at the time, but Defense Counsel hung up the phone on Undersigned Counsel.

11. Within minutes of Defense Counsel hanging up the phone on Undersigned Counsel, Defense Counsel filed the Motion now before This Court, as it was clearly written in advance, and a good faith effort to resolve the issue between the parties was not the intended goal of Defendant's Counsel. Showing a blatant disregard for the Local Rules (7.1), the unnecessary accumulation of attorneys' fees, and This Court's time.

12. Plaintiff is willing to agree to produce answers and objections within ten days of any court order, or Opposing Counsel withdrawing this motion and making the request of Undersigned Counsel in writing. Making this Motion moot, since [D.E. 60] does not ask Plaintiff to waive all objections, which was the only issue Plaintiff had with a joint order.

## II: MEMORANDUM OF LAW IN SUPPORT

*F.R.Civ.Pro. 37(a)(4)*, only allows for the award of attorneys' fees if the motion "was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action." *See also*, *Harvey v. West Acquisitions & Inv. Group, Inc.*, 2008 U.S. Dist. Lexis 6297,* (SD. Fla., 2008) & *Procaps S.A. v. Patheon, Inc.*, 2013 U.S. DIst. Lexis 170299,* (S.D. Fla., 2013). Basically, the rule sets out three exceptions to the award of attorneys' fees for a discovery violation, and one of them is "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;… If any of these exceptions apply, then the Court is prohibited from entering an award." *See*, Procaps S.A. at *12.

Just as This Court ruled that if an exception were to apply in Procaps S.A., then The Court could not award fees, in this case the first exception listed by This Court in Procaps S.A. applies, the movant did not make a good faith effort to obtain the discovery without the involvement of The Court. Actually, Undersigned Counsel offered the discovery on his own, but Opposing Counsel wanted to ask The Court for attorneys' fees. If Opposing Counsel took Undersigned Counsel's offer, the discovery would have been produced by 7/30/2015, without the involvement of This Court.

4

This Court is not alone in its refusal to grant attorney's fees in relation to a motion for discovery, where discovery could have been obtained without the involvement of The Court, as it could have in this case. *See, Bell v. Scully Co.*, 2012 U.S. DIst. LEXIS 189402, * at *10 (SD. Fla. 2012) & *Andre v. Gonzalez, 2010 U.S.* Dist. LEXIS 92527,* at *4-*7 (SD. Fla. 2010).

Senior Judge Hoeveler clarified, in *Andre*, what is necessary in This District for an award of attorneys' fees under the Local Rules, which in turn allow for an award of attorneys' fees under the Federal Rules,

> "However, a movant's certification that he or she made 'reasonable efforts to confer' is not enough; subsection (b) instructs the movant to identify these efforts with specificity… The plaintiff did not identify what efforts were made. This violation of the Local Rules prevents the Court from knowing whether the plaintiff met the requirements to recover attorney's fees under the Federal Rules of Civil Procedure."
>
> *Andre v. Gonzalez, 2010 U.S.* Dist. LEXIS 92527,* at *6-*7 (SD. Fla. 2010).

If Opposing Counsel had described how he conferred, meaning, something other than that Undersigned Counsel did not agree to everything Opposing Counsel could think to put in his motion, but rather described that Undersigned Counsel agreed to produce responses within seven days, then this response motion would be unnecessary, and Defendant would have discovery without delay, incurring additional expense nor the unnecessary involvement of This Court.

Opposing Counsel states that undersigned counsel did not agree to the relief in his motion, but in reality Undersigned Counsel agreed to produce the discovery without the involvement of The Court and within seven days. However, disclosing that would have meant that Opposing Counsel had no basis for his motion under *F.R.CIv.Pro. 37*, This Court's precedent, and could not ask for attorneys' fees for an unnecessary filing and subsequent proceeding.

In fact, [D.E. 60], The Motion, lacks any certificate of good faith whatsoever, which is required by *Local Rule 7.1* and stands as a bar to the relief sought according to Andre. See, *Andre v. Gonzalez, 2010 U.S.* Dist. LEXIS 92527,* (SD. Fla. 2010).

The Court should think about what a full, open and honest certification would need to say. It would need to say something like

> "Opposing Counsel contacted me about how we can better cooperate, in order to move things along. He said he contacted me because at the hearing the day before, Judge Cooke asked us all to reduce the mess of litigation between the parties. The day Opposing Counsel contacted me, Judge Cooke issued an order enforcing the judgment in this case as a condition of moving forward with that case, unless cause is shown. After Opposing Counsel sent me a long email about how we could better move things along, and how willing he was to cooperate, including on this discovery, I decided I would not talk to him because he was not noticed on the inextricably intertwined case (this one), despite the fact that he was offering discovery and his help in resolving, or at least moving along, both cases. So I told him that he needed to notice himself, and due to the late hour he actually did the next morning, but not immediately upon my command. The next morning, after he had already sent two emails indicating his willingness to get me the discovery responses, he noticed his appearance, and I sent him my demands. I then called him and he offered to produce responses in seven days. Then I told him that he would have to wave all objections. When he was unwilling to acquiesce to my demands immediately, and wanted to discuss further, I said bye, hung up on him and filed my motion."

Plaintiff objects to several of the demanded documents. The objections, and the reasons for them, are outlined in the motion in response to Defendants Motion for Proceedings Supplementary [D.E. 61]. Plaintiff has additional objections to some of the documents requested to be produced, however at this juncture it is unnecessary to list them all.

**WHEREFORE;** Plaintiff, FLAVA WORKS, INC., by and through the undersigned counsel, and pursuant to *Federal Rule of Civil Procedure 37*, and *Local Rule 7.1*, opposes the self-enriching relief requested in Defendants Motion [D.E. 60].

Respectfully Submitted,

/s/Joshua H. Sheskin, Esq.
Joshua H. Sheskin, Esq.
Bar # 93028
JHS@SheskinLaw.com
Service@SheskinLaw.com
The Sheskin Firm
9424 SW 52nd Street
Cooper City, FL 33328
786-529-0420
Fax: 786-332-5349
Attorney for the Plaintiff

## Certificate of Service

**I hereby certify** that a true and correct copy of the foregoing was served via CM/ECF on 08/13/2015 on all counsel or parties of record on the Service List below.

/s/Joshua H. Sheskin, Esq.
Joshua H. Sheskin, Esq.
Bar # 93028
JHS@SheskinLaw.com
Service@SheskinLaw.com
The Sheskin Firm
9424 SW 52nd Street
Cooper City, FL 33328
786-529-0420
Fax: 786-332-5349
Attorney for the Plaintiff

**SERVICE LIST**

John F. Bradley, Esq.
Bar Number 0779919
Bradley Legal Group
15 Northeast 13th Ave.

Fort Lauderdale FL 33301
Jb@bradlegal.com
Tel: 954- 523-6160
Fax: 954-523-6190
Attorney for the Defendants
**SERVICE VIA CM/ECF**