UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-23208-CIV-LENARD/GOODMAN

FLAVA WORKS, INC.,

    Plaintiff,
vs.

A4A RESEAU, INC., A4A NETWORK, INC.,
And MARC PARENT,

    Defendants.
_____/

**RESPONSE IN OPPOSITION TO MOTION FOR RECONSIDERATION
OF THE AWARD OF ATTORNEYS' FEES**

Defendants/Judgment Creditors, A4A RESEAU, INC., a foreign corporation, A4A NETWORK, INC., a foreign corporation, and MARC PARENT, a foreign individual (collectively, the "Judgment Creditors"), by and through the undersigned counsel, and pursuant to Fed. R. Civ. P. 60(b), 59(e), and 41(d), hereby file this Response in Opposition to Plaintiff/Judgment Debtor FLAVA WORKS, INC. ("FLAVA")'s Motion for Reconsideration of the Award of Attorneys' Fees Under Fed. R. Civ. P. 60(b) and 41(d) [DE-63] ("Motion"), and in support thereof, state:

1. In yet another attempt to defy two (2) different courts' directives, this Court's as well as Judge Cooke's, FLAVA's Motion purports to request that this Court review and reconsider the Order Granting Defendants' Motion to Determine Reasonableness of Attorney's Fees Awarded to Defendants [DE-46] ("Award Order") issued on April 7, 2015.

2. As the basis therefor, FLAVA erroneously alleges that "the theory under which fees were awarded" in the Award Order "is subject to substantially changed circumstances." *See* Motion at ¶ 9. In addition, FLAVA purports to justify the reconsideration by claiming that

1

"most, if not all of the work invested into the instant action, can be recycled into one of the two pending actions." *See* Motion at p. 17.

**I. There Are No "Substantially Changed Circumstances"**

3.  According to FLAVA's Motion at p. 16:

[t]he equitable premise behind the award. . . is fundamentally altered when the [defendant] ***subsequently*** files its own case for declaratory relief… ***At that juncture*** it becomes inequitable to enforce the judgment prospectively, and a substantial change has occurred warranting relief under Rules 41(d) & 60(b)(5).

(citations omitted) (emphasis added).

4.  None of cases cited by FLAVA therein to support this allegation involve a defendant subsequently filing its own case for declaratory relief.

5.  Aside from the fact that this Court awarded Rule 41(d) fees solely based on FLAVA's re-filed action, FLAVA also fails to recognize that ***both related actions were not filed subsequently to the award***, as they had already been pending for ten (10) weeks at the time of the award.[1] In light of these discrepancies alone, FLAVA's argument clearly fails.

6.  The pendency of the related actions was first made of record herein just two (2) weeks after their inception, on February 4, 2015, by way of Judgment Creditors' Motion to Set Aside Dismissal, to Reinstate Action, to Consolidate Actions, and to Award Attorneys' Fees ("Entitlement Motion") (*see* [DE-24] at ¶¶ 12, 17). Therefore, both already-pending actions were included in the Entitlement Motion. This Court acknowledged same in the order dated February 25, 2015 [DE-26], and granted Judgment Creditors' Entitlement Motion on March 5, 2015 [DE-28], while being evidently fully aware of the actions. FLAVA's untimely response to the

---

[1] Both related actions were filed on the same day, on January 21, 2015. The Award Order was entered on April 7, 2015.

Entitlement Motion also acknowledged the pendency of the related actions. *See* [DE-29] at ¶¶ 10, 11.

    7.    Specifically, by the time that this Court awarded the fees:

        a.    Judgment Creditors had already responded in opposition to FLAVA's and its principal Mr. Bleicher's Motions to Quash Service of Process and Dismiss Complaint in case no. 1:15-cv-20245-MGC ("Dec. Action") (*see* [DE-26, 27] therein); and

        b.    FLAVA had already responded in opposition to Judgment Creditors' Motion to Transfer Venue in the Northern District of Illinois ("NDIL") before the NDIL granted Judgment Creditors' motion to transfer, which resulted in case no. 1:15-cv-21592-KMM ("Transferred Action"[2]) (*see* [DE-18] therein). Furthermore, Judgment Creditors were preparing their reply in support of their motion to transfer (*see* [DE-19] therein) and their response in opposition to FLAVA's Motion for Leave to File an Amended Complaint (*see* [DE-20] therein), which they filed two days after the Award Order.

