UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-23208-CIV-LENARD/GOODMAN

FLAVA WORKS, INC.,

    Plaintiff,

vs.

A4A RESEAU, INC., A4A NETWORK, INC.,
And MARC PARENT,

    Defendants.
_____/

### DEFENDANTS/JUDGMENT CREDITORS' REQUEST FOR JUDICIAL NOTICE IN OPPOSITION TO MOTION FOR RECONSIDERATION [DE-63]

Defendants/Judgment Creditors, A4A RESEAU, INC., a foreign corporation, A4A NETWORK, INC., a foreign corporation, and MARC PARENT, a foreign individual (collectively, the "Judgment Creditors"), by and through their undersigned counsel, and pursuant to the Federal Rules of Civil Procedure and Fed. R. Evid. 201, respectfully request that the Court take judicial notice of the following adjudicative facts in opposition to Plaintiff/Judgment Debtor FLAVA WORKS, INC. ("FLAVA")'s Motion for Reconsideration [DE-63] ("Motion") and in support of Judgment Creditors' Response in Opposition to the Motion [DE-67] ("Response"):

1. Order Staying Case entered by Judge Cooke on August 31, 2015 in a related consolidated case no. 15-20245-Civ-COOKE/TORRES ("Consolidated Action")[1], attached as ***Exhibit "A"*** hereto; and

2. Endorsed Order Administratively Closing Case entered by Judge Cooke on August 31, 2015 in the Consolidated Action, attached as ***Exhibit "B"*** hereto.

---

[1] Judge Cooke consolidated the two related pending actions referred to as "Dec. Action" and "Transferred Action" in Judgment Creditors' Response.

1

FLAVA's Motion purports to request that this Court review and reconsider the Order Granting Defendants' Motion to Determine Reasonableness of Attorney's Fees Awarded to Defendants [DE-46] ("Award Order") on the premise that "most, if not all of the work invested into the instant action, can be recycled into one of the two pending actions." *See* Motion at p. 17. In their Response, Judgment Creditors' stated that they are unable to recycle their work. As an additional reason therefor, Judgment Creditors stated therein that the anticipated stay of the Transferred Action would further moot FLAVA's argument. *See* Response at ¶ 26.

Judge Cooke has since stayed the Consolidated Action (which includes the Transferred Action) as the parties premise their respective entitlements to relief on FLAVA's property that is now the subject of Judgment Creditors' Motion for Proceedings Supplementary in the instant action [DE-61]. It is undisputed that the Consolidated Action has been stayed pending a resolution of the instant action, including FLAVA's compliance with the Award Order. FLAVA's basis for reconsideration is therefore deemed as *moot*.

One category of adjudicative facts includes facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(1). A court also may take judicial notice of public records. *Universal Express, Inc. v. U.S. Securities and Exchange Commission*, 177 Fed. Appx. 52, 53 (11th Cir. 2006). Judicial notice of appropriate adjudicative facts may be taken at any stage in a proceeding. Fed. R. Evid. 201(d). Courts have wide discretion to take judicial notice of facts. *Dippin' Dots, Inc.*, 369 F.3d at 1204; Fed. R. Evid. 201(c). Because the attached documents are relevant to a determination of claims presented in this case, and not subject to reasonable dispute, judicial notice should be taken thereof.

*Bradley Legal Group, P.A.*, 15 Northeast 13th Avenue, Fort Lauderdale, FL 33301 (954) 523-6160

Dated: September 2, 2015.                    Respectfully submitted,

                                     **BRADLEY LEGAL GROUP, P.A.**
                                     *Counsel for Defendants/Judgment Creditors*
                                     15 Northeast 13th Avenue
                                     Fort Lauderdale, Fl 33301
                                     Tel: (954) 523-6160
                                     Fax: (954) 523-6190

                     By:   /s/ John F. Bradley
                            John F. Bradley, Esq.
                            Fla. Bar No. 0779910
                            jb@bradlegal.com

## CERTIFICATE OF SERVICE
## OF ELECTRONIC FILING GENERATED BY CM/ECF

I HEREBY CERTIFY that on this 2nd day of September, 2015, I electronically filed the foregoing document with the Clerk of the Court using its CM/ECF System. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the following Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by this Court's CM/ECF System, or in some other authorized manner for those counsel or parties who are not authorized to electronically receive notice of electronic filing.

                     By:   /s/ John F. Bradley
                            John F. Bradley, Esq.
                            Fla. Bar No. 0779910
                            jb@bradlegal.com

**SERVICE LIST**

Matthew Zukowsky, Esq.
matthew.zukowsky@gmail.com
*Attorney for Plaintiff*
Matthew H. Zukowsky, P.A.
4770 Biscayne Blvd., Ste. 700
Miami, FL 33137
Tel: (561) 445-9471
**Service via CM/ECF**

Ursula Christie Jackson, Esq.
Ujacksonlaw@aol.com
*Attorney for Plaintiff*
The Law Office of Ursula C. Jackson, PLLC
2525 Ponce De Leon Boulevard
Coral Gables, FL 33134
Tel: (855) 218-8456
**Service via CM/ECF**

Joshua H. Sheskin, Esq.
JHS@SheskinLaw.com
Service@SheskinLaw.com
*Attorney for Plaintiff*
The Sheskin Firm
9424 SW 52nd Street
Cooper City, FL 33328
Tel: 786-529-0420
Fax: 786-332-5349
**Service via CM/ECF**

*Bradley Legal Group, P.A.*, *15 Northeast 13th Avenue, Fort Lauderdale, FL 33301 (954) 523-6160*