UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-23208-CIV-LENARD/GOODMAN

FLAVA WORKS, INC.,

    Plaintiff,
vs.

A4A RESEAU, INC., A4A NETWORK, INC.,
And MARC PARENT,

    Defendants.
_____/

## DEFENDANTS' MEMORANDUM OF LAW PURSUANT TO ORDER REQUIRING SUPPLEMENTAL BRIEFING [DE-142]

Defendants/Judgment Creditors, A4A RESEAU, INC., a foreign corporation, A4A NETWORK, INC., a foreign corporation, and MARC PARENT, a foreign individual (collectively, the "**Defendants**"), by and through undersigned counsel, and pursuant to Federal Rules of Civil Procedure, Florida Statutes, and this Court's Order Requiring Supplemental Briefing [DE-142][1], respectfully file this memorandum in support of their entitlement to supplemental reasonable attorneys' fees, costs, and interest against Plaintiff/Judgment Debtor, FLAVA WORKS, INC. ("**Plaintiff**"), and state as follows:

Pursuant to Fed. R. Civ. P. 69(a)(1), "[t]he procedure on execution-and in proceedings supplementary to and in aid of judgment or execution, must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Furthermore, "[i]t is well-settled that attorney's fees can derive only from either a statutory basis

---

[1] The Order required the memorandum by January 15, 2018, which was a federal holiday of the Birthday of Martin Luther King, Jr., tolling the deadline to January 16, 2018.

1

or an agreement between the parties." *Florida Hurricane Protection and Awning, Inc. v. Pastina*, 43 So. 3d 893, 895 (Fla. 4th DCA 2010).

As stated in Defendants' Motion, Fla. Stat. § 57.115 allows the recovery of costs and attorneys' fees "incurred thereafter by a judgment creditor in connection with execution on a judgment." *Vick* cites to Florida Statute § 57.115 as basis for the entitlement, in which the court granted entitlement to post-judgment fees and costs "until the judgment is fully satisfied." *Vick v. Vick*, 993 So.2d 1135 (Fla. App., 2008) ("We also agree that the former wife is entitled to post-judgment attorney's and receiver's fees and costs until the judgment is fully satisfied.")

Nevertheless, pursuant to *Paz*, only either "clear statutory language or case law to the contrary" are needed for a determination of entitlement to attorneys' fees under section. 57.115. *Paz v. Hernandez*, 654 So.2d 1243 (Fla. 3d DCA 1995) ("In the absence of clear statutory language or case law to the contrary, we cannot accept Hernandez' argument that garnishment is merely another form of execution and therefore he is entitled to attorneys' fees under section 57.115.")

Pursuant to S.D.Fla. L.R. 7.3(a), "[a] motion for an award of attorneys fees and/or non-taxable expenses and costs arising from the entry of a final judgment… shall be filed within sixty (60) days of the entry of the final judgment or order giving rise to the claim, regardless of the prospect or pendency of supplemental review or appellate proceedings." However, this Rule does not apply as it requests fees incurred past the sixty days after the entry of the judgment. For that reason, Defendants had no choice but to file the Motion past the sixty-day period.

**WHEREFORE**, Defendants respectfully request the Court to grant their Motion, award Defendants additional costs and reasonable attorneys' fees incurred in connection with execution

2

on the Award, including interest, and any other relief this Court deems proper under the circumstances.

        **BRADLEY LEGAL GROUP, P.A.**

*Counsel for Defendants/Judgment Creditors*
15 Northeast 13th Avenue
Fort Lauderdale, FL 33301
Tel: (954) 523-6160
Fax: (954) 523-6190

By:   /s/ John F. Bradley
      John F. Bradley, Esq.
      Fla. Bar No. 0779910
      jb@bradlegal.com

## CERTIFICATE OF SERVICE
## OF ELECTRONIC FILING GENERATED BY CM/ECF

I HEREBY CERTIFY that on this 16th of January, 2018, I electronically filed the foregoing document with the Clerk of the Court using its CM/ECF System. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the following Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by this Court's CM/ECF System, or in some other authorized manner for those counsel or parties who are not authorized to electronically receive notice of electronic filing.

By:   /s/ John F. Bradley
      John F. Bradley, Esq.
      Fla. Bar No. 0779910
      jb@bradlegal.com

**SERVICE LIST**

Juneitha Shambee, Esq.
shambeelaw@gmail.com
*Attorney for Plaintiff*
Shambee Law Office, Ltd.
P.O. Box 91
Evanston, IL 60204
Phone: (773) 741-3602
Fax: (773) 945-6365
**Service via CM/ECF**