UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| FLAVA WORKS, INC. )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>A4A RESEAU, INC. A4A NETWORK, INC. )<br>MARC PARENT, )<br>)<br>    Defendant. ) | CASE NO. 14-23208-CIV-<br>LENARD/GOODMAN |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION FOR ENTITLEMENT OF ADDITIONAL FEES**

NOW COMES Plaintiff, Flava Works, Inc., a corporation, (hereinafter "FW, Inc.") by and through undersigned counsel, and pursuant to Federal Rules of Civil Procedure, Florida Statutes and this Court's Order thus files its Response to Defendants' Memorandum of Law Pursuant to Order Requiring Supplemental Briefing [DE-142], in respect to Defendants' Motion for Entitlement to Supplemental Reasonable Attorneys' Fees, Costs, and Interest against Plaintiff, and states as following:

BACKGROUND

On April 7, 2015, this Court awarded Defendants attorney fees and cost based under Rule 41(d), wherein it states:

> (d) COSTS OF A PREVIOUSLY DISMISSED ACTION. If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
> (1) may order the plaintiff to pay all or part of the costs of that previous action; and
> (2) may stay the proceedings until the plaintiff has complied.

Defendant, under Florida state law, file a writ of execution on June 10, 2015, and followed that up shortly thereafter with a Motion to Compel on June 19, 2015. The parties conducted discovery, via written discovery, wherein throughout, Plaintiff attempted to work out a payment plan to pay the Defendants' to no avail.

After several hearings and failed attempts to settle this matter without the interference of the court, Plaintiff was finally able to pay the amount awarded to the Defendants in November of 2016. Unbeknownst to Plaintiff, there was hold on a bank account held by the Plaintiff and a partial amount of the payment made to the Defendants did not post. When informed of this by the Defendants, Plaintiff inquired about this to his banks and made the substitution payment in January of 2017, along with all bank fees. Defendant accepted all payments and made no mention of any additional fees after accepting the funds from the Plaintiff. In February 2017, Plaintiff made a motion to reopen the underlying case that was stayed pursuant to FRCP 41(d) (2). Only then did Defendants mention its wishes to request for additional fees to prevent Plaintiff's Motion to Reopen from being granted, and thus file its motion in March 28, 2017.

It should be noted that although the proceedings supplementary was granted, it was never executed since the parties conducted discovery instead and Plaintiff paid the full amount of the award for attorney fees under 41(d) before the proceedings supplementary were needed.

## APPLICABLE LAW AND ARGUMENT

A judgment is defined as "The official and authentic decision of a court of justice upon the respective rights and claims of the parties to an action or suit therein litigated and submitted to its determination." Black's Law Dictionary (2nd Ed.) "The sentence of the law pronounced by the court upon the matter appearing from the previous proceedings in the suit. It is the conclusion that naturally follows from the premises of law and fact. *Branch v. Branch*. 5 Fla. 450.

This Court required that Defendant provide case law showing where is it entitled to recover fees under Florida Statute § 57.115. In response to the Court's Order, Defendants cited two cases, *Vick v. Vick*, 993 So.2d 1135 (Fla. App., 2008) (where court found that the former wife is entitled to *post-judgment* attorney's and receiver's fees and costs until the *judgment* is fully satisfied and remanded the case to the ***trial court***) and *Paz v. Hernandez*, 654 So.2d 1234 (Fla. 3d DCA 1995) (where the court denied an award of attorney fees because Hernandez [appellee] did not execute on a judgment). In both of these cases, the parties used Fla. Stat. §57.115 as justification to collect post judgment collection of fees. Fla. Stat. §57.115 (1), states:

(1) The court may award against a judgment debtor reasonable costs and attorney's fees incurred thereafter by a judgment creditor in connection with execution on a judgment.

