UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-23208-CIV-LENARD/GOODMAN

FLAVA WORKS, INC.,

    Plaintiff,
vs.

A4A RESEAU, INC., A4A NETWORK, INC.,
And MARC PARENT,

    Defendants.
_____/

## DEFENDANTS' MEMORANDUM OF LAW PURSUANT TO ORDER STRIKING DEFENDANTS' MEMORANDUM [DE-145]

Defendants/Judgment Creditors, A4A RESEAU, INC., a foreign corporation, A4A NETWORK, INC., a foreign corporation, and MARC PARENT, a foreign individual (collectively, the "**Defendants**"), by and through undersigned counsel, and pursuant to Federal Rules of Civil Procedure, Florida Statutes, and this Court's Order Striking Defendants' Memorandum [DE-145], respectfully file this memorandum in support of their entitlement to supplemental reasonable attorneys' fees, costs, and interest against Plaintiff/Judgment Debtor, FLAVA WORKS, INC. ("**Plaintiff**"), and state that Defendants are entitled to post-judgment fees for the following reasons:

    1.    On July 24, 2015, Defendants filed their Motion for Proceedings Supplementary [DE-61] ("**MFPS**") under Fla. Stat. §56.29, on the premise that Defendants "are entitled to Proceedings Supplementary as a matter of law, including the recovery of costs and attorneys' fees pursuant to § 56.29(11), Fla. Stat." See MFPS at ¶13.

    2.    On February 8, 2016, this Court granted Defendants' MFPS [DE-112], stating that:

1

However, there is no need to begin the proceedings supplementary at this time because of the significant ongoing discovery activity already underway. As all parties (and this Court are well aware), Defendant has undertaken significant postjudgment discovery that has resulted in several hearings before the Undersigned. It is unnecessary to begin the proceedings supplementary at this time given the discovery orders that this Court has already entered [ECF Nos. 94; 111] and the fact that Plaintiff's principal has already on two occasions appeared before the Undersigned under oath to respond to questions about the discovery efforts. So, given the status of the discovery process, the Undersigned is not presently setting a date for any hearings associated with the proceedings supplementary until it is necessary to do so.

3. After more than one (1) year of unsuccessful attempts to collect on the Award, Defendants filed their Motion To Implead Third Parties And For Order To Show Cause [DE-124] (the "**MTI**"), which, on December 1, 2016, this Court granted in part, but denied without prejudice Defendants' request for fees and costs associated with the supplementary proceeding as premature ("before any final judgment in these supplementary proceedings"), stating that the Court "will permit such requests to be reasserted at the appropriate time" [DE-133]. The Court cited *Zurich Servs. Corp. v. Prof'l Mgmt. Servs. Grp., Inc.*, No. 8:13-CV-1896-T-30EAJ, 2015 WL 2084733, at *4 (M.D. Fla. Apr. 30, 2015) (granting the plaintiff's motion to commence supplementary proceedings but denying fees without prejudice); and *Kobarid Holding, S.A. v. Reizen,* No. 03–23269–CIV, 2007 WL 14294, at *3 (S.D. Fla. Jan. 2, 2007) (denying fees request in a motion for supplementary proceedings without prejudice and instructing the movant to renew the request at a later date, if appropriate).

4. As stated in the Amended Motion to Determine Entitlement to Additional Reasonable Attorneys' Fees, Costs, and Interest [DE-137] (the "**Am. Motion**"), by February 21, 2017, Plaintiff delivered to Defendants payments totaling the amount awarded of $28,060.57.

5.  Therefore, the proceedings supplementary cannot be deemed as ongoing for two reasons: (1) the proceedings supplementary have not commenced pursuant to this Court's Order granting Defendants' MFPS [DE-112]; and (2) Plaintiff's payment of the amount awarded.

6.  As the award has been considered paid upon a final clearance of Plaintiff's funds received by Defendants, on March 28, 2017, Defendants filed their Am. Motion consistent with this Court's Order awarding Defendants their attorneys' fees pursuant to Rule 41(d) [DE-28].

7.  The Am. Motion seeks an award of fees and costs under Federal Rules of Civil Procedure 41(d) and 69(a)(1); Florida Statutes §§ 56.29(8), 57.105(7), and 57.115; and 17 U.S.C. § 505.

8.  The Court's Order Requiring Supplemental Briefing [DE-142] (the "Order") requested "additional legal analysis justifying their claim of entitlement to post-judgment fees before the proceedings supplementary has concluded," stating that "Defendants do not adequately explain why they are entitled to post-judgment fees during an ongoing proceedings supplementary."

9.  However, as stated above, pursuant to the Court's earlier Order on Defendants' MFPS [DE-112] dated February 8, 2016, the proceedings supplementary were not commenced, because "[i]t [was] unnecessary to begin the proceedings supplementary."

