IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-23208-CIV-LENARD/GOODMAN

FLAVA WORKS, INC.,

    Plaintiff,
vs.

A4A RESEAU, INC., A4A NETWORK, INC.,
and MARC PARENT,

    Defendants.
_____/

### DEFENDANTS' VERIFIED MOTION TO DETERMINE REASONABLENESS OF ATTORNEYS' FEES, COSTS, AND INTEREST

Defendants/Judgment Creditors, A4A RESEAU, INC. a/k/a A4A NETWORK, INC. and MARC PARENT (collectively, the "**Defendants**"), by and through undersigned counsel, and pursuant to Federal Rules of Civil Procedure, S.D. Fla. Local Rules, and this Court's Order [DE-153], hereby file this Motion to Determine Reasonableness of Attorneys' Fees, Costs, and Interest ("**Motion**") from Plaintiff/Judgment Debtor, FLAVA WORKS, INC. ("**Plaintiff**"), upon the attached supporting Affidavits and exhibits, and in support thereof state as follows:

1. Pursuant to the Order [DE-153], Defendants are required to submit affidavits and supporting documentation to support their post-judgment fees, costs, and interest request. This Motion is responsive to said Order.

2. This Motion shall establish, *inter alia*, the reasonableness of the claimed attorney's fees. See, *Norman v. Hous. Auth. Of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988) *and Florida Patient's Compensation Fund v. Rowe*, 472 So.2d 1145, 1150-1152 (Fla. 1985) (discussing Florida's adoption of the federal "lodestar" test, reasonable hours time, reasonable rate, and the criteria courts are to follow in determining attorney's fee awards).

1

3. Three (3) years ago, on April 7, 2015, this Court entered the Order Granting Defendants' Motion to Determine Reasonableness of Attorney's Fees Awarded to Defendants [DE-46], which is treated as the subject judgment herein (the "**Judgement**" or "**Award**").

4. It took Defendants almost two (2) years to collect on the Judgment, and only after Plaintiff's intentional and continuous refusal to pay the Award and the related delay tactics spanning almost two (2) years of significant post-judgment litigation in aid of execution.

5. Thereafter, on March 28, 2017, Defendants filed their Amended Motion to Determine Entitlement to Additional Reasonable Attorneys' Fees, Costs, and Interest [DE-137] (the "**Am. Entitl. Motion**").

6. Upon significant briefing by the parties, on February 13, 2018, Judge Goodman issued Report and Recommendations on Defendants' Am. Entitl. Motion [DE-148] (the "**Recommendations**"), which specifically recommended, *inter alia*, "that the District Court conclude that Defendants are entitled to attorney's fees and costs under § 57.115 because all collection efforts have been rendered in <u>direct connection</u> to Defendants' execution on their judgment[,]" in addition to "post-judgment interest from the date of the judgment, or from March 5, 2015."

7. Upon Plaintiff's Objection to the Recommendations [DE-151] and Defendants' Response to Plaintiff's Objection [DE-152], on March 15, 2018, this Court entered Order Adopting and Supplementing Report and Recommendations and Granting Am. Entitl. Motion [DE-153] (the "**Order**"), which concluded that:

    a. Defendants are entitled to post-judgment attorneys' fees and costs under Fla. Stat. § 57.155; and

  b. Defendants are also entitled to post-judgment interest at the applicable legal rate running from March 5, 2015-the date the Court found Defendants to be entitled to an award of attorneys' fees.

### Meet and Confer

8. Pursuant to the Order, the parties were required to meet and confer before March 30, 2018 to resolve the amount of post-judgment fees, costs, and interest due.

9. On March 21, 2018, Defendants' counsel emailed to Plaintiff's counsel the letter in ***Exhibit "A"*** hereto, which accompanied the billing records from the undersigned and attempted to schedule a telephonic good faith conference, but received no response.

10. On March 27, 2018, Defendants emailed Plaintiff's counsel again to follow up on the meet-and-confer. *See **Exhibit "B"*** hereto. Defendants' counsel attempted to coordinate a meet-and-confer prior to his off-shore trip beginning on Thursday, March 29, 2018. *See **Exhibit "C"*** hereto.

11. On Friday, March 30, 2018, while Defendants' counsel was already away and otherwise unavailable via Skype due to being at sea, Plaintiff's counsel suggested that the counsel Skype that day. *See **Exhibit "C"*** hereto.

