UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-23208-CIV-LENARD/GOODMAN

FLAVA WORKS, INC.,

      Plaintiff,

vs.

A4A RESEAU, INC.
A4A NETWORK, INC.
MARC PARENT,

      Defendants.

_____/

## MOTION FOR PROCEEDINGS SUPPLEMENTARY AND TO IMPLEAD PHILLIP BLEICHER

      Defendants/Judgment Creditors, A4A RESEAU, INC., a foreign corporation, A4A NETWORK, INC., a foreign corporation, and MARC PARENT, a foreign individual (collectively, the "Judgment Creditors"), by and through the undersigned counsel, and pursuant to Fed. R. Civ. P. 69(a) and § 56.29, Fla. Stat., hereby file this Motion for Proceedings Supplementary and to Implead Phillip Bleicher, and in support thereof, state:

**I.      INTRODUCTION**

      1.      Judgment Creditors currently hold a judgment against Judgment Debtor FLAVA WORKS, INC. (the "Judgment Debtor") in an amount totaling $81,958.72. Through this Motion, Judgment Creditors seek an Order granting Proceedings Supplementary against the Judgment Debtor in order (1) to seize certain property, namely, copyright registrations and/or unregistered copyrights and the inventory and goodwill associated therewith in the name of Judgment Debtor, and/or certain domain registrations owned by the Judgment Debtor and its alter ego, Phillip Bleicher, and otherwise to afford

1

the Judgment Creditors other complete relief possible in satisfying the judgment as this Court deems just and proper under the circumstances.

## II.     PROCEDURAL AND FACTUAL BACKGROUND

2.     On April 13, 2018, Judgment Creditors filed a Verified Motion to Determine Reasonableness of Attorneys' Fees, Costs, and Interest. [D.E. 160].

3.     On September 20, 2018, the Court, in response to the aforementioned Motion, concluded in its Order Granting in Part and Denying in Part Judgment Creditors' aforementioned Verified Motion [D.E. 167] entering judgment for Judgment Creditors' attorneys' fees in the amount of $79,092.75, costs in the amount of $241.62, and post-judgment interest in the amount of $2,624.35 for a total of $81,958.72, specifically stating "for which let execution issue."

4.     On December 4, 2018, Judgment Creditors filed an application for a Writ of Execution. [D.E. 172].

5.     A Writ of Execution has been issued by the clerk on December 7, 2018 [D.E. 173] pursuant to the specific language of the Order. [D.E.  167].

6.     Judgment Creditors understand that viable assets of the Judgment Debtor include certain intellectual property, namely copyright registrations and/or unregistered copyrights, top level internet domain names and the inventory and goodwill associated therewith, specifically including the following intellectual property ("Flava IP") without limitation:

(a)     All Copyright Registrations owned by Flava Works, Inc., as set forth in *Exhibit I*;

(b)     All Copyright Registrations sued upon in this action by Judgment Debtor but titled in the name of Phillip Bleicher, Judgement Debtor's alter ego, as set forth in ***Exhibit II***;

(c)     All top level Internet domain names owned by Flava Works, Inc. as set forth in ***Exhibit III***;

7.     Pursuant to § 56.29(9), Fla. Stat., the Judgment Creditors are entitled to Proceedings Supplementary, and an Order from the Court (1) to seize certain property, namely, copyright registrations and/or unregistered copyrights and the inventory and goodwill associated therewith in the name of Judgment Debtor, and/or certain domain registrations owned by the Judgment Debtor, specifically including the Flava IP, (2) to pierce the corporate veil and reach corporate assets in the hands of the Judgment Debtor's individual stockholder(s), (3) to set aside fraudulent transfers of Judgment Debtor's property to third persons, (4) to reach the Judgment Debtor's assets in the hands of a successor corporation(s) under the theory of successor liability, and (5) to afford the Judgment Creditors other complete relief possible in satisfying the judgment as this Court deems just and proper under the circumstances.

8.     Pursuant to § 56.29(9), Fla. Stat., an Affidavit stating that the Judgment Creditors hold an unsatisfied judgment, that the execution is valid and outstanding, and that the Judgment Creditors are entitled to Proceedings Supplementary has been properly filed and is attached hereto as ***Exhibit IV.***

9.     As a result of the foregoing, the Judgment Creditors are entitled to Proceedings Supplementary as a matter of law, including the recovery of costs and attorneys' fees pursuant to § 56.29(9), Fla. Stat.

