**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 14-23208-CIV-LENARD/GOODMAN

**FLAVA WORKS, INC.,**

      Plaintiff,

**v.**

**A4A RESEAU, INC.,**
**A4A NETWORK, INC.,**
**and MARC PARENT,**

      Defendants.
_____/

## ORDER VACATING ORDER OF REFERRAL (D.E. 175), GRANTING BY DEFAULT, AND ALTERNATIVELY ON THE MERITS, DEFENDANTS' MOTION FOR PROCEEDINGS SUPPLEMENTARY AND TO IMPLEAD PHILLIP BLEICHER (D.E. 174), AND REFERRING CASE TO MAGISTRATE JUDGE JONATHAN GOODMAN FOR PROCEEDINGS SUPPLEMENTARY

**THIS CAUSE** is before the Court on a sua sponte review of the record.  On September 20, 2018, the Court entered an Order awarding Defendants $81,958.72 in attorneys' fees, costs, and post-judgment interest.  ("Judgment for Fees," D.E. 167.)  On December 7, 2018, the Clerk issued a Writ of Execution in the amount of $81,958.72.  (D.E. 173.)  Plaintiff appealed the Court's Judgment for Fees.  (D.E. 168.)

On December 21, 2018, Defendants filed a Motion for Proceedings Supplementary and to Implead Phillip Bleicher, indicating that the Judgment for Fees and Writ of Execution remain unsatisfied.  (D.E. 174.)  Therefore, Defendants seek an Order granting proceedings supplementary pursuant to Section 56.29, Florida Statutes "to seize certain property, namely, copyright registrations and/or unregistered copyrights and the inventory

and goodwill associated therewith in the name of Judgment Debtor [Flava Works, Inc.], and/or certain domain registrations owned by the Judgment Debtor and its alter ego, Phillip Bleicher . . . ." (Id. at 1.)  As such, the Motion also seeks to implead Phillip Bleicher.  (Id. at 7-8.)  On December 26, 2018, the Court referred the Motion to Magistrate Judge Jonathan Goodman.  (D.E. 175.)

On March 11, 2019, Plaintiff's former attorney, Juneitha Shambee, filed a Corrected Motion to Withdraw as Counsel, (D.E. 178), which the Court denied without prejudice because in the Eleventh Circuit, a corporation cannot be unrepresented in proceedings before the District Court pursuant to Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985), (D.E. 179).

On April 8, 2019, Plaintiff's CEO, Phillip Bleicher, filed a Motion indicating that Plaintiff had terminated Ms. Shambee's employment as counsel, and seeking an extension of time to hire new counsel.  (D.E. 181.)  On April 10, 2019, the Court entered an Order granting that Motion, providing Plaintiff "until and including May 1, 2019 to hire new counsel, evidence[d] by a Notice of Appearance on the docket." (D.E. 183.)  The Court warned that "failure to timely hire new counsel may result in granting Plaintiff's Motion(s) by default, or have other negative consequences." (Id.)

On May 1, 2019, Plaintiff filed another Motion for Extension of Time to Hire New Counsel. (D.E. 184.)  The Court denied the Motion without prejudice for failure to comply with Local Rule 7.1(a)(3), which requires a pre-filing conferral between the parties. (D.E. 185.)  To date, Plaintiff has not hired new counsel as evidenced by a Notice of Appearance on the docket.

On May 21, 2019, the Eleventh Circuit Court of Appeals dismissed Plaintiff's appeal "for want of prosecution because the appellant Flava Works, Inc. failed to retain counsel in accordance with Palazzo v. Gulf Oil[,] 764 F.2d 1381, 1385 (11th Cir. 1995) within the time fixed by the rules [.]"  (D.E. 186.)

