UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-23208-CIV-LENARD/GOODMAN

FLAVA WORKS, INC.,

    Plaintiff,

v.

A4A RESEAU, INC. et al.,

    Defendants.
_____/

### ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR SEIZURE AND SALE OF PLAINTIFF'S INTELLECTUAL PROPERTY

The Court entered a judgment for $81,958.72 in attorney's fees, costs, and post-judgment interest against Plaintiff Flava Works, Inc. [ECF No. 167]. On December 7, 2018, the Clerk issued a Writ of Execution in the amount of $81,958.72. [ECF No. 173]. Defendants filed a Motion for Proceedings Supplementary and to Implead Phillip Bleicher pursuant to Florida Statute § 56.29.[1] [ECF No. 174]. United States District Judge Joan A. Lenard granted the motion by default *and* on the merits, finding that the jurisdictional prerequisites were met to initiate proceedings supplementary under

---

[1] Pursuant to Federal Rule of Civil Procedure 69(a)(1), "[t]he procedure on execution -- and in proceedings supplementary to and in aid of judgment or execution -- must accord with the procedure of the state where the court is located . . ." Fed. R. Civ. P. 69(a)(1). Florida Statute § 56.29 sets forth the procedures for proceedings supplementary.

Florida Statute § 56.29 and to implead third-party Phillip Bleicher. [ECF No. 190, pp. 5-6]. Judge Lenard referred this matter to the Undersigned "to issue a Notice to Appear . . . and to conduct all further proceedings supplementary in aid of execution." *Id.* at p. 7.

Defendants then filed a motion for seizure and sale of Plaintiff's intellectual property. [ECF No. 191]. In the motion, Defendants request that the Court transfer Plaintiff's intellectual property to its attorney, John Bradley, as trustee, so that he can advertise and conduct an auction for the sale of Plaintiff's intellectual property. *Id.* Plaintiff, Flava Works, did not respond to the motion for seizure and sale of intellectual property. However, as explained below, Defendants' motion is premature because the required Notices to Appear have not been served and the motion lacks the necessary factual support to support judgment in Defendants' favor. Thus, the Undersigned **denies without prejudice** Defendants' motion for seizure and sale of intellectual property.

First, § 56.29 provides that once a party has made an initial showing that the prerequisites of proceedings supplementary are met, like here, then a Notice to Appear must be **served** on the judgment debtor. *See* Fla. Stat. § 56.29(2) (emphasis supplied); *see also Floridians for Solar Choice, Inc. v. PCI Consultants, Inc.*, No. 15-CV-62688, 2019 WL 2297524, at *2 (S.D. Fla. May 30, 2019) ("Compliance with these prerequisites provides the predicate for issuing Notices to Appear and impleading any named third parties to supplementary proceedings.").

2

>Specifically, § 56.29(2) provides:
>
>Upon filing of the motion and affidavits that property of the judgment debtor, or any debt, or other obligation due to the judgment debtor in the custody or control of any other person may be applied to satisfy the judgment, then the court shall issue a Notice to Appear. The Notice to Appear shall direct such person to file an affidavit, as provided in s. 56.16, with the court by a date certain, which date shall not be less than 7 business days from the date of service of the Notice to Appear, stating why the property, debt, or other obligation should not be applied to satisfy the judgment. . . . The Notice to Appear must describe with reasonable particularity the property, debt, or other obligation that may be available to satisfy the judgment, must provide such person with the opportunity to present defenses, and must indicate that discovery as provided under the rules of civil procedure is available and that there is a right to a jury trial as provided in s. 56.18. The Notice to Appear must be served as provided for in chapter 48. A responding affidavit must raise any fact or defense opposing application of the property described in the Notice to Appear to satisfy the judgment, including legal defenses, such as lack of personal jurisdiction. Legal defenses need not be filed under oath but must be served contemporaneously with the affidavit.

Fla. Stat. § 56.29(2).

The Notice to Appear is "designed to provide certain notice and rights to a non-party who a judgment creditor seeks to haul into court in an effort to collect on a judgment." *Peter Coppola Beauty, LLC v. Casaro Labs, Ltd.*, No. 14-81488-CIV, 2018 WL 1881350, at *2 (S.D. Fla. Mar. 23, 2018). Here, proposed Notices to Appear were not submitted by Defendants when they filed their motion for proceedings supplementary, and thus Notices to Appear have not been served on impleaded third-party Phillip Bleicher and judgment debtor Flava Works.

