IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-23208-CIV LENARD/GOODMAN

FLAVA WORKS, INC.,

    Plaintiff,

vs.

A4A RESEAU, INC., A4A NETWORK,
INC., and MARC PARENT,

    Defendants.
_____/

## DEFENDANTS' AMENDED MOTION FOR ORDER OF SEIZURE AND SALE

Defendants/Judgment Creditors, A4A RESEAU, INC. a/k/a A4A Network, Inc. and MARC PARENT (collectively "A4A" or "Defendants") file this Amended Motion for Order of Seizure and Sale pursuant to the Order of this Court dated June 11, 2019 [D.E. 190], the Order of this Court Dated March 5, 2020 [D.E. 193] the Federal Rules of Civil Procedure and Florida Statutes §56.29 and states as follows:

1.     Statement of Facts

Plaintiff has been sanctioned on numerous occasions by this Court for its behavior and litigation tactics in this case. [D.E. 35, 153, 167] The last sanctions became a Final Judgment in excess of $81,000.00 in this matter and was entered against Flava Works, Inc. ("Flava") on September 20, 2018.  [D.E. 167] The Clerk of the Court issued an Execution on the Final Judgment on December 7, 2018. [D.E. 173] Plaintiff has failed and refused to pay the Final Judgment to date.  Since early 2019, after at least five (5) previous lawyers terminated their relationship with Flava, the Court ordered Flava to obtain new counsel with its last Order on March 5, 2020.  [D.E.  193]  Again, Flava has, failed and refused to do so and has failed to

1

respond to the Court about the substance of these proceedings since mid-2019.

Flava and Bleicher's history of fraud, forgery and litigation gamesmanship is nothing new.  In 2013 Bleicher and Flava were described as engaging in "the most egregious fraud on the court that this Court has encountered in its nearly 33 years on the bench," *See:* **Exhibit A,** *attached Order from U.S.D.C. Judge Milton I Shadur.*  (See a further detailed description of Flava and Bleicher's fraud, forgery and litigation gamesmanship. [D.E. 57])  As well see the admissions and attachments of Flava and Bleicher's own counsel confirming the fraud, alter ego and ownership of the businesses and properties at issue in Michel Gulisano's Open letter to the Court on March 17, 2016.  [See: Exhibit B, John F. Bradley Declaration, ¶ 12, Exhibit 8]

On June 11, 2019 after previous sanctions, flagrant disregard of the orders of this Court and a refusal to pay the Final Judgment, Judge Lenard entered an Order granting Defendant's Motion for Proceeding Supplementary and Impleader of Phillip Bleicher, both by default for failure to respond and, alternatively, on the merits. [D.E. 190]  Based on Judge Lenard's Order, of June 26, 2019 the Defendant filed its Motion for Order of Seizure and Sale. [D.E. 191] On March 5, 2020 Magistrate Judge Goodman entered an Order Denying the Motion without prejudice requiring an amended motion and Notices to Appear. [D.E. 193]

In response to Magistrate Judge Goodman's March 5, 2020 Order, Defendants filed a Notice of Filing Notices to Appear. [D.E. 194]  Magistrate Judge Goodman issued the Notices to Appear directed at Plaintiff Flava Works, Inc. and Philip Bleicher on October 22, 2020 [D.E. 196 and 197]. Pursuant to the Court's Order, Defendants served Notice and filed proof of such service on Flava and Bleicher on October 22, 2020.  ([See Defendants' Notice of Compliance and Service of Notices to Appear [D.E. 198])

To date, Phillip Bleicher has failed to respond to the Notice to Appear whatsoever. (See Defendant's Notice of Non-Compliance with Notice to Appear [D.E. 199]) Flava Works, Inc. again violated the numerous orders of this Court filing a "pro se" Motion for Extension of time to respond without counsel. [D.E. 200] Notwithstanding the foregoing, the Court granted an extension of time for Plaintiff and Bleicher to respond and for Plaintiff to retain counsel through and including December 10, 2020. [D.E. 201] As of the date of this filing neither Plaintiff nor Bleicher have responded to that order.

  2. <u>The Property Rights Subject to Seizure</u>

By Writ of Execution [D.E. 173] Defendants seek to enforce the Final Judgment on the following assets (a) U.S. copyrights and U.S. trademark registrations and rights (collectively "***Flava's Titled IP***,"), (b) U.S. copyright registrations titled in the name of Philip Bleicher ("***Bleicher's Titled Copyrights***") and (c) Top-Level Internet Domain names with Flava and Bleicher or "FlavaIP" as Co-Registrants (***"Joint Domain Names."***)

  a. <u>Flava's Titled IP</u>

A printout from the U.S. Copyright website, www.copyright.gov of a list of Flava's one hundred ninety-five (195) U.S. copyright registrations which is part of Flava's Titled IP, is attached hereto. (See Exhibit B, John F. Bradley Declaration, ¶¶ 3-4, Exhibit 1). Copies of sixty-six (66) of Flava's U.S. Copyright registrations referenced in the John F. Bradley Declaration, Exhibit 1 printout are attached hereto. (See Exhibit B, John F. Bradley Declaration, ¶5 & Composite Exhibit 2). Printouts of the remaining one hundred twenty none (129) individual registrations from the U.S. Copyright internet site are attached hereto. (See Exhibit B, John F. Bradley Declaration, ¶6 & Composite Exhibit 3). Flava has claimed ownership in the U.S. copyright registrations in the John F. Bradley Declaration Exhibits 1,2

