# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-23208-CIV-LENARD/GOODMAN

**FLAVA WORKS, INC.,**

    Plaintiff,

v.

**A4A RESEAU, INC., et al.,**

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATIONS ON DEFENDANTS' AMENDED MOTION FOR ORDER OF SEIZURE AND SALE (D.E. 216) AND GRANTING IN PART DEFENDANTS' AMENDED MOTION FOR ORDER OF SEIZURE AND SALE (D.E. 203)

**THIS CAUSE** is before the Court on the Report and Recommendations on Defendants' Amended Motion for Order of Seizure and Sale issued by Magistrate Judge Jonathan Goodman on June 14, 2021. ("Report," D.E. 216.) Judge Goodman recommends granting in substantial part Defendants A4A Reseau, Inc. a/k/a A4A Network, Inc. and Marc Parent's Amended Motion for Order of Seizure and Sale,[1] (D.E. 203); direct the U.S. Marshal to seize the intellectual property described in the Report and sell it at a judicial

---

[1] Judge Goodman found that the majority of intellectual property Defendants' seek to seize and sell to satisfy the Court's Judgment on Attorneys' Fees and Costs (D.E. 167) is subject to seizure. (Report at 15-20.) However, he found that some of the trademarks are not subject to seizure because "it is unclear whether Flava Works, Inc. still maintains any possessory rights in the trademarks that have been labeled 'dead' or 'cancelled' and the Undersigned has no evidence of Flava Works Inc.'s continued use, allowing for common law rights to attach[.]" (Id. at 19.) He further found that "[t]here is insufficient information to convince the Undersigned that the requested domain names belong to Plaintiff." (Id. at 20.)

auction with proceeds to be applied to Defendants' September 20, 2018 Final Judgment, (D.E. 167); conclude that Defendants are entitled to post-judgment attorneys' fees and costs under Sections 57.115 and 59.29(8), Florida Statutes; find that only proceeds from the sale of intellectual property belonging to Flava Works, Inc. (as opposed to the intellectual property belonging individually and personally to impleaded third-party Phillip Bleicher) may be used to satisfy the award on post-judgment attorneys' fees and costs; and require the Parties to meet and confer in person within thirty days from entry of this Order to resolve the amount of post-judgment fees, costs, and interest due, and if they cannot agree, provide Defendants an additional thirty days to submit affidavits and supporting documentation to support their request for post-judgement fees and costs.

The Report provides the Parties with fourteen days to file objections "from the date of being served with a copy of this Report and Recommendations[.]" (Report at 28.) On June 25, 2021, impleaded third-party and CEO of Defendant Flava Works, Inc., Phillip Bleicher, filed a letter indicating that Bleicher and Flava Works, Inc. received Judge Goodman's Report on June 25, 2021, and requesting until July 9, 2021 to file objections. (D.E. 217.) As of the date of this Order, no objections have been filed. Failure to file objections shall bar parties from attacking on appeal the factual findings contained in the report. See Resolution Trust Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Therefore, after an independent review of the Report and record, it is hereby **ORDERED AND ADJUDGED** that:

1. The Report and Recommendations on Defendants' Amended Motion for Order of Seizure and Sale (D.E. 216) is **ADOPTED**;

2. Defendants' Amended Motion for Order of Seizure and Sale (D.E. 203) is **GRANTED IN PART** consistent with this Order and Judge Goodman's Report;

3. The U.S. Marshal is **DIRECTED** to seize the intellectual property described in Judge Goodman's Report as being subject to seizure and sell it at a judicial auction (after all procedural requirements have been satisfied) with proceeds to be applied to Defendants' September 20, 2018 Final Judgment, (D.E. 167);

4. Defendants A4A Reseau, Inc., A4A Network, Inc., and Marc Parent shall have and receive from Defendant Flava Works, Inc. attorneys' fees and costs (with interest) incurred in connection with executing on their Final Judgment pursuant to Sections 57.115 and 59.29(8), Florida Statutes, in an amount yet to be determined;

5. The Parties are **ORDERED** to meet and confer in person within thirty days of the date of this Order to resolve the amount of post-judgment fees, costs, and interest due. If the Parties cannot agree, then Defendants shall have an additional thirty days to submit affidavits and supporting documentation to support their request for post-judgment fees and costs; and

6. If Defendants seek to use proceeds from the sale of intellectual property to satisfy the award of post-judgment attorneys' fees and costs, only the intellectual property belonging to Flava Works, Inc. shall be used.

**DONE AND ORDERED** in Chambers at Miami, Florida this 15th day of July, 2021.

*/s/ Joan A. Lenard*
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**