IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-23208-CIV-LENARD/GOODMAN

FLAVA WORKS, INC.,

    Plaintiff,

vs.

A4A RESEAU, INC., A4A NETWORK, INC.,
and MARC PARENT,

    Defendants.
_____/

## DEFENDANT'S MOTION FOR AWARD OF ATTORNEY'S FEES

Defendants A4A RESEAU, INC., a foreign corporation, A4A NETWORK, INC., a foreign corporation, and MARC PARENT, a foreign individual (collectively, "Defendants" or "A4A") and pursuant to the Order of this Court, file this Motion for an Award of Attorneys' Fees against Plaintiff FLAVA WORKS, INC. ("Flava Works") and state as follows:

*Introduction*

This Motion follows the Court's Order Denying without prejudice its motion to compel seizure and sale dated December 7, 2022. (D.E. 228.)

*Procedural History*

1.    On September 20, 2018, the Court issued an Order and judgment against Flava Works in favor of A4A in the amount of Eighty-One Thousand Nine Hundred Fifty-Eight Dollars and Seventy-two cents ($81,958.72.) (D.E. 167.)

2.    On December 8, 2020, A4A filed its Amended Motion for Seizure and Sale against Flava Works and impled judgment Debtor Phillip. (D.E. 203.)

3.     On June 14, 2021, 2018 Judge Goodman issued a Report and Recommendation granting in all essential parts the Motion for Seizure and Sale. (D.E. 216.)

4.     On July 15, 2021, this Court issued its Order (D.E. 218) adopting Magistrate Goodman's Report and Recommendations on Defendants Amended Motion for Order of Seizure and Sale (D.E. 216) and granting in part Defendants' Amended Motion for Order of Seizure and Sale (D.E. 203)

5.     Only four (4) days later, on July 19, 2021, Bleicher notified the court that Flava Works had filed a Voluntary Petition for Chapter 11 Bankruptcy in Case No.21-08585, in the United States Bankruptcy Court in The Northern District of Illinois, Eastern Division ("Bankruptcy Action.") (D.E. 219.)

6.     The Defendants had no choice but to defend themselves and their judgment in Plaintiff's bankruptcy filing. Bleicher and Flava Works delayed the Bankruptcy Action for a full year and never produced an acceptable or legally sufficient plan for reorganization.

7.     Having received no objection by Flava Works, on August 2, 2022, the Court issued its Order of Dismissal of Flava's Bankruptcy Action. (*See:* **Exhibit A,** Order Dismissing Bankruptcy Action.) As a result of the foregoing, the automatic stay created by the Bankruptcy filing was vacated.

8.     Bleicher and Flava's actions in filing the Bankruptcy Action have been in bad faith and for purposes of the delay of this action. Had Flava Works and Bleicher's bad faith delay not occurred, the subject property would have been seized and sold long ago, and the judgment would have been satisfied, resulting in the end of this long litigation.

9.     Instead, Defendants have been forced to continue to incur tens of thousands of dollars of attorneys' fees and costs in pursuit of recovering its judgment and defending against the

fraudulent Bankruptcy Action while the Final Judgment Order (D.E. 167) has not yet been fully satisfied by Flava Works.

10. Fortunately, the Court took notice of Flava Works' and Bleicher's and history of thwarting the orders of this Court and delaying the action in the report and recommendations. Specifically, Judge Goodman stated:

> "Furthermore, the Undersigned respectfully recommends that the District Court conclude that Defendants are entitled to attorney's fees and costs under Sections 57.115 and 59.29(8) because all collection efforts have been rendered in direct connection to Defendants' execution on their Judgment.
>
> The Undersigned also recommends that**,** if attorney's fees and costs are awarded and Defendants seek to use the proceeds from the sale of the intellectual property to satisfy the judgment, then only the intellectual property belonging to Flava Works, Inc. be used. (D.E. 216)

11. This Court adopted the full Report and Recommendations including entitlement by A4A to additional costs and attorneys' fees from Flava Works. (D.E. 218.)

12. As set forth in the Declaration of John F. Bradley, ***Exhibit B***, since the date of the Judgment September 20, 2018, the undersigned law firm, Bradley Legal Group, P.A. has expended significant efforts in pursuit of collecting its judgment, billing and being paid in full for those efforts.

13. John F. Bradley expended 68.1 hours prior to Flava's Bankruptcy filing and 61.5 hours from the date of the Bankruptcy filing, July 19, 2021 through August 9, 2022, the date of the filing of the Motion to Compel Seizure and Sale (D.E. 221) which is amended here. Bradley Legal Group, P.A.'s law clerk, Caysee Kamenetsky, spent 33.27 hours working on this matter prior to the Bankruptcy filing.

14. True copies of Bradley Legal Group's detailed invoices including billed time since the 2018 Judgement are attached hereto as **Exhibit B-1**. Bradley Legal Group, P.A.'s billing included John F. Bradley, Esq. at $425 per hour and law clerk at $100 per hour. The detailed time records of each are set forth in the attached billing, **Composite Exhibit B**.[1] John F. Bradley has in excess of 34 years of intellectual property litigation experience in Florida and in numerous courts across the country. Bradley Legal Group, P.A.'s law clerk's time is billed at the local rate.

