IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-23208-CIV-LENARD/GOODMAN

FLAVA WORKS, INC.,

    Plaintiff,

vs.

A4A RESEAU, INC., A4A NETWORK, INC.,
and MARC PARENT,

    Defendants.
_____/

**DEFENDANTS' REPLY TO OBJECTION
TO MOTION FOR AWARD OF ATTORNEYS' FEES**

Defendants A4A RESEAU, INC., a foreign corporation, A4A NETWORK, INC., a foreign corporation, and MARC PARENT, a foreign individual (collectively, "Defendants" or "A4A") and pursuant to the Order of this Court and Federal Rules of Civil Procedure, file this Reply to Objection to Motion for Award of Attorneys' Fees and state as follows:

*__Introduction__*

Flava Works, Inc. ("Flava Works"), has filed an Objection to this Motion (D.E. 232) which initially includes a "cut and paste" of its argument in opposition to the Motion for Order of Seizure and Sale (D.E. 233) Flava Works makes no objection to any fees sought which predate the Bankruptcy filing in this action, thereby admitting to those amounts as well as the hourly rates charged thereafter. Flava Works makes an erroneous argument regarding the application of Florida Statute §57.115 to the portion of the fees sought defending Flava Works' failed Bankruptcy filing. As a result the Objection must be denied and the attorneys' fees awarded as sought herein.

1

1. <u>Flava Works Fails to Contest Fees incurred prior to Bankruptcy Filing</u>

The majority of the fees sought by A4A's counsel, Bradley Legal Group, P.A. arose before the filing of the subject Bankruptcy action. Those fees, set forth in the exhibits to the underlying Motion (D.E. 230-2), totaled thirty-three thousand one hundred ninety-one dollars and ninety-six cents. ($33,191.96.) Flava Works has made no objection to those fees or the individual hourly rates charged therein or during the Bankruptcy defense whatsoever. As a result of their lack of objection A4A is entitled to an award of those fees at a minimum.

2. <u>F.S. 56.29 and 57.115 Permit the Recovery of Attorneys' Fees Defending the Bankruptcy</u>

Flava Works erroneously relies on *Hanft v. Church (In Re: Hanft),* No. 02-214424-CIV-LENARD, 2003 WL 23811679 (S.D. Fla. Mar. 17, 2003) in support of their objection. The *Hanft* decision is factually and legally distinct from this action. In the *Hanft* matter, plaintiff Church filed a Complaint for Non-Dischargeability in the Bankruptcy Court. This was affirmative action taken by the party seeking recovery of its attorneys' fees. It followed with a series of appeals on those issues. In the subject action, A4A responded to the ill-conceived Bankruptcy filing by Flava Works obviously designed to avoid the Order of this Court Seizing its property (D.E. 203) A4A did nothing affirmative as in the *Hanft* matter, but merely reacted to Flav Works' bankruptcy filing. Had A4A not done so, its rights in its preexisting judgment would likely have been foreclosed. Essentially, A4A had no choice but to respond to Flava Works' action. As such this matter is quite different than *Hanft*. The fees sought in this case for the efforts taken by A4A related to the failed Bankruptcy (after July 19, 2021) were purely defensive to Flava Works' delays and interference with A4A's collection of their judgment.

In *Paz v. Hernandez*, 654 So. 2d 1243 (Fla. 3rd Dist. Ct. App. 1995) the Court construed the meaning of the phrase "in connection with execution." The *Paz* Court found that where a litigant availed themselves to a remedy under a statute other than Florida Statute §57.115, (in that case Florida's Garnishment statute,) the litigant did not execute on a judgment but had "proceeded under another statue which did not contain a statutory attorneys' fees provision. The *Paz* ruling is square with the facts of this matter where A4A acted on its execution on the judgment up to the date of the Bankruptcy filing and continued to defend that judgment based on Flava Works' action thereafter. See also: *Tower Cranes of America, Inc. v. Monte Campbell Crane Co.,* 627 So. 2d 1350 (Fla. 4th Dist.Ct.App. 1993) A4A has consistently pursued its remedy under Florida Statute §57.115.

The A4A claim is also consistent with *Ocean Cruise Lines, Inc. v. Greenage Assoc., Inc.,* 643 So. 2d 711 (Fla. 4th Dist.Ct.App. 1994.) In our case, judgment debtor Flava Works was already well established. No independent proceeding was required to determine that the judgment could be executed on any property. To the contrary, this Court had long ago issued its execution and ruled that the procedural requirements under Florida §56.29 had been met. (D.E. 133, page 4.)

2. No Dilatory Action by A4A

As to Flava Works' allegation of dilatory response in filing the subject Motion, the same is unfounded. The undersigned was hospitalized for emergency spinal surgery a couple days before the Order denying the prior Motion (D.E. 228). The subject Motion was filed within thirty days of release by the undersigned's surgeon. The subject Motion was anything but dilatory. On the other hand, dilatory conduct on Flava Works' part has been well established in the many years this case has progressed.

**WHEREFORE,** Defendant A4A respectfully request the Court grant the Motion for an Award of Attorneys' Fees and award any other relief it deems proper under the circumstances.

        **BRADLEY LEGAL GROUP, P.A.**
*Counsel for Defendants*
1217 East Broward Boulevard
Fort Lauderdale, FL 33301
Tel: (954) 523-6160

By:   /s/ John F. Bradley
      John F. Bradley, Esq.
      Fla. Bar No. 0779910
      jb@bradlegal.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 7, 2023, I have filed the foregoing document with the Clerk of Court using the CM/ECF system serving the same on counsel of record.

By:   /s/ John F. Bradley/
      John F. Bradley, Esq.