UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO. 1:14-CV-23208-LENARD/GOODMAN**

FLAVA WORKS, INC.,

     Plaintiff,

v.

A4A RESEAU, INC., A4A NETWORK, INC.,
and MARC PARENT,

     Defendants.

_____/

**ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR
<u>ORDER OF SEIZURE AND SALE</u>**

In this copyright infringement case, Defendants A4A RESEAU, INC., A4A NETWORK, INC., and MARC PARENT (collectively, "Defendants") move for an Order seizing the property owned by Plaintiff FLAVA WORKS, INC. ("Plaintiff") and scheduling a sale of the same because the full judgment was never satisfied. [ECF No. 229]. United States District Court Judge Joan A. Lenard referred this motion to the Undersigned. [ECF No. 231]. Plaintiff filed a response [ECF No. 233], and Defendants filed a reply. [ECF No. 235]. For the reasons outlined below, the Undersigned **denies** Defendants' motion.

Plaintiff commenced this action on August 29, 2014. [ECF No. 1]. After Defendants filed a Motion to Dismiss [ECF No. 11] and an Answer [ECF No. 20], Plaintiff filed a Notice of Voluntary Dismissal Without Prejudice. [ECF No. 22]. On January 20, 2015, this Court entered an Order dismissing the case without prejudice. [ECF No. 23].[1] In March of that same year, the Court entered an Order awarding Defendants' attorneys' fees pursuant to Rule 41(d).[2] [ECF No. 28].

Defendants filed a motion requesting attorneys' fees, which the Court granted on April 7, 2015. [ECF No. 49]. The Court ordered Plaintiff to pay Defendants $28,060.57 in attorneys' fees, and on June 10, 2015, the Clerk issued a Writ of Execution in that amount. [ECF No. 50]. Plaintiff completed the $28,060.57 payment on February 21, 2017. [ECF No. 167].

On March 28, 2017, Defendants filed another motion for attorneys' fees and costs incurred in executing the Court's previous Order on attorney's fees. [ECF No. 137]. On

---

[1]     This same day, Plaintiff filed a parallel lawsuit against the same Defendants in the United States District Court for the Northern District of Illinois in Case No. 15-CV-00610. The case was transferred to the Southern District of Florida under case number 1:15-cv-21592. On August 31, 2015, United States District Court Judge Marcia G. Cooke entered an order staying the case pending resolution of the instant case. [ECF No. 63].

[2]     Pursuant to Rule 41(a)(1)(A), a plaintiff may dismiss an action without a court order by filing "(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." The Court dismissed the case pursuant to Rule 41(a)(2) which states, "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

September 20, 2018, the Court entered a judgment for $81,958.72 in attorney's fees, costs, and post-judgment interest against Plaintiff. [ECF No. 167]. This Order calculated the post-judgment interest from March 5, 2015 (the date the Court entered the Order awarding Defendants attorneys' fees) until February 21, 2017 (the date the initial award was paid in full). Plaintiff appealed the Court's September 20, 2018 Order. However, Plaintiff's appeal was dismissed due to its failure to adhere to rules related to retaining counsel and filing certain forms with the Court. [ECF Nos. 170, 186]. On December 7, 2018, the Clerk issued a Writ of Execution in the amount of $81,958.72. [ECF No. 173].

Due to Plaintiff's delay in payment, Defendants filed motions for the order of sale and seizure of Plaintiff's intellectual property. [ECF Nos. 191, 203]. On July 15, 2021, this Court issued an Order **granting** Defendants' Amended Motion for Seizure and Sale, allowing the seizure of some of Plaintiff's intellectual property in an attempt to satisfy the post-judgment attorney's fees and costs. [ECF No. 218].

Four days later, on July 19, 2021, Plaintiff filed a Voluntary Petition for Chapter 11 Bankruptcy in the United States Bankruptcy Court in the Northern District of Illinois, Eastern Division ("Bankruptcy Action"). [ECF No. 233-2]. Defendants, specifically Defendant A4A Reseau, Inc., participated in the Bankruptcy Action as creditors. The Bankruptcy Action was later dismissed on August 2, 2022 based on the parties' joint belief that a payment arrangement could be made. [ECF No. 229-1]. Prior to its dismissal, on

3

July 14, 2022, Plaintiff paid Defendants $81,958.72, the judgment amount specified in Judge Lenard's September 20, 2018 Order. [ECF Nos. 218, 229].

On August 9, 2022, Defendants filed a Motion to Compel Seizure and Sale. [ECF No. 221]. This Court denied their motion without prejudice on December 7, 2022 ("December Order") because Defendants failed to "explain the nature of the relief they are seeking, the grounds for the relief they are seeking, against whom they are seeking relief, and on whose behalf they are seeking relief." [ECF No. 228]. In the December Order, the Undersigned stated that if Defendants chose to seek the requested relief again, that they would need to *cure the deficiencies* identified in the Order. *Id*. Defendants now move to seek the same relief again under the current motion.

The Undersigned notes that Defendants' motion for the order of seizure and sale of Plaintiff's intellectual property described Plaintiff's bankruptcy case as one brought in bad faith. But the bankruptcy court never made such a finding. In fact, in its January 10, 2022 Order Denying in Part Motion to Dismiss Chapter 11 Case, the Bankruptcy Court held that an examination of Debtor's conduct reveals that "at least in this Court, the Debtor has not been dilatory and has not ignored the requirements which the Bankruptcy Code and Rules place upon it." [ECF No. 232-2, pp. 4-5]. Moreover, the Bankruptcy Court also concluded that it "is not convinced that A4A has yet met its burden of establishing that the Debtor filed this case in bad faith, notwithstanding the Debtor's dilatory conduct in the Florida federal litigation." *Id*.