    8.    Therefore, in contrary to FLAVA's position, there are ***no*** "substantially changed circumstances" herein, and the equitable premise behind the award has ***not*** been fundamentally altered. In fact, undisputedly, both remain unchanged.

## II. **FLAVA Waived Its Right To The Relief Sought In Its Motion And Fails to Meet The Requisite Standard For Reconsideration**

    9.    FLAVA's untimely response to the Entitlement Motion was based on the same premise that "any amount of work done in the instant case can also be used in the [Transferred Action]" (*see* [DE-29] at p. 5). However, the Court did not consider the response, as FLAVA filed it untimely and after the Court had already ruled on the Entitlement Motion.

---

[2] Judge Cooke consolidated Dec. Action and Transferred Action on July 9, 2015, aligning Judgment Creditors as the Plaintiffs/Counter-Defendants, and FLAVA and Mr. Bleicher as the Defendants/Counter-Plaintiffs. However, given the different sets of facts and arguments applicable to each respective action, they are treated and referred to herein as two separate actions.

10. Furthermore, FLAVA previously filed a Rule 60(b) motion [DE-33] concerning this Court's Order granting the Entitlement Motion, arguing that it should be entitled to a relief because of its untimely retained counsel's inability to file through CM/ECF its response thereto. This Court denied the Rule 60(b) motion on March 6, 2015, upon finding that FLAVA "has not satisfied the Rule 60(b) standard for relief from the Court's Order." [DE-36].[3] Although the facts and alleged issues used by FLAVA to support its Motion existed when it filed its Rule 60(b) motion, it nonetheless failed to raise them therein.

11. Also, FLAVA filed its opposition to Judgment Creditors' Motion to Determine Reasonableness of Attorney's Fees [DE-39] ("Reasonableness Motion"), on the same premise that "any amount of work done in the instant case can also be used in the [Transferred Action]" (*see* [DE-42] at ¶ 7). FLAVA's argument for why this Court should disallow attorney's fees (*see* [DE-42] at pp. 4-6) mirrored its argument made opposing the Entitlement Motion (*see* [DE-29] at pp. 3-5). Nonetheless, FLAVA's response [DE-42] was stricken by this Court without prejudice for failure to comply with this Court's January 16, 2015 Order. [DE-43]. FLAVA did not correct its response, therefore "failed to timely file an adequate Response[,]" and this Court awarded fees to Judgment Creditors on April 7, 2015. [DE-46].

12. Furthermore, FLAVA's subject Motion is in direct contradiction with its response to Judgment Creditors' Motion to Stay Proceedings Pending Payment of Attorneys' Fees and Costs, filed in the Transferred Action (*see* [DE-44] therein) dated June 6, 2015 ("Stay Response"). Judgment Creditors' motion to stay requested a stay of the Transferred Action therein until FLAVA paid the attorneys' fees under the Award Order. FLAVA alleged in its Stay

---

[3] As this Court has previously pointed out in the prior order [DE-36], "'Rule 60(b)(6) is an extraordinary remedy[.]' *Ritter v. Smith*, 811 F.2d 1398, 1400 (11 Cir. 1987)."

Response that Judgment Creditors were seeking to "second guess and amend the [C]ourt's [O]rder to include a stay of [the Transferred Action]" and "waived the right to amend the [J]udge's [O]rder since it [was then] well past the 28-day timeframe allowed by FRCP 59 to amend orders."

13. Yet, this is precisely what FLAVA is seeking to do in its Motion. This is also FLAVA's fourth attempt to "second guess and amend the [C]ourt's order[s]," (*see* [DE-29, 33, 42]), after claiming more than two (2) months prior that the same relief was already unavailable.

14. Moreover, assuming, *arguendo*, that the only viably-recyclable work was in fact recyclable, which it is not as explained in detail below, FLAVA would be only partially relieved from the Award Order, as the purportedly recyclable work accounted for only a fraction of the award. Therefore, FLAVA would not be completely relieved from the Award Order, and the Award Order would require an amendment.