Although the *Vick* and the statute allows for the collection of attorney fees on post judgement collection, the key word here is ***judgment***. Vick is distinguishable from the instant matter because it was heard on the merits of the case and after hearing on such, a judgment was entered against the losing party. In the instant matter, the merits of the case were not heard and a judgement was not entered. A voluntary dismissal, unless with prejudice or otherwise stated, is not a judgment on the merits. Therefore an award was entered based on a procedural matter, not substantive matter (i.e. the underlying case). The Plaintiffs are not the losing party in this matter and the Defendants are the prevailing party. *Smith v. Loews Miami Beach Hotel Operating Co., Inc.*, 35 So. 3d 101 (Fla. 3d DCA 2010) (holding defendant not entitled to fees under offer of judgment statute because plaintiff had filed voluntary dismissal without prejudice, which did not operate as an adjudication on the merits). *Commonwealth Prop. Assocs., Inc. v. SunTrust Bank, Sw.,* Fla., 835 So. 2d 1175 (Fla. 2d DCA 2002) (same); *Ass'n Emp'rs Ins. Co. v. Am. Excavating & PSI, Inc.*, 701 So. 2d 110, 110 (Fla. 5th DCA 1997) ("[N]o entitlement to attorney's fees arises under section 768.79 unless the case is dismissed with prejudice."), review denied, 717 So. 2d 536 (Fla. 1998).

The instant matter is also distinguishable from *Paz* in that the parties in that matter held a trial on the merits of the case and the court entered a judgment in that matter. In this matter, there was no judgment entered in the matter, only an award for attorney fees under 41(d). What the Defendants did get right is the ruling in *Paz*, which states that "It is well-settled law that attorneys' fees may be awarded by a court only when authorized by statute or by agreement of the parties." *Paz* at 3; *State Farm Fire & Casualty Co. v. Palma*, 629 So. 2d 830, 832 (Fla. 1993); Rowe, 472 So. 2d at 1148. Defendants failed to cite case law that grants fees to them under §57.115 because *there is no law* that grants them fees to collect attorney fee awards. The statute and the case law allows for judgments only. There has been no judgment on the merits in this matter, just a voluntary dismissal, which is distinguishable from the cases cited by the

Defendants.

## CONCLUSION

The Defendants were not granted a judgment, but rather an award of attorney fees under 41(d) which is based on procedural law. This matter has not been decided on the merits of the case and therefore a judgement has not been entered in this matter. The cases and statute cited by the Defendants in their memorandum eludes to cases that were adjudicated on the merits of the case, wherein a judgment was entered after a hearing was heard on fact and law of the matters. Those cases are distinguishable from this case since the instant case has not been heard on the merits and is still pending before the court. Furthermore, Defendants only brought their motion several months after the Plaintiff fully paid the amount awarded to the Defendants in an attempt to prevent the underlying case from moving forward in this court.

**WHEREFORE**, Plaintiff respectfully request the Court to deny the Defendants Motion and any other relief this Court deems proper and just under the circumstances.

Dated:     January 22, 2018

> RESPECTFULLY SUBMITTED,
> By:s/ Juneitha Shambee
> Juneitha Shambee, Esq.
> Fla. Bar No. 119940
> shambeelaw@gmail.com
>
> Shambee Law Office, Ltd.
> *Counsel for Plaintiff*
> 701 Main Street, Ste. #203
> Evanston, IL. 60202
> Tel: (773) 741-3602
> Fax: (773) 945-6365

## CERTIFICATE OF SERVICE

This is to certify that the Plaintiff's Response to Defendants' Memorandum was filed electronically on the 22nd day of January, 2018 in accordance with the Court's Electronic Filing Guidelines.  Notice of this filing will be sent to all parties by operation of the Court's Electronic Filing System. Parties may access this filing through the Court's Filing System.

 

s/Juneitha Shambee, Esq.
Juneitha Shambee, Esq.

## **SERVICE LIST**

John F. Bradley, Esq.
Bar Number 0779919
Bradley Legal Group
15 Northeast 13th Ave.
Fort Lauderdale FL 33301
Jb@bradlegal.com
Tel: 954- 523-6160
Fax: 954-523-6190
**SERVICE VIA CM/ECF**