10. Also, Plaintiff has paid to Defendants the amount awarded of $28,060.57 by February 21, 2017, and no final judgment in these proceedings supplementary has issued.

11. The Court stated that "none of the cases cited by Defendants support the argument that recovery is permitted for the judgment creditor *before* it prevails in the post-judgment proceeding." However, Defendants should be deemed as having prevailed in the proceedings supplementary by virtue of (1) this Court granting Defendants' MFPS, (2) this Court granting

3

Defendants' MTI, and (3) Plaintiff's payment of the award. Under Florida law, the prevailing party for purposes of attorney's fees is the party that prevailed on the significant issues in the litigation. *Moritz v. Hoyt Enterprises, Inc.*, 604 So. 2d 807, 810 (Fla. 1992).

12.     In *Broward Marine, Inc. v. S/V Zeus*, Case No. 05-23105-CIV-/O'SULLIVAN (S.D. Fla. Apr. 15, 2010), "[h]aving prevailed in the proceedings supplementary," the plaintiffs sought to recover attorneys' fees and costs against the defendants, and ultimately recovered reasonable attorneys' fees and costs incurred in bringing the proceedings supplementary.

13.     Nevertheless, not all basis for Defendants' fee request in the Am. Motion rely strictly on the outcome of the proceedings supplementary, which, as established by this Court [DE-112], have not even commenced.[1]

14.     Specifically, Defendants are entitled to fees under Federal Rules of Civil Procedure 41(d) and 69(a)(1); Florida Statutes §§ 56.29(8), 57.105(7), and 57.115; and 17 U.S.C. § 505.

15.     However, Defendants' requests for entitlement under Rule 41(d); Fla. Stat. §§ 57.105(7) and 57.115; and 17 U.S.C. § 505 are not reliant on the outcome of the proceedings supplementary.

16.     Therefore, regardless of whether the proceedings supplementary are deemed to have even commenced or concluded upon Plaintiff's payment of the award, addressing claims of

---

[1] As it appears to be the case in the instant action, the present lack of clarity in Florida's proceedings supplementary statute is manifested by the legal quagmire surrounding its implementation and use. "... at a minimum, Florida's proceedings supplementary statute suffers from lack of clarity, and omits crucial procedural direction to courts and litigants." Brodsky, Benjamin, *Caught in the Web of Florida's Statutory Proceedings Supplementary: Procedural and Constitutional Problems Facing Impleaded Third Parties*, Fla. B. J., Dec., 2012, Vol. 86, No.10. citing Charles Kline, *Collection Pursuant to Florida's Supplementary Proceedings in Aid of Execution*, 25 U. Miami L. Rev. 596, 608 (1971).

4

entitlement to post-judgment fees as they relate to "post-judgment fees during an ongoing proceedings supplementary" is inapplicable at this time, and, ultimately futile.

17. Proceedings supplementary are procedural mechanisms that provide a judgment creditor with means to investigate assets of the judgment debtor that might be used to satisfy a judgment.

18. Proceedings supplementary are entirely statutory in nature. Yet, courts generally interpret the statute broadly and liberally to afford a judgment creditor the most complete relief possible in satisfying his judgment. *See Bleidt v. Lobato*, 664 So.2d 1074 (Fla. 5th DCA 1995); *Neff v. Adler*, 416 So.2d 1240 (Fla. 4th DCA 1982); *Puzzo v. Ray*, 386 So.2d 49, 50 (Fla. 4th DCA 1980). For instance, § 56.29(6), Fla. Stat., allows the Court to enter any order required to carry out the purpose of the statute to subject property, or property rights of any defendant to execution.

**I.     Award of Fees Under Rule 41(d) in a Proceeding Supplementary.**

Rule 69(a) provides that procedures in post-judgment proceedings supplementary "must accord with the procedure of the state where the court is located," to the extent not preempted by federal law. See Fed. R. Civ. P. 69(a); *Allied Indus. Int'l Inc. v. AGFAGavaert, Inc.*, 688 F. Supp. 1516, 1517 (S.D. Fla. 1988) (Atkins, J.).

Fla. R. Civ. P. 1.420(d), the state-law equivalent of Fed. R. Civ. P. 41(d), states that "[i]f a party who has once dismissed a claim in any court of this state commences an action based upon or including the same claim against the same adverse party, the court shall make such order for the payment of costs of the claim previously dismissed as it may deem proper..."

The undersigned has conducted an exhaustive legal research and was unable to find case law interpreting the clear language of the referenced rules (Fed. R. Civ. P. 41(d) and Fla. R. Civ. P. 1.420(d)) concerning an award of fees in a proceeding supplementary.