12. In response thereto, Defendants' counsel stated:

> I tried to set up our call since [l]ast Wednesday as I am a[t] sea yesterday through Sunday. Perhaps you will send me an email sometime indicating the areas of agreement in the sixty pages of billing you have had for the last nine days.

*See **Exhibit "C"*** hereto.

13. Plaintiff's counsel did not respond.

14. As a result, on Monday, April 2, 2018, Defendants' counsel telephoned Plaintiff's counsel's office at 10:37 a.m. and cell phone at 10:39 a.m. As there was no answer at either number, he left voicemails.

15. Later that day, on April 2, 2018, Plaintiff's counsel was finally able to conduct a thirty-minute phone conference with Defendants' counsel.

16. Plaintiff's counsel indicated that as of that day she had sent communications to her client but had not heard from Mr. Bleicher, and as a result could not respond with any of her client's required approval. Plaintiff's counsel made no stipulations in agreement as to hourly rates or any of the time entries. Plaintiff's counsel objected to a host of entries, but most were found meritless by Defendants' counsel.

17. Overall, Plaintiff failed to comply with the Order by failing to cooperate with Defendants in coordinating a meet and confer by March 30, 2018 via telecommunication to resolve the amount of post-judgment fees, costs, and interest due. Plaintiff has yet to respond as to her client's position on any of the entries.

18. However, on April 2, 2018, the parties agreed to exclude several time entries which have been redacted in the billing attached as ***Exhibit "D"*** hereto. The agreed redactions are marked with a check mark to the right of the agreed entry, which has been excluded from the calculation.

## Mediation

19. The Order further stated that "[i]f the Parties cannot come to an agreement, the Court will likely order a mediation in the Southern District of Florida where the Parties will be required to appear in person."

20. Defendants are located in Canada, and have fully complied with this Court's instructions, including in the Order, so that the mediation would not need to take place.

4

21.     Defendants should not be burdened with the travel expenses to and from the mediation, as well as the cost of the mediator, due to the fault of no one else but Plaintiff and its counsel.

22.     For that reason, Plaintiff should be responsible for Defendants' expenses of the Court-ordered mediation.

### Reasonable Fees

23.     Defendants are represented by Diane Bellavance, an attorney with approximately thirty (30) years of intellectual property experience, whose offices are located in Canada. Ms. Bellavance's hourly rate is $285.48 the US Dollar conversion from $360 CDN using an exchange rate of .79).  A true copy of Ms. Bellavance's Affidavit in Support of this Motion, including copies of her billing and biography page from her firm's website is attached hereto as ***Exhibit "E"***.  Ms. Bellavance's total billing is Five Thousand One Hundred Fifty-Six Dollars and Sixty-Three Cents ($5,156.63).

24.     In addition thereto, the Defendants are represented in the United States by general counsel, Michael Fattorosi, a litigation and transactional attorney with twenty (20) years' experience in District Court litigation including cases of this nature.  Mr. Fattorosi's hourly rate is $350.00.  Mr. Fattorosi billed 5.4 hours for the post judgment efforts. A true copy of Mr. Fattorosi's Affidavit in Support of this Motion including copies of his billing and his curriculum vitae is attached hereto as ***Exhibit "F."*** Michael Fattorosi's total billing is One Thousand Eight Hundred Ninety Dollars ($1,890.00).

25.     Finally, lead counsel in this matter is the undersigned, Bradley Legal Group, P.A.

26.     According to the terms of the applicable fee agreement between Defendants and the undersigned counsel dated October 29, 2014, Defendants were to be:

> billed by Firm for the actual time expended on the matter set forth above at the rate of three hundred seventy-five dollars ($375.00) per hour for John F. Bradley's time,… one hundred dollars ($125.00) per hour for paralegals, legal assistants, and law clerks' time. This rate schedule is adjusted from time to time and may affect the hourly rates of the attorneys, paralegals, and law clerks working on the matter. It is understood that no maximum fee has or can be quoted. . . fee is based on the amount of time we devote to your case. . .
>
> billed for all time spent on your case including, but not limited to: conferences, telephone calls, pretrial discovery, trial preparation, document drafting, correspondence and pleadings, negotiations, legal research, court time, and travel to and from locations away from our office. We do not represent clients on a fixed-fee basis.