### III. INCORPORATED MEMORANDUM OF LAW

### A. Proceedings Supplementary

Proceedings Supplementary is a post-judgment remedy by which a creditor may summarily discover and subject property belonging to a debtor to the satisfaction of his judgment. Proceedings Supplementary not only enables the judgment creditor to discover the assets subject to his judgment, but also allows the judgment creditor to subject these assets to his judgment by use of summary proceedings. *See, generally*, *Proceedings Supplementary*, in Vol. 1, JUDGMENT ENFORCEMENT IN FLORIDA, 3 (Lorman Education Services, 2007). The proceedings are governed by § 56.29(9), Fla. Stat.

Proceedings Supplementary are entirely statutory in nature. Yet, courts generally interpret the statute broadly and liberally to afford a judgment creditor the most complete relief possible in satisfying his judgment. *See Bleidt v. Lobato*, 664 So.2d 1074 (Fla. 5th DCA 1995); *Neff v. Adler*, 416 So.2d 1240 (Fla. 4th DCA 1982); *Puzzo v. Ray,* 386 So.2d 49, 50 (Fla. 4th DCA 1980). For instance, Fla. Stat. § 56.29 allows the Court to enter any order required to carry out the purpose of the statute to subject property, or property rights of any defendant to execution.

Proceedings Supplementary is an effective tool for discovering a debtor's property once it is determined that the debtor currently does not have assets in his possession to satisfy a creditor's judgment. For example, once a judgment debtor's assets are discovered, Proceedings Supplementary may be used to set aside fraudulent transfers of the debtor's property to third persons. A court may use Proceedings Supplementary to pierce the corporate veil and reach corporate assets in the hands of individual stockholders. *See Allied Indus. Int'l., Inc. v. AGFA-Gevaert, Inc.*, 688 F.Supp. 1516 (S.D. Fla. 1988), *aff'd.*, 900 F.2d 264 (11th Cir. 1990). A court may also reach a debtor's assets in the hands of a

successor corporation under the theory of successor liability, *i.e.*, mere continuation, de factor merger, alter ego or fraudulent transfer.[1] *See Amjad Munim, M.D., P.A. v. Azar*, 648 So.2d 145 (Fla. 4th DCA 1995). Most importantly, Proceedings Supplementary is used to reach equitable assets that are not subject to levy under a writ of execution, such as promissory notes, accounts receivable, choses in action, and, for purposes of this motion, intellectual property such as copyright registrations, or domain registrations. *Continental Cigar Copr. V. Edelman & Co.* 397 So.2d. 957 (Fla. 3d DCA 1981).

In order to initiate proceedings supplementary, a judgment creditor need only allege by affidavit that (s)he holds an unsatisfied judgment, the execution remains valid and outstanding, and that the judgment creditor is entitled to these proceedings supplementary to execution. § 56.29(9), Fla. Stat. While simple to employ, the implications of proceedings supplementary are far reaching. Indeed, a judge may order any property of a judgment debtor, not exempt from execution, in the hands of any person or due to the judgment debtor to be applied toward the satisfaction of the judgment debt. § 56.29(9), Fla. Stat. A Court may, in its discretion, enter any order required to carry out the purpose of proceedings supplementary to subject property or property rights of any defendant to execution. § 56.29(9), Fla. Stat.

**B. Judgment Creditors are Entitled to Proceeding Supplementary**

The Judgment Creditors are entitled to these proceedings supplementary as a matter of law for an order (1) to seize certain property, namely, copyright registrations and/or

---

[1] Proceedings Supplementary may also be used to secure, seize and sell corporate stock that is owned by the judgment debtor. *See J.N. Laliotios Eng'g. Constr., Inc. v. Mastor*, 600 So.2d 1271 (Fla. 2d DCA 1992). It may also be used to enter injunctive relief to enjoin a transfer of assets that would amount to fraud upon the judgment creditor, *see Tabet v. Tabet*, 644 So.2d 557 (Fla. 3d DCA 1994), and to have a receiver appointed to take possession of the debtor's property. *See Warshall v. Price*, 617 So.2d 751.