On May 23, 2019, the Court entered an Order providing Plaintiff until and including June 3, 2019 to show cause why the Motion for Proceedings Supplementary and to Implead Phillip Bleicher should not be granted by default pursuant to Local Rule 7.1(c), and/or why an Order of Default should not be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 55(a), based on Plaintiff's failure to hire new counsel within the time fixed by the Court's April 10, 2019 Order.  (D.E. 188.)  To date, Plaintiff has not responded to the Court's Show Cause Order.

Pursuant to Local Rule 7.1(c), "each party opposing a motion"—other than those specified by the rule—"shall serve an opposing memorandum of law no later than fourteen (14) days after service of the motion.  Failure to do so may be deemed sufficient cause for granting the motion by default."  S.D. Fla. L.R. 7.1(c) (emphasis added).  Because Plaintiff has failed to oppose Defendants' Motion for Proceedings Supplementary and to Implead Phillip Bleicher, the Court grants the Motion by default.

Alternatively, the Court grants the Motion on the merits.  Pursuant to Federal Rule of Civil Procedure 69, "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise.  The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where

the court is located, but a federal statute governs to the extent it applies."  Fed. R. Civ. P. 69(a)(1).

"Proceedings supplementary are a procedural mechanism that provides a judgment creditor with means to investigate assets of the judgment debtor that might be used to satisfy a judgment and are governed by Fla. Stat. § 56.29."  Bodywell Nutrition, LLC v. Fortress Sys., LLC, 846 F. Supp. 2d 1317, 1324 (S.D. Fla. 2012) (citing Office Bldg., LLC v. CastleRock Sec., Inc., No. 10–61582–CIV, 2011 WL 1674963, at *2 (S.D. Fla. May 31, 2011)).  "Under § 56.29, a judgment creditor may implead third parties to expeditiously discover a judgment debtor's assets and subject them to 'a speedy and direct proceeding in the same court in which the judgment was recovered.'"  Id. (quoting CastleRock Sec., 2011 WL 1674963, at *2).  "'Impleading third parties in a proceeding supplementary to execution is necessary to acquire jurisdiction over them.'"  Id. (quoting ABM Fin. Servs., Inc. v. Express Consolidation, Inc., No. 07-60294, 2011 WL 915669, at *2 (S.D. Fla. Mar. 16, 2011)).  "'Such impleading does not in itself establish liability on the part of the impleaded third parties.  Rather, it gives them an opportunity to raise their defenses and protect their interests consistent with the requirements of due process.'"  Id. (quoting ABM Fin. Servs., 2011 WL 915669, at *2).  "Once impleaded, the third-party 'must appear before the Court and show cause why the contested property should not be applied toward satisfaction of the judgment creditor's judgment.'"  Id. (quoting CastleRock Sec., 2011 WL 1674963, at *3).

Pursuant to Section 56.29(2), the judgment creditor must "describe any property of the judgment debtor not exempt from execution in the hands of any person or any property,

4

debt, or other obligation due to the judgment debtor which may be applied toward the satisfaction of the judgment."  Fla. Stat. § 56.29(2).  Thereafter, the Court must issue a Notice to Appear directing the judgment debtor to file an affidavit by a date certain stating why the property, debt, or obligation should not be applied to satisfy the judgment.  Id. The Court may refer the proceedings supplementary to a magistrate judge "who may be directed to report findings of law or fact, or both."  Fla. Stat. § 56.29(4).  "The court may order any property of the judgment debtor, not exempt from execution, or any property, debt, or other obligation due to the judgment debtor, in the hands of or under the control of any person subject to the Notice to Appear, to be levied upon and applied toward the satisfaction of the judgment debt."  Fla. Stat. § 56.29(6).