Accordingly, by **Thursday, March 26, 2020**, Defendants shall file on CM/ECF proposed Notices to Appear to Phillip Bleicher and Flava Works in accordance with § 56.29(2). Upon review of the proposed Notices to Appear, the Undersigned will enter the Notices and require Defendants to serve them on Phillip Bleicher and Flava Works. Defendants will then file a notice on CM/ECF advising the Court when the parties are served with the Notices to Appear. The Undersigned will then schedule a telephonic status conference with the parties to discuss what, if any, discovery needs to take place; whether an evidentiary hearing is necessary to resolve any factual disputes; or whether the issue can be resolved through summary judgment briefing (discussed below).

Putting aside that the Notices to Appear have not been served yet and that Defendants' motion is therefore premature, Defendants' motion for seizure and sale of intellectual property is deficient. The nine-paragraph motion essentially provides that, because Judge Lenard granted Defendants' motion to initiate proceedings supplementary, Defendants are entitled to automatic seizure and sale of Plaintiff's intellectual property. [ECF No. 191]. This argument is appealing because (1) Plaintiff, a corporation, has failed to secure counsel despite numerous Court orders requiring it to do so [ECF Nos. 179, 183, 185, 188]; and (2) Plaintiff did not file a response to Defendants' motion for seizure and sale of intellectual property.

However, Defendants must still meet the summary judgment standard -- that there is no genuine issue as to any material fact and Defendants are entitled to seizure of

the intellectual property as a matter of law. *See Cuban Cigar Brands, N.V. v. Tabacalera Popular Cubana, Inc.*, No. 02-23124-CIV, 2008 WL 4279641, at *2 (S.D. Fla. Sept. 16, 2008) ("Summary judgment may be entered to grant the relief Plaintiffs seek in their motion for proceedings supplementary, including the seizure and sale of Defendants' valuable trademark rights.").

Thus, Defendants cannot seize Plaintiff's intellectual property by default through a nine-paragraph motion including no statement of facts or legal argument.[2] *See State Farm Mut. Auto. Ins. Co. v. Filenger*, 362 F. Supp. 3d 1246, 1249 (S.D. Fla. 2018) (citing *United States v. One Piece of Property, 5800 S.W. 74th Ave., Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004)) ("The Court cannot grant summary judgment solely by virtue of a party's default.").

Additionally, the Undersigned notes that Defendants relied on § 56.29(9) in their motion for proceedings supplementary. *See* ECF No. 174, p. 4 ("The proceedings are governed by § 56.29(9), Fla. Stat."). Section 56.29(9), which relates to alleged fraudulent transfers, provides that claims brought under this subsection "shall be initiated by a supplemental complaint." Fla. Stat. § 56.29(9). If Defendants are pursuing a claim under

---

[2] The Undersigned notes that Defendants' Motion for Proceedings Supplementary [ECF No. 174] would also not meet the factual showing required because Defendants merely provided a list of copyrights alleged to belong to Flava Works, without including any copies of copyright registrations.

Florida Statutes, chapter 726 for a fraudulent transfer, then they will need to follow the procedural requirement of filing a supplemental complaint.[3]

Finally, Plaintiff is reminded again that, as a corporation, it must appear in court through counsel. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). If Plaintiff fails to secure counsel and fails to participate in this action, then it is warned that the Undersigned will award Defendants' request to seize and sell Plaintiff's intellectual property (assuming the requisite factual showing is made by Defendants).

**DONE AND ORDERED** in Chambers, in Miami, Florida, on March 5, 2020.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Joan A. Lenard
All counsel of record

---

[3]   If Defendants file a subsequent motion for seizure and sale of intellectual property, then they should include legal support for their argument that a trustee can sell Plaintiff's intellectual property at auction as opposed to sale by the U.S. Marshal at a judicial auction, which appears to be the typical practice. *See Cuban Cigar Brands, N.V.*, 2008 WL 4279641, at *5.