& 3 as the basis of its copyright infringement claim in this litigation despite a number of the copyright registrations being titled in Phillip Bleicher's name.[1]  See Exhibit B, John F. Bradley Declaration, ¶7 & Composite Exhibit 4.  See Complaint [D.E. 01.] The Complaint makes no allegation that Flava was somehow an agent or licensee of Bleicher allowing them to pursue remedies for alleged copyright infringement, yet Flava is the only Plaintiff.  [D.E. 01.] The foregoing is clear evidence of the alter ego relationship between Bleicher and Flava.

Additionally, the Flava Titled IP includes numerous U.S. trademark registrations and common law trademark rights.  A printout from the USPTO website is attached showing both active and expired registrations. (See Exhibit B, John F. Bradley Declaration, ¶¶8-9 & Composite Exhibit 5).  All of the foregoing trademark registrations were titled in Flava's name.  As to the expired registrations, Flava may still retain enforceable common law trademark rights to the trademarks, if they continue to use the marks in commerce,  and thus they are also included in this Motion.   The U.S. trademark registrations and common law trademark rights are Flava's assets subject to Execution, seizure and sale.

      b.     Bleicher's Titled IP

Attached as Exhibit is printout from www.copyright.gov of U.S. copyright registration in Bleicher's name for which Flava claimed ownership in this litigation. (See Exhibit B, John F. Bradley Declaration, ¶7,& Composite Exhibit 4).  These titles are part of Flava's infringement claim set forth in the Complaint and part of the business enterprise referenced by Attorney Gulisano as set forth herein.  Neither Flava nor Bleicher have produced any evidence contrary and therefore the Bleicher Titled IP should be subject to the execution in

---

[1] See for example: Complaint [D.E. 1]. Exhibit A- Reg PA 0001668012   (Flava Men Senior Year), VA 0001861558. (Cocodorm 2010 – Claimant Phillip Bleicher) VA 0001861561 (FlavaMen.com 2010)

this case as well.

    c.  <u>Bleicher and Flava Jointly Titled Top-Level Internet Domain Names</u>

In addition, Phillip Bleicher and Flava have both been registered as a claimants of a number of top-level internet domain names used by Flava in the course of its business including the following: www.flavaworks.com, www.papicock.com www.cocodorm.com, www.cocostore.com and www.Flavamen.com. A printout of the registration information for those Top-Level Domain names from www.godaddy.com in 2019 is attached. (See Exhibit B, John F. Bradley Declaration, ¶10 Composite Exhibit 6). According to the Complaint, the subject Top-Level Internet Domain names are and were used in the conduct of Flava's business. [D.E. 01] Apparently, since June 2019 Bleicher has changed the Registrant to "FlavaIP" as listed in the GoDaddy printout attached for the above Top-Level Internet Domain Names. See Exhibit B, John F. Bradley Declaration, ¶11 Composite Exhibit 7.) Any such transfer by Bleicher would be a fraudulent transfer in violation of Florida Statute §56.29.

  3.  <u>Independent Confirmation: Michael Gulisano, Esq.</u>

Michael Gulisano, Esquire, Bleicher and Flava's own attorney confirms the ownership and use in business by Flava of all of the film copyrights, trademarks and web pages including the alter ego relationship between Flava and Bleicher. (See Exhibit B, John F. Bradley Declaration, ¶12 Exhibit 8.) These assets include all the intellectual and intangible property at issue herein. Neither Flava nor Bleicher have produced any evidence contrary. Thus, the foregoing U.S. copyright registrations, U.S. trademark registrations and common law rights and Top-Level Internet Domain Names are all used in Flava's business and are assets of Flava subject to Execution, seizure and sale in this litigation.

  4.  <u>Method of Seizure and Sale - Trustee of Assets</u>

Defendant recognizes that the seizure and sale of intellectual and intangible property to satisfy a judgment works differently than that of physical personal property. Defendants have requested to have Defendants' counsel, John F. Bradley, act as Trustee of the Flava Works, Inc. intellectual and intangible property, to advertise and conduct an auction for the sale to the highest bidder, account for the auction revenue and make payment of any amounts in excess of the balance of Defendants' Judgment, plus interest, to the registry of the Court. Not only would that proposal be more efficient, it would also reduce costs of the auction and sale. As well, given the intangible nature of the intellectual and intangible property at issue, it cannot be misplaced or mishandled during that process as could be possible with tangible personal property.

Notwithstanding the foregoing, the Court has indicated that the Federal Marshal may be appropriate to the seizure and sale task of that intellectual and intangible property. Defendant has no objection to the same should it please the Court. Defendant stands ready to provide notice of the Court's order on the U.S. Copyright Office, the U.S. Patent and Trademark Office and Godaddy.com and act as otherwise directed to participate in the conduct of the seizure and sale of the subject Flava assets.