15. Bradley Legal Group, P.A.'s law clerk, Caysee Kamaentsky, spent 33.27 hours on this file before the filing of the Bankruptcy charging an industry standard $100 per hour for that time.

16. Bradley Legal Group, P.A. has billed and been paid a total of $58,407 for the above services by John F. Bradley and Caysee Kamenetsky.

17. Bradley Legal Group, P.A. collected and paid to Mandell Menkes, LLC. their fees billed to A4A. Bradley Legal Group., P.A. has included the invoice amounts on its billing and made the payments to Mandell Menkes, LLC. The fees for both firms were never duplicated.

18. The Declaration of A4A's Bankruptcy counsel defending against Flava's failed Bankruptcy, Mandell Menkes, LLC. is attached as **Exhibit C**. A4A's Bankruptcy counsel's billing included Bruce Menkes, Esq. at $450 per hour, attorney George V. Desh at $300 per hour, paralegal Kim Barta billed at $100 per hour, attorney John D. Kirkpatrick at $400 per hour, and paralegal Tammy Miller billed at $150 per hour.

19. Bruce Menkes has in excess of 38 years of bankruptcy litigation experience. Since the filing of the Bankruptcy Action, Mandell Menkes, Bankruptcy counsel, has expended 64.3

---

[1] Composite Exhibit B includes Bradley Legal Group, P.A's Invoice #1490 contains billing which precedes the subject judgment, however, that time was not included within the calculations south for a determination of reasonable attorneys' fees in this Motion.

hours in pursuit of collecting its judgment, billing and being paid in full through present. Mandell Menkes, LLC's remaining billing on the file other than Bruce Menkes totaled $5233.34. True copies of A4A's bankruptcy counsel's detailed invoices, totaling $34,186.34 are attached hereto as **Composite Exhibit C-1.** All such billing has been paid in full.

20. The total attorney's fees A4A has expended in pursuit of this judgment between Bradley Legal Group and bankruptcy counsel through filing of the Motion to Compel (D.E. 221) is $92,593.34

## MEMORANDUM OF LAW

The Court has previously ruled on that Defendants were entitled to the relief sought in this Motion. (D.E. 218.) That relief was delayed by Flava Works's bad faith bankruptcy filing.

A4A is entitled to an award of additional attorney's fees for two reasons. First, the Court has already found entitlement pursuant to Florida Statute 59.29. See also: *Yuetter-Beacham v. Medical Career Institute of South Florida, Inc.*, 2017 WL 1075770 (S.D.F.L. 2017.) The fees sought by Bradley Legal Group, P.A. for its efforts to collect the judgement through the conclusion of the Bankruptcy fall under the Court's prior ruling and are consistent with F.S. 56.29.

As set forth above, this Court has already determined that A4A is entitled to recover its reasonable attorneys' fees in pursuit of collecting this judgment. Clearly, post judgment proceedings have been underway for some time already and A4A has remained steadfast in its efforts to collect this judgment. On the other hand, Flava and Bleicher have been equally steadfast in their refusal to satisfy the same.

The filing of the fraudulent Bankruptcy in this case was merely another delay tactic by Flava and Bleicher attempting to defeat A4A's ability to collection the judgment in this case

already delayed by them for years. It was only when the Bankruptcy failed that Flava tendered a check in the original amount of the 2018 judgment without interest or additional attorneys' fees to which A4A is entitled.

Second, Florida Statutes 57.115 also permits the award of Defendants' attorneys' fees in this action. F.S. 57.115 states that "(T)he court may award against a judgment debtor reasonable costs and attorney's fees incurred thereafter by a judgment creditor in connection with execution on a judgment." Clearly A4A's efforts herein have been made in connection with the execution on its judgment.

Where the Bankruptcy Court has now dismissed Flava's Work's bad faith bankruptcy proceeding, which was commenced with the intent to hinder and delay payment of the judgment against them and to avoid creditors, A4A is entitled to have the additional attorneys' fees incurred throughout these supplementary proceedings added to their final judgment against Plaintiff Flava Works, Inc.

Defendants' have broken out the fees charged and paid by A4A before and since the Bankruptcy filing. To the extent this Court rules that Defendants not entitled to attorneys' fees for the defense of the bankruptcy case, they remain entitled for their attempts to collect the judgment through the time of the Bankruptcy filing.

**WHEREFORE,** Defendant A4A respectfully request the Court grant this Motion and award additional attorneys' fees as sanctions against Plaintiff Flava Works, Inc. and any other relief it deems proper.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1, I hereby certify that counsel for the movant has attempted in good faith to resolve this Motion with opposing counsel but has been unable to do so after reasonable efforts.

**BRADLEY LEGAL GROUP, P.A.**
*Counsel for Defendants*
1217 East Broward Boulevard
Fort Lauderdale, FL 33301
Tel: (954) 523-6160

By:  /s/ John F. Bradley
John F. Bradley, Esq.
Fla. Bar No. 0779910
jb@bradlegal.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 17, 2023, I have filed the foregoing document with the Clerk of Court using the CM/ECF system serving the same on counsel of record.

By:  /s/ John F. Bradley/
John F. Bradley, Esq.