4

The current motion is practically parallel to the motion this Court denied on December 7. 2022. In its parallels are also its deficiencies. The December Order listed a variety of issues with Defendants' motion, including: no explanation as to why an *additional* Order is necessary; the absence of (any) law in the memorandum of law section; and ambiguity over whom Defendants are seeking a judgment against. *Id*.

Out of the deficiencies, Defendants cured only one. In their motion, they stated, "Defendants are <u>not</u> seeing seizure and sale of the intellectual property currently titled in the name of Flava Works, Inc's owner, Philip Bleicher." [ECF No. 229 (emphasis in original)]. Defendants still failed to explain to this Court why an additional Order is necessary and whether there is any legal authority that supports their request.

As to the first deficiency, the Court explicitly stated in the December Order, "[n]o stay was ever formally entered in this case, no appeal of the original Order was ever taken, there has been no subsequent Order which has vacated the Court's prior Order, nor has there been any indication that the Marshal or a party is refusing to comply." [ECF No. 228]. Even after the December Order explicitly mentioned the *absence* of a formal stay in the case, Defendants state in their current motion that there was an "automatic stay created by the Bankruptcy filing." *Id*. The Court disagrees with Defendants and finds that there was never a stay in *this* case. Under 11 U.S.C. § 362(b), the automatic stay provision in the bankruptcy code, automatic stays do *not* extend to lawsuits initiated by the

bankruptcy debtor. *See Crosby v. Monroe Cnty.*, 394, F.3d 1328, 1331 n.2 (11th Cir. 2004); 11 U.S.C. § 362(b)(1).

As to the second deficiency, Defendants' motion violates the December Order because it is entirely devoid of *any* caselaw supporting their request. The December Order (filed about three months before the motion at issue) *explicitly instructed* Defendants to submit a memorandum of law with their motion. Like in Defendants' previous version of this motion, "there is no law actually included in the section. Instead, it is pure attorney rhetoric and citations to the docket." [ECF No. 228].

With the motion as is, the Court sees no reason why Defendants need an additional Order granting their (previously granted) request, nor why they are entitled to one.

Plaintiff argues that Defendants' motion is incomplete and ineffective under Florida Law, specifically Fla. Stat. § 56.29. [ECF No. 233]. Plaintiff stated that under § 56.29, Defendants were required to file a companion affidavit to this motion.

> When any judgment creditor holds an unsatisfied judgment or judgment lien obtained under chapter 55, the judgment creditor **may file a motion and an affidavit** so stating, identifying, if applicable, the issuing court, the case number, and the unsatisfied amount of the judgment or judgment lien, including accrued costs and interest, and stating that the execution is valid and outstanding, and thereupon the judgment creditor is entitled to these proceedings supplementary to execution.

Fla. Stat. § 56.29 (emphasis added). Defendants replied that they already met this requirement back on May 20, 2016, when they filed their Motion for Order to Show Cause

and to Implead Third Parties [ECF Nos. 124; 124-9] with the necessary attachments. [ECF No. 234].

Defendants' current motion is based on their efforts to recover the $81,958.72 judgment [ECF No. 167] from September 20, 2018. However, the attachments they rely on were filed *before* the $81,958.72 judgment was entered, and they relate to a *completely different* writ. Defendants rely on this Court's previous ruling [ECF No. 133] that they met the § 56.29 procedural requirements. [ECF No. 234]. However, their reliance is misplaced because that previous ruling [ECF No. 133] does not apply to their *current* request.

In the Order Defendants cite, the Court took into consideration only the unsatisfied writ, judgment lien and affidavit pertaining to the initial $28,060.57 award of attorneys' fees -- but not the $81,958.72 judgment that they seek now. [ECF No. 133]. The Writ of Execution related to Defendants' current request was filed more than two years *after* Defendants' May 2016 Motion for Order to Show Cause and to Implead Third Parties. *See* [ECF No. 173].

Both parties failed to examine the docket properly in their filings to the Court. Plaintiff looked solely to Defendants' motion to locate the applicable affidavit. [ECF No. 233]. Meanwhile, Defendants cited an outdated and irrelevant affidavit and Order in their reply. To quote Defendants, both parties have "ignored the record in making [their] contrary allegations." [ECF No. 234]. However, the Court was able to locate the *relevant* affidavit in Defendants' December 21, 2018 motion for Order of Sale Proceedings

7

Supplementary and Implead Philip Bleicher. [ECF No. 174-IV]. After locating the relevant affidavit, the Court found the *actual* Order holding that Defendants satisfied the § 56.29 requirements -- Judge Lenard's Order from June 11, 2019. [ECF No. 190]. There, Judge Lenard granted Defendants' motion by default and alternatively on the merits. The Court notes that while these documents support Defendants' argument of meeting the § 56.29 requirements, they do *not* cure the remainder of the repeated deficiencies in the motion.

For the reasons discussed above, the Undersigned adopts the previous ruling from December 7, 2022 [ECF No. 228] and **denies** Defendants' motion without prejudice**.**

If Defendants choose to seek the requested relief again, then the request for an additional Order concerning the seizure and sale of Plaintiff's intellectual property **shall** contain a memorandum of law and **shall** also cure the other deficiencies identified in this Order.

DONE AND ORDERED in Chambers, at Miami, Florida, on August 10, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to**:
The Honorable Joan A. Lenard
All Counsel of Record

8