15. The Rule under which FLAVA seeks relief herein, Fed. R. Civ. P. 60(b)(5), involves a relief from a final judgment or order if "applying it prospectively is no longer equitable," and a motion under this rule can be made within a reasonable time. Fed. R. Civ. P. 60(c)(1). Assuming, *arguendo*, that its argument actually had merit, the Rule applicable to FLAVA's Motion should actually be Rule 59(e), which involves altering or amending a judgment, including a motion for reconsideration, and must be made "no later than 28 days after the entry of the judgment." However, analogous to FLAVA's Stay Response, FLAVA "waived its right to amend the judge's order by waiting after the imposed 28-day deadline required by FRCP 59 to amend the order." *See* Stay Response in Transferred Action ([DE-44] therein) at p. 3.

5

16. The case of *Taylor Woodrow Const. v. Sarasota/Manatee Airport Authority*, 814 F.Supp. 1072-3 (M.D. Fla. February 18, 1993) states the standard for reconsideration:

> The Court's reconsideration of a prior order is an extraordinary remedy. Exercise of this power must of necessity be used sparingly. When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based. The movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. (Citations omitted).

17. "A motion for reconsideration should not simply rehash previously litigated issues, but instead, should raise new issues or identify a change in the factual or legal underpinnings upon which the original decision was based." *U.S. V. Russo*, 2011 WL 3044844 *1 (S.D. Fla. July 25, 2011) (citing *Jackson v. Wesley*, 2011 WL 2144696 *1 (M.D. Fla. May 31, 2011) ("Here, Plaintiff has noted no change in the factual or legal underpinning upon which the Court based its judgment." Motion for reconsideration denied.).

18. When a party "failed to show any substantial change in the factual or legal underpinning of the facts and circumstances relied upon by the district court in granting [a] judgment[,]" a Rule 60(b) motion was properly denied. *Dixon v. Board of Regents of University System of Georgia*, 378 Fed.Appx. 903, 2010 WL 1731777 *1 (11th Cir. 2010).

19. Therefore, by failing to show any substantial change in the factual or legal underpinning of the facts and circumstances relied upon by the Court in entering the Award Order, FLAVA has failed to meet the requisite standard for reconsideration

20. Furthermore, upon FLAVA's failure to comply with Judge Cooke's order (*see* [DE-64] therein), which required FLAVA to comply with the subject Award Order by August 24, 2015 (or else FLAVA's Transferred Action were to be stayed), FLAVA purported to show cause why its Transferred Action should not be stayed based on F. R. Civ. P. 62(b)(4) by virtue

6

of its subject Motion (*see* [DE-67] therein). Such cause is in violation of Fed. R. Civ. P. 60(c)(2), which explicitly states that FLAVA's Rule 60(b) Motion "does not affect the judgment's finality or suspend its operation." Also, FLAVA is seeking a relief under Rule 62(b) from Judge Cooke, but not from this Court that entered the subject Award Order and has the power to stay the execution thereof.

### III. Work Done In The Instant Action Cannot Be Recycled

21.     Contrary to FLAVA's allegations, no work completed herein could be recycled into either of the two (2) related pending actions.

22.     All of Judgment Creditors' filings herein since the dismissal of the action have concerned the dismissal and/or attorneys' fees, clearly do not pertain to any issues in the related actions, and therefore cannot be recycled therein.

23.     Judgment Creditors' only three (3) filings herein prior to the dismissal of the action consisted of (1) Motion to Dismiss, Strike and/or For More Definite Statement [DE-11], (2) Rule 7.1 Statement [DE-12], and (3) Answer and Affirmative Defenses [DE-20]. No pre-judgment discovery was conducted.

24.     Judgment Creditors are unable to recycle into the Dec. Action their work completed in connection with their motion to dismiss [DE-11] or answer [DE-20] because they are the plaintiffs therein. Therefore, no work could be recycled into the Dec. Action.

25.     FLAVA's Complaint in this action [DE-1], its Complaint [DE-1] and the proposed Amended Complaint [DE-13-1] in the Transferred Action, differ considerably in form and substance. Therefore, Judgment Creditors would not be able to simply recycle into the Transferred Action their work completed in connection with their motion to dismiss [DE-11] or

answer [DE-20] into a substantially different complaint. Therefore, no work could be simply recycled into the Transferred Action.

26. Moreover, FLAVA failed to comply with Judge Cooke's order by failing to remit payment in compliance with the subject Award Order by August 24, 2015. Therefore, pursuant to Judge Cooke's order, FLAVA's "failure to timely comply with Judge Lenard's Order will result in a stay of [FLAVA's] infringement action." Furthermore, FLAVA claims that it is unable to pay the judgment due to its alleged failure to accrue enough assets and lack of liquid assets. Judge Cooke has only ordered FLAVA and Mr. Bleicher to answer. Therefore, at the present moment, it is unknown if and/or when Judgment Creditors will be responding to FLAVA's Complaint in the Transferred Action, which potentially further moots the argument that they could recycle their answer or motion to dismiss into the Transferred Action.