## II.     Award of Fees Under Florida Statute § 57.105(7) in a Proceeding Supplementary.

Fla. Stat. § 57.105(7) states that "[i]f a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract."

In *Mihalyi v. LaSalle Bank, N.A.*, 2014 Fla. App. LEXIS 17641, 162 So.3d 113 (2014) (Fla. 4th DCA Oct. 29, 2014), the appellate court held that, where the mortgage and note provided that the lender is entitled to attorney's fees and costs in litigation to enforce the note, the borrower was entitled to prevailing party attorney's fees Fla. Stat. § 57.105(7) when lender filed voluntary dismissal.

Pursuant to *Fed. Auto Ins., Inc. v. Bus. Acquisitions Brokerage, Inc.*, 839 So.2d 767 (Fla. 4th DCA 2003):

> The contractual attorney's fees provision is broad enough to encompass fees for execution on the judgment. The contract specifies that the prevailing party in the arbitration shall be entitled to *"all* reasonable attorney's fees and costs." [e.s.] This contractual language evidences a clear purpose to entitle the prevailing party to *all* — not merely *some* — of its fees. If the losing party persists in requiring the expenditure of attorney's time even after the court has entered judgment on the arbitration award, there is no apparent reason to us why the broad scope of this fee provision should not be invoked here as well.

*Id*. (citing *Sholkoff v. Boca Raton Comty. Hosp.,* 693 So.2d 1114, 1118 (Fla. 4th DCA 1997)) [internal citation omitted].

//

### III.     Award of Fees Under 17 U.S.C. § 505 in a Proceeding Supplementary.

Federal law completely governs attorney's fee awards in copyright cases. *See* 17 U.S.C. § 505; *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979 (2016). 17 U.S.C. § 505 states that "[i]n any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs."

In *A-Blake Records, LLC v. Cassidy*, Civil Action No. H-14-3401 (S.D. Tex., Aug. 23, 2016), the court awarded post-judgment fees and costs to a defendant in a voluntarily dismissed action pursuant to 17 U.S.C. 505:

> Cassidy timely moved for post-judgment attorney's fees or to amend the final judgment under Rule 59. The court amended the judgment under Rule 59, awarded attorney's fees, and ordered Cassidy to give the court a copy of his attorney bill. After several briefs by the parties and a thorough review of the bankruptcy proceedings, the court vacated its order amending the judgment and awarding attorney's fees… A voluntary dismissal does not deprive this court of jurisdiction to award attorney's fees and costs. See also *Yesh Music v. Lakewood Church,* 727 F.3d 356, 363 (5th Cir. 2013). Because this court had jurisdiction over the copyright claim, it may award attorney's fees to Cassidy. The Copyright Act permits a court to award full litigation costs to any party of copyright litigation and reasonable attorney's fees to the prevailing party. 17 U.S.C. 505 (2000). A prevailing party is one awarded some relief by the court — the party in whose favor the judgment is rendered. *Buckhannon Bd. & Care Home, Inc. v. W. Virgina Dep't of Health & Human Res.,* 532 U.S. 598, 603 (2001). Either the plaintiff or the defendant can prevail… The court may award attorney's fees after considering several — albeit nonexclusive — factors: (a) the frivolousness of the claim, (b) a party's motivation for filing suit, (c) the objective factual and legal unreasonableness of the claim, and (d) the need to further the interests of the copyright act. *Fogerty v. Fantasy, Inc.* 510 U.S. 517, 536 (1994). A court may award fees if the examination of the particular procedural and substantive aspects of the case warrants it. *Compaq Computer Corp. v. Ergonome, Inc.* 387 F.3d 403, 412 (5th Cir. 2004). This case warrants it… A-Blake will pay Cassidy's litigation costs and reasonable attorney's fees.

//

IV.    **Recovery Before Judgment Creditor Prevails in Post-Judgment Proceeding.**

The Court stated that "none of the cases cited by Defendants support the argument that recovery is permitted for the judgment creditor *before* it prevails in the post-judgment proceeding." However, by recovering one hundred percent payment on the award, Defendants have already, in fact, prevailed in the proceeding.

In *Broward Marine, Inc. v. S/V Zeus*, Case No. 05-23105-CIV-/O'SULLIVAN (S.D. Fla. Apr. 15, 2010), "[h]aving prevailed in the proceedings supplementary," the plaintiffs sought to recover attorneys' fees and costs against the defendants, and ultimately recovered reasonable attorneys' fees and costs incurred in bringing the proceedings supplementary. *See Zurich Servs. Corp. v. Prof'l Mgmt. Servs. Grp., Inc.*, No. 8:13-CV-1896-T-30EAJ, 2015 WL 2084733, at *4 (M.D. Fla. Apr. 30, 2015) (granting the plaintiff's motion to commence supplementary proceedings but denying fees without prejudice); *see also Kobarid Holding, S.A. v. Reizen,* No. 03–23269–CIV, 2007 WL 14294, at *3 (S.D. Fla. Jan. 2, 2007) (denying fees request in a motion for supplementary proceedings without prejudice and instructing the movant to renew the request at a later date, if appropriate).