27. Three (3) years ago, on April 7, 2015, this Court previously concluded the following:

> Ms. Bellavance charged $350 per hour Canadian, which is equal to $273.37 U.S., applying an exchange rate of 0.7811… Mr. Fattorosi charged $250 per hour until January 1, 2015, and $275 per hour thereafter… Mr. Bradley charged $375 per hour… Ms. Lubczanska charged $125 per hour… The Court finds that the rates charged by Ms. Bellavance, Ms. Fattorosi, Mr. Bradley, Mr. Foley, and Ms. Lubczanska are reasonable hourly rates in Miami-Dade County, based on their skill and experience.

[DE-46 at pp. 4-5].

28. In accordance with the applicable fee agreement, the hourly rates of the attorneys, paralegals, and law clerks working on the matter were adjusted, as reflected on the attached billing attached as ***Exhibit "D"*** hereto. Specifically, on or about November 24, 2015, Mr. Bradley's hourly rate was adjusted from $375 to $400 an hour, and Ms. Lubczanska's hourly rate was adjusted from $125 to $175 an hour. Subsequently, Mr. Bradley's hourly rate was adjusted to $425 an hour.

29. John F. Bradley is an attorney at law licensed to practice in the States of Florida and Tennessee since 1988. He has thirty (30) years of experience litigating commercial litigation and intellectual property cases all across the United States. He is the former Chairman of the

Entertainment, Arts and Sports Law Section of the Florida Bar, which includes over one thousand (1000) members. His litigation experience includes some of the biggest names in various industries, publicly traded companies, and has included hundreds of millions of dollars in disputes over the years. Mr. Bradley's hourly rate was $375.00 through November 23, 2015, and he has billed 38.8 hours at that rate for the post judgment efforts for a total of $14,550.00. Mr. Bradley's hourly rate was then increased to $400.00 on November 24, 2015, and he has billed 32.7 hours at that rate for the post judgment efforts for a total of $13,080.00. Subsequently, Mr. Bradley's hourly rate was $425.00, and he has billed 41 hours at that rate for the post judgment efforts for a total of $17,425.00.

30. Attorney Daniel S. Polley, a Florida attorney with twenty-nine (29) years of experience exclusively in intellectual property protection and litigation has billed 1.4 hours for the post judgment efforts at $325.00 per hour for a total of $455.00. Mr. Polley has been "of counsel" to Bradley Legal Group, P.A. for many years acting as co-counsel and second chair with attorney John F. Bradley in District Court litigation cases.

31. It is the practice of Bradley Legal Group, P.A. to utilize the services of the lowest billable employee to the greatest extent possible in order to keep billable fees as low as possible. Consistent with that practice, Joanna Lubczanska's hourly rate was $125.00 through November 23, 2015, and she has billed 76.3 hours at that rate for the post judgment efforts for a total of $9,537.50. Subsequently, Ms. Lubczanska's hourly rate was increased to $175.00 on November 24, 2015, and she has billed 187.9 hours at that rate for the post judgment efforts for a total of $32,882.50. Ms. Lubczanska has been a paralegal since February 2000 primarily in practice areas including state and federal commercial litigation, intellectual property, business, and entertainment law. She earned an A.S. degree with Highest Honors an in Legal Assisting in 2003, and a Bachelor

of Science degree in Legal Studies, *summa cum laude*, in 2007 at Florida Gulf Coast University, where she aided her professor, Robert N. Diotalevi, by contributing to a paralegal textbook: Statsky, William P., Robert N. Diotalevi, and Pamela McCoy Linquist. *The Florida Paralegal: Resource Guide*. Clifton Park: Delmar, 2009. Print. Ms. Lubczanska also earned degrees in Fashion Design (with a Special Award Achievement for Best Jewelry), and Computer Graphics and Design.

32. A true copy of the John F. Bradley's Affidavit in Support of this Motion including copies of his billing and his biography is attached hereto as **Exhibit "G"**. In recap, Mr. Bradley's total billing is $45,055.00 Mr. Polley's total billing is $455.00; Ms. Lubczanska's total billing is $42,420.00. All of Mr. Polley and Ms. Lubczanska's billing has been included in the billing for Bradley Legal Group, P.A. Bradley Legal Group, P.A.'s total billing is $87,930.00.