unregistered copyrights, top level Internet domain names and the inventory and goodwill associated therewith in the name of Judgment Debtor, and/or certain domain registrations owned by the Judgment Debtor, specifically including the Flava IP, (2) to pierce the corporate veil and reach corporate assets in the hands of the Judgment Debtor's individual stockholder(s), (3) to set aside fraudulent transfers of Judgment Debtor's property to third persons, (4) to reach the Judgment Debtor's assets in the hands of a successor corporation(s) under the theory of successor liability, and (5) to afford the Judgment Creditors other complete relief possible in satisfying the judgment as this Court deems just and proper under the circumstances. The Judgment Creditors have filed the appropriate Affidavit with this Court stating that the execution remains valid and outstanding, and that the Judgment Creditors are entitled to these proceedings supplementary to execution. ***See Exhibit "III***. Nothing else is required in order to obtain an order for proceedings supplementary. *See Regent Bank v. Woodcox*, 636 So.2d 885, 886 (Fla 4th DCA 1994); *Rosenfeld v. T.P.I. Int'l Airways*, 630 So.2d 1167, 1168 (Fla. 4th DCA 1993); *Continental Cigar Corp.*, 397 So.2d at 958.

### C. Proceedings Supplementary May be Used to Seize Judgment Debtor's Intellectual Property

As set forth above, proceedings supplementary may be used to seize intellectual property, such as copyright registrations or unregistered copyrights and top level Internet domain names. Here, Judgment Creditors seek to use these proceedings supplementary to seize the Judgment Debtor's copyright registrations and/or unregistered copyrights, top level Internet domain names and the inventory and goodwill associated therewith in the name of the Judgment Debtor, specifically including the Flava IP, to partially satisfy the Order against the Judgment Debtor. In *Continental Cigar Corp.,* the Florida Third District Court of Appeal affirmed a trial court's order granting summary judgment in proceedings

which held that certain intellectual property (trademark) rights held in a third party's name were in reality an asset of the judgment debtor. As a result, the trial court entered an order requiring the third party to quitclaim the trademarks to the judgment debtor, and reserved jurisdiction to appoint a receiver over the judgment debtor. *Continental Cigar Corp.,* 397 So.2d at 957. The Court also entered an injunction enjoining the third party from further use of the trademark. The Third District Court of Appeal affirmed the trial court's actions in all respects. *Id.*

### D. Phillip Bleicher Must Be Impleaded in This Action.

"Under decisional law interpreting Fla. Stat. ch. 56.29, the two jurisdictional prerequisites for supplementary proceedings are (1) an unsatisfied writ of execution, and (2) an affidavit averring that the writ is valid and unsatisfied along with a list of persons to be impleaded." *Allied Indus. Int'l, Inc. v. AGFA-Gevaert*, Inc., 688 F. Supp. 1516, 1517 (S.D. Fla. 1988). Once these requirements are met, the statute must be given a liberal construction to afford a judgment creditor the most complete relief possible. *Id*. When a party properly meets the stated requirements and establishes a prima facie case, as has been done by the Judgment Creditors in this case, the court has the authority and in fact a duty to implead third parties. Judgment Debtors are merely the alter ego of Phillip Bleicher and therefore Bleicher must be impleaded into this current action.

Section 56.29(2), Fla. Stat. (2016) governs the process of impleading third parties into proceedings supplementary. In cases alleging alter ego liability, the description requirement of § 56.29(2), Fla. Stat. (2016) is satisfied if the judgment creditor describes any property of an alter ego of the judgment debtor not exempt from execution in the hands of any person, or any property, debt, or other obligation due to an alter ego of the judgment debtor which may be applied toward the satisfaction of the judgment. *Longo v. Associated*

*Limousine Servs.*, 236 So. 3d 1115, 1116 (Fla. Dist. Ct. App. 2018). Judgment Debtors have brought suit on claimed copyrights and Internet domain names [D.E. 1 para. 17] that are registered under the name Phillip Bleicher (***See Exhibit II*** for list of copyrights owned by Bleicher) "Because a judgment debtor and an alter ego are treated as the same entity, the required description of "any property of the judgment debtor, or any property, debt, or other obligation due to the judgment debtor" in § 56.29(2), Fla. Stat. (2016) may include property of an alleged alter ego of the judgment debtor." *Id*.