      "'Florida courts have developed two jurisdictional prerequisites for supplementary proceedings under § 56.29: (1) an unsatisfied writ of execution and (2) an affidavit averring that the writ is valid and unsatisfied along with a list of entities to be impleaded.'" Bodywell Nutrition, 846 F. Supp. 2d at 1325 (citing CastleRock Sec., 2011 WL 1674963, at *2 (citing Bleidt v. Lobato, 664 So. 2d 1074, 1075 (Fla. Dist. Ct. App. 1995); Wieczoreck v. H&H Builders, Inc., 450 So. 2d 867, 871 (Fla. Dist. Ct. App. 1984))).  Where the judgment creditor satisfies the statutory requirements for proceedings supplementary, "[j]udges have both the power and the duty to bring in third parties when relief against them may be warranted."  Cont'l Cigar Corp. v. Edelman & Co., Inc., 397 So. 2d 957, 958 (Fla. Dist. Ct. App. 1981) (affirming impleader in proceedings supplementary of third-party owner of intellectual property).  Moreover, a judgment creditor may implead a judgment debtor's "alter ego"—i.e., a third party that should be treated as the same entity

5

as the judgment debtor—so long as the judgment creditor satisfies Fla. Stat. § 56.29(2) by describing the property of the alter ego.  Longo v. Associated Limousine Servs., Inc., 236 So. 3d 1115, 1121 (Fla. Dist. Ct. App. 2018).

Here, the Clerk issued a Writ of Execution on December 7, 2018.  (D.E. 173.) Defendants' attorney, John F. Bradley, has filed an affidavit stating that the Writ of Execution is valid and remains unsatisfied.  (D.E. 174-1 at 24.)  Defendants' Motion for Proceedings Supplementary describes the non-exempt intellectual property owned by Plaintiff it seeks to apply toward satisfaction of the Judgment—specifically, "copyright registrations and/or unregistered copyrights, top level Internet domain names and the inventory and goodwill associated therewith in the name of the Judgment Debtor, specifically including the Flava IP[.]" (Mot. at 6.)  Additionally, Defendants have attached as Exhibit I to their Motion a list of copyright registrations owned by Plaintiff, (D.E. 174-1 at 2-13), and have attached as Exhibit III to their Motion a list of Internet domain names listing Plaintiff as the "Registrant Organization," (id. at 17-21).  The Court finds that Defendants have satisfied the statutory requirements for proceedings supplementary against Plaintiff, Flava Works, Inc.

The Motion seeks to implead Plaintiff's "alter ego," Phillip Bleicher.  (Mot. at 7-8.) Mr. Bleicher has identified himself as the "CEO" of Flava Works, Inc. on the signature line of his Motions for Extension of Time to Hire New Counsel.  (D.E. 181 at 2; D.E. 184 at 2.)  Defendants' Motion describes "copyrights and Internet domain names" that are registered under the name "Phillip Bleicher."  (Mot. at 7-8.)  Moreover, Defendants have attached as Exhibit II to their Motion a list of the copyrights registered to Phillip Bleicher.

(D.E. 174-1 at 15), and have attached as Exhibit III to their Motion a list of the Internet domain names listing Phillip Bleicher as the "Registrant Name," (id. at 17-21). The Court finds that Defendants have satisfied the statutory requirements for impleading Phillip Bleicher.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1.   The Court's December 26, 2018 Order Referring Defendants' Motion for Proceedings Supplementary and to Implead Phillip Bleicher to Magistrate Judge Jonathan Goodman (D.E. 175) is **VACATED**;

2.   Defendants' Motion for Proceedings Supplementary and to Implead Phillip Bleicher (D.E. 174) is **GRANTED** by default and, alternatively, on the merits;

3.   Phillip Bleicher is hereby **IMPLEADED** as Plaintiff/Judgment Debtor to this cause for purposes of proceedings supplementary in aid of execution; and

4.   This matter is **REFERRED** to Magistrate Judge Jonathan Goodman to issue a Notice to Appear pursuant to Fla. Stat. § 56.29(2) and to conduct all further proceedings supplementary in aid of execution to the extent authorized by Fla. Stat. § 56.29(4) and applicable law.

      **DONE AND ORDERED** in Chambers at Miami, Florida this 11th day of June,

2019.

<br><br>

**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**