## **MEMORANDUM OF LAW**

Florida Statute § 56.29(6) provides that

"(T)he court may order any property of the judgment debtor, not exempt from execution, or any property, debt, or other obligation due to the judgment debtor, in the hands of or under the control of any person subject to the Notice to Appear, to be levied upon and applied toward the satisfaction of the judgment debt. The court may enter any orders, judgments, or writs required to carry out the purpose of this section, including those orders necessary or proper to subject property or property rights of any judgment debtor to execution, and including entry of money judgments as provided in §§ 56.16 - 56.19 against any person to whom a Notice to Appear has been directed and over whom the court obtained personal jurisdiction irrespective of whether such person has retained the property, subject to applicable

principles of equity, and in accordance with chapters 76 and 77 and all applicable rules of civil procedure. Sections 56.16-56.20 apply to any order issued under this subsection."

Florida Statutes §56.29(7) further provides that "(A)ny person failing to obey any order issued under this section by a judge or general or special magistrate or failing to attend in response to a subpoena served on him or her may be held in contempt."

As set forth in this Motion and its attachments Defendant has shown that Flava/Judgment Debtor and implead Judgment Debtor Bleicher are in possession of property not subject to exemption which are subject to levy and execution by this Court. (Florida Statute § 56.29(6)) Neither Flava nor Bleicher has provided any evidence to the contrary and have failed and refused to properly abide by the Orders of this Court. Therefore, Defendant Judgment Credit is entitled to the seize of the Flava Titled IP, the Bleicher Titled Copyrights and the Joint Titled Top-Level Internet Domains as set forth herein. The appointment of the undersigned as Trustee, to advertise, auction and sell the subject Flava assets is consistent with the directive of Florida Statute § 56.29(6) which allows the court to "enter any orders, judgments, or writs required to carry out the purpose of this section."

    4.        Award of Costs and reasonable Attorneys' Fees

Finally, Florida Statutes §56.29 (8) provides that "(C)osts for proceedings supplementary shall be taxed against the judgment debtor as well as all other incidental costs determined to be reasonable and just by the court including, but not limited to, docketing the execution, sheriff's service fees, and court reporter's fees. Reasonable attorney fees may be taxed against the judgment debtor." Based on the foregoing, Defendant / Judgment creditor should be granted entitlement to recover its costs and reasonable attorneys' fees related to this Motion and the Seizure and Sale of the subject Flava assets.

5. <u>Conclusion</u>

Based upon Plaintiff's admissions in its Complaint [D.E. 01] and its U.S. copyright and U.S. trademark registrations as well as their failure to show cause otherwise, there is no dispute that the Flava Titled IP, the Bleicher Titled Copyrights and Jointly Titled Top-Level Domain Names are non-exempt assets owned by Flava and/or Bleicher and subject to Execution. As well in the year and a half since pursuing Defendant's lawful execution on the above intellectual and intangible property, Plaintiff and Bleicher have failed to raise a viable legal or factual defense or exemption to the same. In light of the undisputed facts above and pursuant to the authority of Florida Statute §56.29 Defendant/ Judgment Creditor is entitled to an Order seizing the referenced Flava Titled IP, Bleicher Titled IP and Jointly Titled Top-Level Internet Domain Names. The Court should, respectfully, order the Registrar of the U.S. Copyright Office and the United States Patent and Trademark office to effectuate the transfer of the U.S. Copyright registrations, U.S. Trademark registrations and Top-Level Internet Domain Names registered with www.Godaddy.com refenced herein to John F. Bradley, as Trustee or the Federal Marshal as it sees fit otherwise.

**WHEREFORE,** Defendants respectfully request that this Court grant the Motion and any other relief it deems proper under the circumstances.

### **GOOD FAITH EFFORT TO AGREE CERTIFICATE**

Pursuant to Local Rule 7.1, I hereby certify that counsel for the movant has communicated with all parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues. Neither Plaintiff nor Phillip Bleicher has responded and therefore does not agree to the relief sought herein.

Dated: December 8, 2020.

**BRADLEY LEGAL GROUP, P.A.**
*Counsel for Defendants*
1217 East Broward Boulevard
Fort Lauderdale, FL
33301 Tel: (954) 523-6160
jb@bradlegal.com

By: /s/ John F. Bradley
    John F. Bradley, Esq.
    Fla. Bar No. 0779910


## CERTIFICATE OF SERVICE
## OF ELECTRONIC FILING GENERATED BY CM/ECF

I HEREBY CERTIFY that on this 8th of December, 2020, I electronically filed the foregoing document with the Clerk of the Court using its CM/ECF System. I have also served a copy on phil@flavaworks.com and delivered the same to Plaintiff and Phillip Bleicher by First Class Mail Postage prepaid.

By: /s/ John F. Bradley/
    John F. Bradley, Esq.


## SERVICE LIST

Phillip Bleicher and
Flava Works, Inc.
Phil@FlavaWorks.com
3526 S. Prairie Avenue
Chicago IL 60663

**Service via email and U.S. Mail First Class Prepaid**