### IV. **FLAVA's Dilatory and Duplicative Conduct**

27. The Supreme Court made clear that the determination of fees "should not result in a second major litigation." *Fox v. Vice,* 563 U.S. 826, 131 S.Ct. 2205, 2216, 180 L.Ed.2d 45 (2011) (quoting *Hensley,* 461 U.S. 424, 437, 103 S.Ct. 1933, 1941 (1993)).

28. However, FLAVA's conduct thus far, concerning the issue of the award, clearly resulted in a second major litigation. The impact of FLAVA's conduct had also reached beyond the instant action.

29. In the Eleventh Circuit, *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988), prescribes the law for determining the appropriate award of attorney's fees. Proof of the hours dedicated to the litigation and any corresponding objections must be made with sufficient specificity. *Norman*, 836 F.2d at 1301. The record is devoid of FLAVA's proper and timely objections to the award.

*Bradley Legal Group, P.A.*, 15 Northeast 13th Avenue, Fort Lauderdale, FL 33301 (954) 523-6160

30. Furthermore, in this Circuit, "the court must consider the issue of delay in the receipt of payment by counsel for the prevailing party." *Norman*, 836 F.2d at 1302 (citing *Gaines v. Dougherty County Board of Education,* 775 F.2d 1565, 1572 n. 14 (11th Cir.1985) ("A more accurate method for adjusting for delays in payment would be to apply to the award a figure which is recognized as representing the time value of money over the period of the litigation."); and *Johnson v. University College of Birmingham,* 706 F.2d 1205, 1211 (11th Cir. 1983) ("***We do not prescribe any set method for correcting for delay in payment, but some form of correction must be undertaken.***") (emphasis added)).

31. Therefore, the prevailing law in this Circuit dictates that a corrective measure for FLAVA's conduct resulting in delay in payment and affecting the related proceedings.

WHEREFORE, Judgment Creditors respectfully request that this Court deny FLAVA'S Motion [DE-63] due to the reasons stated above, and grant Judgment Creditors any other relief this Court deems just and proper under the circumstances.

Dated: August 28th, 2015.               Respectfully submitted,

**BRADLEY LEGAL GROUP, P.A.**
*Counsel for Defendants/Judgment Creditors*
15 Northeast 13th Avenue
Fort Lauderdale, Fl 33301
Tel: (954) 523-6160
Fax: (954) 523-6190

By:   /s/ John F. Bradley
      John F. Bradley, Esq.
      Fla. Bar No. 0779910
      jb@bradlegal.com

**CERTIFICATE OF SERVICE**
**OF ELECTRONIC FILING GENERATED BY CM/ECF**

I HEREBY CERTIFY that on this 28th day of August, 2015, I electronically filed the foregoing document with the Clerk of the Court using its CM/ECF System. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the following Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by this Court's CM/ECF System, or in some other authorized manner for those counsel or parties who are not authorized to electronically receive notice of electronic filing.

By:   /s/ John F. Bradley
John F. Bradley, Esq.
Fla. Bar No. 0779910
jb@bradlegal.com

## SERVICE LIST

Matthew Zukowsky, Esq.
matthew.zukowsky@gmail.com
*Attorney for Plaintiff*
Matthew H. Zukowsky, P.A.
4770 Biscayne Blvd., Ste. 700
Miami, FL 33137
Tel: (561) 445-9471
**Service via CM/ECF**

Ursula Christie Jackson, Esq.
Ujacksonlaw@aol.com
*Attorney for Plaintiff*
The Law Office of Ursula C. Jackson, PLLC
2525 Ponce De Leon Boulevard
Coral Gables, FL 33134
Tel: (855) 218-8456
**Service via CM/ECF**

Joshua H. Sheskin, Esq.
JHS@SheskinLaw.com
Service@SheskinLaw.com
*Attorney for Plaintiff*
The Sheskin Firm
9424 SW 52nd Street
Cooper City, FL 33328
Tel: 786-529-0420
Fax: 786-332-5349
**Service via CM/ECF**