V.    **Award of Fees Under Florida Statute § 57.115**

Fla. Stat. § 57.115 may be a basis for a judgment creditor to recover fees incurred in connection with collecting on a judgment. "The court may award against a judgment debtor reasonable costs and attorney's fees incurred thereafter by a judgment creditor in connection with execution on a judgment." Fla. Stat. § 57.115(1).

In *Bay Fin. Sav. Bank, F.S.B. v. Hook*, 648 So. 2d 305 (Fla. 2d DCA 1995), "Hook voluntarily dismissed his complaint with prejudice and the Bank sought an award of attorney's fees in accordance with sections 57.105 and 57.115, Florida Statutes (1993). The trial court

8

denied the Bank's motion." The court held that "the trial court abused its discretion in denying the Bank's motion for attorney's fees." *Id*.

In *Fed. Auto Ins., Inc. v. Bus. Acquisitions Brokerage, Inc*., 839 So.2d 767 (Fla. 4th DCA 2003), Broker also established a statutory basis for fees for execution on the judgment under Fla. Stat. § 57.115.[2]

Specifically, in the Order, the Court stressed that "the Undersigned would also need to know at what time in the post-judgment proceedings a § 57.115 motion is presented. Does the judgment have to be fully executed or can this motion be made in the middle of an ongoing post-judgment proceeding?" However, as explained above, the judgment has been fully executed, and the post-judgment proceeding is not ongoing.

In *Ocean Cruise Lines, Inc. v. Greenage Associates, Inc*., 643 So.2d 711 (Fla. 4th DCA 1994), the court held:

> Section 57.115(1), Florida Statutes (1991) permits the award of attorney's fees against a judgment debtor in connection with the execution on a judgment. Until the conclusion of the proceedings determining that appellant was liable, it was not a judgment debtor, and the underlying proceedings were not brought "in execution" on the judgment.

**WHEREFORE**, Defendants respectfully request the Court to grant their Motion, award Defendants additional costs and reasonable attorneys' fees incurred in connection with execution

---

[2] Moreover, *Vick* cites to Florida Statute § 57.115 as basis for the entitlement, in which the court granted entitlement to post-judgment fees and costs "until the judgment is fully satisfied." *Vick v. Vick*, 993 So.2d 1135 (Fla. App., 2008) ("We also agree that the former wife is entitled to post-judgment attorney's and receiver's fees and costs until the judgment is fully satisfied.")

Nevertheless, pursuant to *Paz*, only either "clear statutory language or case law to the contrary" are needed for a determination of entitlement to attorneys' fees under section. 57.115. *Paz v. Hernandez*, 654 So.2d 1243 (Fla. 3d DCA 1995) ("In the absence of clear statutory language or case law to the contrary, we cannot accept Hernandez' argument that garnishment is merely another form of execution and therefore he is entitled to attorneys' fees under section 57.115.")

9

on the Award, including interest, and any other relief this Court deems proper under the circumstances.

                                       **BRADLEY LEGAL GROUP, P.A.**
                                       *Counsel for Defendants/Judgment Creditors*
                                       15 Northeast 13th Avenue
                                       Fort Lauderdale, FL 33301
                                       Tel: (954) 523-6160
                                       Fax: (954) 523-6190

                            By:    /s/ John F. Bradley
                                    John F. Bradley, Esq.
                                    Fla. Bar No. 0779910
                                    jb@bradlegal.com

## CERTIFICATE OF SERVICE
## OF ELECTRONIC FILING GENERATED BY CM/ECF

I HEREBY CERTIFY that on this 29th of January, 2018, I electronically filed the foregoing document with the Clerk of the Court using its CM/ECF System. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the following Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by this Court's CM/ECF System, or in some other authorized manner for those counsel or parties who are not authorized to electronically receive notice of electronic filing.

                            By:    /s/ John F. Bradley
                                  John F. Bradley, Esq.
                                  Fla. Bar No. 0779910
                                  jb@bradlegal.com

## SERVICE LIST

Juneitha Shambee, Esq.
shambeelaw@gmail.com
*Attorney for Plaintiff*
Shambee Law Office, Ltd.
P.O. Box 91
Evanston, IL 60204
Phone: (773) 741-3602
Fax: (773) 945-6365
**Service via CM/ECF**