33. The billing incorporated in **Exhibit "D"** has been redacted to delete services related to actions other than this matter.

34. The grand total of all attorney's fees related to this action from all of Defendants' counsel, including attorneys Fattorosi, Bellavance and the Bradley Legal Group, P.A., is ***NINETY-FOUR THOUSAND NINE HUNDRED SEVENTY-SIX DOLLARS AND SIXTY-THREE CENTS ($94,976.63)***.

## Reasonable Costs

35. Defendants also request this Court award costs in the total amount of $241.62 consisting of the following:

| Date | Description | Amount |
|---|---|---|
| 7/15/15 | Copying Costs | $15.50 |
| 7/15/15 | Recording fee | $89.50 |
| 7/22/15 | Exhibits for hearing | $84.59 |
| 1/10/17 | Postage | $12.94 |
| 3/9/17 | Fedex | $39.09 |

8

36. All incurred and claimed fees and expenses not taxable under 28 U.S.C. § 1920 are described and documented with invoices attached as *Exhibit "D"* hereto.

### Post-Judgment Interest

37. The Order entitled Defendants to post-judgment interest at the applicable legal rate running from March 5, 2015-the date the Court found Defendants to be entitled to an award of attorneys' fees.

38. On March 5, 2015, the effective judgment interest rate was 4.75%, as set by the Florida Chief Financial Officer on January 1, 2015.

39. Therefore, Defendants are entitled to **two thousand six hundred twenty-four dollars and thirty-five cents ($2,624.35)** as post-judgment interest on the total amount of the award ($28,060.57) from March 5, 2015 (the date of the award) through and including February 21, 2017 (the date the award has been paid in full) (719 days multiplied by interest pay day of $3.65).

### Memorandum of Law

40. In the Eleventh Circuit, *Norman*, 836 F.2d 1292, prescribes the law for determining the appropriate award of attorney's fees. First, the Court must multiply the number of hours reasonably expended by a reasonable hourly rate under what is known as the "lodestar" approach. *Id*. at 1299, 1302. After determining the "lodestar", the Court may adjust the amount depending upon a number of factors, including the quality of the results. *Id*. at 1302. As the fee applicant, Defendants "bear the burden of establishing entitlement and documenting the appropriate hours and hourly rates."

41. The first part of the "lodestar" analysis is to determine the reasonable hourly rate for the hours for which the fee applicant is seeking attorney's fees. A reasonable hourly rate is "the

prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* at 1299. The fee applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates in the relevant community. *Id.* Satisfactory evidence consists of more than the affidavit of the attorney who performed the work. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (quoting *Norman*, 836 F.2d at 1299). The Eleventh Circuit has recognized that the Court itself is an expert with regard to the hourly rates charged in the local community. *Id.* at 1303.

42. The general rule is that the appropriate hourly rate is determined by the legal market where the lawsuit is filed. *Cullens v. Ga. Dept. Of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994).

43. The rates charged are either equal to or less than the prevailing market rates for comparable services in the Southern District of Florida, where this action was filed.

44. The second step in determining the "lodestar" is to assess the reasonable number of hours expended. *Norman*, 836 F.2d at 1302. The fee applicant bears the burden of documenting the appropriate number of hours. *Id.* at 1303. Proof of the hours dedicated to the litigation and any corresponding objections must be made with sufficient specificity. *Id.* at 1301. The Court should exclude hours that are: (1) excessive or otherwise unnecessary; (2) redundant; and (3) spent on discrete and unsuccessful claims. *Id.* at 1301-02. A lawyer requesting fees is required to exercise billing judgment. Consequently, "a lawyer may not be compensated for hours spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights." *Id.* at 1301.

45. As to the second element in the "lodestar" analysis (reasonableness of the rate), the rates referenced above are comparable (or less than) other attorney's and paralegal's rates in the

area related to litigation. *Norman v. Hous. Auth. Of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988).

46. The hours spent on the defense of this matter are certainly reasonable as is the hourly rate of the attorneys and staff referenced in the billings.

47. An affidavit from Jason Weiss, an independent attorney, who has reviewed the case and billing practices and finds the rates charged and hours expended to be reasonable is attached hereto as **Exhibit "H"**. Independent counsel Weiss is of the opinion that the amount of fees sought herein are reasonable.