As is previously mentioned in this motion, Judgment Creditors may seize intellectual property belonging to the Judgment Debtors in a Proceedings Supplementary. A judgment creditor can implead any person in possession of the judgment debtor's property that can be used to satisfy the judgment—i.e. "not exempt" property—may be impleaded in proceedings supplementary. Fla. Stat. § 56.29(2). Some of the copyrights to which the Judgment Creditors will properly be able to seize to satisfy the outstanding judgment are owned by Judgment Debtor's alter ego, Phillip Bleicher. Therefore, in order to afford Judgment Creditors the most complete relief possible, Phillip Bleicher must be impleaded into the current action.

**E. Conclusion**

Pursuant to § 56.29(9), Judgment Creditors are entitled to this Proceedings Supplementary as a matter of law and may recover property owned by the Judgment Debtor in order to satisfy the outstanding $81,958.72, as ordered by the court in its Order Granting in Part and Denying in Part Judgment Creditors' aforementioned Verified Motion [D.E. 167] and issued in the Writ of Execution by this court [D.E. 173]. Such property may include intellectual property owned by the Judgment Debtor, specifically Flava IP and/or certain domain registrations owned by the Judgment Debtor and its alter ego, Phillip

Bleicher. To properly afford Judgment Creditors with the most complete form of relief possible, Phillip Bleicher must be impleaded because he has certain copyrights and domain names registered under his name that constitute property being sought to satisfy the outstanding judgment owed to the Judgment Creditors.

WHEREFORE, Judgment Creditors respectfully request that this Court enter an Order granting the following relief:

(a) granting proceedings supplementary pursuant to § 56.29(9), Fla. Stat. and entering an order (1) to seize certain property, namely, copyright registrations and/or unregistered copyrights and the inventory and goodwill associated therewith in the name of Judgment Debtor, specifically including the Flava IP, and/or certain domain registrations owned by the Judgment Debtor, (2) to pierce the corporate veil and reach corporate assets in the hands of the Judgment Debtor's individual stockholder(s), (3) to set aside fraudulent transfers of Judgment Debtor's property to third persons, (4) to reach the Judgment Debtor's assets in the hands of a successor corporation(s) under the theory of successor liability, and (5) to afford the Judgment Creditors other complete relief possible in satisfying the judgment as this Court deems just and proper under the circumstances.

(b) directing the Judgment Debtor to appear before this Court or a designated Magistrate to be examined in Miami-Dade County at a time and date specified by this Court concerning its assets;

(c) directing Phillip Bleicher to be impleaded into this current action so that certain property belonging to him may be considered in satisfying Judgment Creditors' unsatisfied judgment;

(d) granting Judgment Creditors their costs for these Proceedings Supplementary, as well as other reasonable and just incidental costs, as well as reasonable attorneys' fees against the Judgment Debtor pursuant to § 56.29(11).

Respectfully submitted,

**BRADLEY LEGAL GROUP, P.A.**
*Counsel for Defendants*
15 Northeast 13th Avenue
Fort Lauderdale, Fl 33301
Tel: (954) 523-6160
Fax: (954) 523-6190

By:     /s/ John F. Bradley
John F. Bradley, Esq.
Fla. Bar No. 0779910
jb@bradlegal.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21ST day of December 2018, I electronically filed the foregoing document with the Clerk of the Court using its CM/ECF System. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the following Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by this Court's CM/ECF System, or in some other authorized manner for those counsel or parties who are not authorized to electronically receive notice of electronic filing.

By:     /s/ John F. Bradley
John F. Bradley, Esq.
Fla. Bar No. 0779910
jb@bradlegal.com

**<u>SERVICE LIST</u>**

Juneitha Shambee, Esq.
shambeelaw@gmail.com
*Attorney for Plaintiff*
Shambee Law Office, Ltd.
P.O. Box 91
Evanston, IL 60204
Phone: (773) 741-3602
Fax: (773) 945-6365
**<u>Service via CM/ECF</u>**