48. Defendants' counsel made every reasonable effort to minimize hours spent on the case, and the fee requested is similar to the amount spent on similar past cases.

49. Having determined both components of the "lodestar," the Court still must consider whether an adjustment to the "lodestar" should be made for the results obtained. *Id.* at 1302.

50. The Order entitled Defendants to post-judgment attorneys' fees and costs under Fla. Stat. § 57.115, which states as follows:

> (1) The court may award against a judgment debtor reasonable costs and attorney's fees incurred thereafter by a judgment creditor in connection with execution on a judgment.
> (2) In determining the amount of costs, including attorney's fees, if any, to be awarded under this section, the court shall consider:
>    (a) Whether the judgment debtor had attempted to avoid or evade the payment of the judgment; and
>    (b) Other factors as may be appropriate in determining the value of the services provided or the necessity for incurring costs in connection with the execution.

51. Plaintiff undisputedly attempted to avoid or evade the payment of the Judgment.

52. Fla. Stat. § 57.115 allows the recovery of costs and attorneys' fees "incurred thereafter by a judgment creditor in connection with execution on a judgment." In determining the amount of costs and fees, the Court shall consider (a) whether Defendant had attempted to avoid

*Bradley Legal Group, P.A.*, 15 Northeast 13th Avenue, Fort Lauderdale, FL 33301 (954) 523-6160

or evade the payment of the Award, and (b) "other factors as may be appropriate in determining the value of the services provided or the necessity for incurring costs in connection with the execution." Fla. Stat. § 57.115(2).

53. Even just a brief review of this case's docket reveals "Flava's gamesmanship" (as acknowledged by the court in the Northern District of Illinois Action) and Plaintiff's intentional and continuous refusal to pay the Award and the related delay tactics spanning almost two (2) years of significant post-judgment litigation in aid of execution. For example, Plaintiff's ample intentional actions to avoid or evade the payment of the Award are evidenced by the following:

  a. Plaintiff's e-mail dated July 23, 2015, warning Defendants that they ***"will not get any attorney's fees (even if awarded), because we have no money. Yep, we are broke, we owe the IRS and we have a settlement with them, after that, there is no money left. Any judgment you get for fees, you will not collect because we have no money."*** [DE-61-6];

  b. Plaintiff's ample post-judgment discovery failures, some acknowledged by this Court (see Order [DE-94] stating that Plaintiff ***"stridently persisted with the obstruction in discovery"*** [in aid of execution] and imposing sanctions for $10,000, which Plaintiff failed to timely pay as ordered, notwithstanding its untimely and baseless motions for extensions), including failures to produce or respond, failures to coordinate discovery hearings, and failures to comply with various orders. Additionally, Defendants' Request for Judicial Notice [DE-73] illustrates Plaintiff's gamesmanship in obeying Court's deadlines and its candor while making representations to this Court;

    c. Plaintiff's baseless Motion for Reconsideration of the Award [DE-63] denied by this Court [DE-98];

    d. Plaintiff's felonious worthless Check No. 25383 for $15,560.57 dated November 22, 2016. *See* **Exhibit "I"** hereto; and

    e. Plaintiff's failure to fully and timely comply with Defendants' statutory "Worthless Check Notices" pursuant to Fla. Stats. § 68.065 and § 832.07.

54. Plaintiff's extensive attempts to avoid or evade the payment of the Award, alone and/or combined with the other factors outlined in this Motion, necessitated for incurring costs in connection with the execution. The efforts and costs were necessitated by Plaintiff's intentional and continuous refusal to pay the Award and related delay tactics.

55. Given Plaintiff's failure to pay the Award, Defendants filed Motion to Compel Plaintiff to Complete Fact Information Sheet [DE-51], which Plaintiff opposed [DE-56], but this Court ultimately granted on July 20, 2015 [DE-58]. Then, on July 24, 2015, Defendants filed their Motion to Compel a Discovery Response to First Request for Production In Aid of Execution [DE-60] due to Plaintiff's complete failure to respond, as well as Motion for Proceedings Supplementary [DE-61] ("**MFPS**") under Fla. Stat. §56.29, on the premise that Defendants "are entitled to Proceedings Supplementary as a matter of law, including the recovery of costs and attorneys' fees pursuant to § 56.29(11)[1], Fla. Stat." See MFPS at ¶13. After Plaintiff opposed both motions and sought reconsideration of the Award, both motions were referred to Magistrate Judge

---

[1] Formerly Fla. Stat. § 56.29(11), the statute is now Fla. Stat. § 56.29(8), and states that "[c]osts for proceedings supplementary shall be taxed against the judgment debtor as well as all other incidental costs determined to be reasonable and just by the court including, but not limited to, docketing the execution, sheriff's service fees, and court reporter's fees. Reasonable attorney fees may be taxed against the judgment debtor."

13

Goodman, who does not allow for written discovery motions. Judge Goodman conducted several hearings on the simple, yet highly contested by Plaintiff, discovery issues, including:

a. Telephonic scheduling conference on October 19, 2015, regarding discovery matters due to Plaintiff's failures to coordinate a discovery hearing (*see* [DE-81]);

b. Discovery hearing on November 20, 2015 (see Post-Discovery Administrative Order [DE-94] which required Plaintiff's significant compliance therewith in connection with Defendants' discovery motions and requests, including sanctions of $10,000 in fees, as Plaintiff ***"stridently persisted with the obstruction in discovery."*** Nonetheless, Plaintiff failed to comply with the order as required. *See* [DE-95]. Furthermore, Plaintiff's untimely Motion for Extension to Pay Rule 37 Fees [DE-96] was stricken by the Court [DE-97]. Similarly, Plaintiff's Amended Motion for Extension [DE-101] was also denied [DE-102];)

c. Telephonic status conference on December 22, 2015, regarding discovery matters due to Plaintiff's failures to coordinate a discovery hearing (*see* [DE-103]);

d. Discovery hearing on February 5, 2016 (*see* Post-Discovery Hearing Order [DE-111], requiring Plaintiff's significant compliance therewith in connection the outstanding discovery issues and sanctions by February 11 or 12, 2016, while also "reserving ruling on the issue of Rule 37 attorney's fees for the hearing held on February 5, 2016." It should be noted that, according to Affidavit of Phillip Bleicher filed on February 13, 2016 [DE-114-1], Plaintiff

      made no additional efforts to follow up on the November 30, 2015 letter to TD Bank until the February 12, 2016 deadline imposed by the Order).

56. On February 8, 2016, this Court granted Defendants' MFPS [DE-112], stating that there was a "significant ongoing discovery activity already underway."

57. The "significant ongoing discovery activity" referred to by this Court included the discovery hearings and sanctions ordered to be paid by December 10, 2015, but paid same two (2) months later, and after two (2) additional court orders concerning same [DE-102 and 111].

58. After more than one (1) year of unsuccessful attempts to collect on the Award, Defendants filed their Motion To Implead Third Parties And For Order To Show Cause [DE-124] (the "**MTI**"), which, on December 1, 2016, this Court granted in part, but denied without prejudice Defendants' request for fees and costs associated with the supplementary proceeding as premature ("before any final judgment in these supplementary proceedings"), stating that the Court "will permit such requests to be reasserted at the appropriate time" [DE-133].

59. Meanwhile, Plaintiff finally submitted several checks in the sum of the Award ($28,060.57), which Defendants' counsel received on or about November 28, 2016. However, one of those checks turned out to be drawn on insufficient funds. Specifically, Check No. 25383 in the amount of $15,560.57, dated November 22, 2016, was returned to Defendants by the bank due to ***not sufficient funds***.[2] In addition, as a result, Defendants were assessed a bank charge in the amount of $40.33. *See* **Exhibit "J"** hereto. Plaintiff did not replace the dishonored check or repay the bank charges. As a result, Defendants served "Worthless Check Notices" on Plaintiff pursuant to Fla. Stats. § 68.065 and § 832.07, demanding $16,388.60. See **Composite Exhibit "K"** hereto.

---

[2] Pursuant to Fla. Stat. § 832.05(2)(b), the crime of issuing a worthless check in the amount of $150 or more constitutes a felony of the third degree.

Plaintiff's deadline to pay the sum ***in full*** was set to expire on January 24, 2017 as to Fla. Stat. § 832.07 for criminal prosecution, and on February 8, 2017 as to Fla. Stat. § 68.065 for a civil action (for three times the amount of the worthless check, plus costs, attorneys fees, and bank fees). In a meantime, on or about January 18, 2017, Defendants received from Plaintiff an official check issued on January 18, 2017, for a partial payment of $16,000.00. Even later, past the latter deadline to fully comply, on or about February 17, 2017, Defendants received from Plaintiff a postal money order issued on February 15, 2017, in the amount of $388.00. On or about February 21, 2017, Defendants received from Plaintiff a postal money order issued on February 16, 2017, in the amount of $1.00. Furthermore, Plaintiff has not paid and Defendants have not received any interest or the incurred bank fee due on the amount awarded on April 7, 2015.

60.     The totality of the circumstances described above supports the determination of increased attorneys' fees and costs under Fla. Stat. § 57.115.

WHEREFORE, Defendants respectfully requests that this Court enter an Order granting their Motion, and granting Defendant any other relief this Court deems just and proper under the circumstances.

## GOOD FAITH EFFORT TO AGREE CERTIFICATE

Pursuant to the Local Rules, I hereby certify that a good faith effort to resolve issues by agreement has occurred. Defendants' efforts have been described in detail above in section titled "Meet and Confer" (¶¶ 8-18). Based on the foregoing, Plaintiff objects to the remaining relief sought in this motion.

**BRADLEY LEGAL GROUP, P.A.**
*Counsel for Defendants*
15 Northeast 13th Avenue
Fort Lauderdale, FL 33301
Tel: (954) 523-6160
Fax: (954) 523-6190

16

By: /s/ John F. Bradley
John F. Bradley, Esq.
Fla. Bar No. 0779910

**Exhibits:**

| | |
|---|---|
| *Exhibit "A"* | Defendants' counsel's letter to Plaintiff's counsel dated March 21, 2018. |
| *Exhibit "B"* | Defendants' counsel's email to Plaintiff's counsel dated March 27, 2018. |
| *Exhibit "C"* | Subsequent emails. |
| *Exhibit "D"* | Redacted billing. |
| *Exhibit "E"* | Diane Bellavance's Affidavit. |
| *Exhibit "F"* | Michael Fattorosi's Affidavit. |
| *Exhibit "G"* | John Bradley's Affidavit. |
| *Exhibit "H"* | Independent counsel Jason Weiss's Affidavit. |
| *Exhibit "I"* | Plaintiff's felonious worthless Check No. 25383 for $15,560.57 dated November 22, 2016. |
| *Exhibit "J"* | Bank charge in the amount of $40.33 assessed against Defendants. |
| *Exhibit "K"* | Defendants' "Worthless Check Notices" served on Plaintiff pursuant to Fla. Stats. § 68.065 and § 832.07, demanding $16,388.60. |

## VERIFICATION OF JOHN F. BRADLEY, ESQ.

In accordance with 28 U.S.C. § 1746, I, John F. Bradley, Esq., as Defendants' attorney of record, declare under penalty of perjury that I have read the foregoing Motion, and that the facts stated herein are true and correct to the best of my personal knowledge.

Executed in Fort Lauderdale, Florida, this 13th day of April, 2018.

s/John F. Bradley/
John F. Bradley, Esq.

*Bradley Legal Group, P.A.*, *15 Northeast 13th Avenue, Fort Lauderdale, FL 33301 (954) 523-6160*

**CERTIFICATE OF SERVICE**
**OF ELECTRONIC FILING GENERATED BY CM/ECF**

I HEREBY CERTIFY that on this 13th of April, 2018, I electronically filed the foregoing document with the Clerk of the Court using its CM/ECF System. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the following Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by this Court's CM/ECF System, or in some other authorized manner for those counsel or parties who are not authorized to electronically receive notice of electronic filing.

                By:    /s/John F. Bradley/
                          John F. Bradley, Esq.

*Bradley Legal Group, P.A.*, 15 Northeast 13th Avenue, Fort Lauderdale, FL 33301 (954) 523-6160

**SERVICE LIST**

Juneitha Shambee, Esq.
shambeelaw@gmail.com
*Attorney for Plaintiff*
Shambee Law Office, Ltd.
P.O. Box 91
Evanston, IL 60204
Phone: (773) 741-3602
Fax: (773) 945-6365
**Service via CM/ECF**

*Bradley Legal Group, P.A.*, *15 Northeast 13th Avenue, Fort Lauderdale, FL 33301 (954) 523-6160*