Exhibit A

**U.S. Department of Justice**
**United States Marshals Service**
**Southern District of Florida**
**Notice of U.S. Marshals Service Sale**
*USDC Case No: 14-cv 23208*
*A4A Networks, Inc. adv. Flava Works, Inc. et. al.*

By virtue of a Court's Writ of Execution dated November 15, 2023 [ECF No. 243] issued by the United States District Court for the Southern District of Florida, NOTICE is hereby given that I will sell by public auction for cashiers or certified funds check ONLY (with the exception of credit bids placed by Defendant), on February 18, 2025 at 1 2 : 00 P.M., at the Wilkie D. Ferguson, Jr. U.S. Courthouse, 400 N. Miami Avenue, Miami FL 33128, outside the main ground floor security entrance in the covered pedestrian walkway that passes through the center ground floor of the courthouse the following property, including all of its contents:

U.S. Copyright Registration numbers: PA 0001804965, PA 0001861010, PA 0001797213, PA 0001917774, PA 0001832507, PA 0002037043, PA 0002025885, PA 0002037056, PA 0002025860, PA 0002036970, PA 0001788831, PA 0001748153, PA 0001802985, PA 0001804964, PA 0001797171, PA 0001861008, PA 0002037057, PA 0001841887, PA 0001993086, PA 0001668277, VA 0001861560, VA 0001861558, PA 0002025848, PA 0002036972, PA 0002037060, PA 0001668281, PA 0001737150, PA 0001748151, PA 0001841878, PA 0002036969, PA 0001803007, PA 0001804962, PA 0001764960, PA 0001635732, PA 0011764946, PA 0001668240, PA 0001668343, PA 0001666879, PA 0001666861, PA 0001666875, PA 0001697763, PA 001789152, PA 0001789158, PA 0001802911, PA 0001797241, PA 0001862670, PA 0001863017, PA 0001917773, PA 0001737155, PA 0001635777, PA 0001635734, PA 0002037046, PA 000202-5857, PA 0002037054, PA 0001830766, PA 0001779325, PA 0001779324, PA 0001828190., PA 0001820337, VA 0001760400, CSN 0148498, VA 0001861561, PA 0001315877, PA 0001668262, PA 0001769140, TX 0007527922, TX 000752 918, TX 0007527917, TX 0007527914, TX 0007527910, TX 0007319965, TX 0007319952 ,TX 0007319950, TX 0007319946, TX 0007323094, TX 0007319957, TX 0007319954, TX 0007319961, TX 0007180442, TX 0007220990, TX 0007220991, TX 0007319960, TX 0007527909, TX 0007319958, TX 0007145778, TX 0007145781, TX 0007145771, TX 0007145774, TX 0007527923, TX 0007527920, PA 0001668012, TX 0007319942, PA 0002037047, PA 0002037042, PA 0001822515, PA 0001764942, PA 0001764940, PA 0001748155, PA 0001993082, PA 0001691638, PA 0001737154, PA 0001863010, PA 0001917804, PA 0001668231, PA 0001687480, PA 0001748164, PA 0001748148, PA 0001802909, PA 0001789145, PA 0001841880, PA 0001822516, PA 0001861002, PA 0002025838, PA 0001868011, PA 0001789151, PA 0001917812, PA 0002037052, VA 000-1837591, PA 0002036987, PA 0001772428, PA 0001804963, PA 0002037058, PA 0001737157, PA 0001737156, PA 0001841890, PA 0001822522, PA 0001841889, PA 0001917810, PA 0001802967, PA 0001841874, PA 0001863016, PA 0001803004, PA 0001797237, PA 0001841884, PA 0001917818, PA 0002025846, PA 0001668271, PA 0001668236, PA 0001677124, PA 0001728043, PA 0001677123, PA 0001728038, PA 0001691644, PA 0001736926, PA 0001748166, PA 0001748142, PA 0001668266, PA 0001861001, PA 0001316802, PA 0001315909, VA 0001792407, PA 0001764949, PA 0001788830, PA 0001691631, PA 0001789159, PA 0001737152, PA 0001764951, PA 0001635771, PA 0001802981, PA 0001668232, PA 0001668265, PA 0001789153, PA 0001691647, PA 0001748139, PA 0001668235, PA 0001789156, PA 0001737151, PA 0001802983, PA 0001917815, PA 0001691645, PA 0001764959, PA 0001635924, PA 0001635768, PA 0001701364, VA 0001837588, PA 0001748147, PA 0001797238, PA 0001782056, PA 0001737149, PA 0001635772, PA 0001635916, PA 0001635774, PA 0001737153, PA 0001668238, VA 0001742514, PA 0001841894, PA 0001917813, PA 0001668278 and the following Internet Domain names www.thugboy.com,, www.papicock.com, www.cocodorm.com, www.cocostore.com and www.flavamen.com.

Before being permitted to bid at the sale, registered bidders shall present proof of funds via (cashier certified check made payable to USMS). The successful bidder shall deposit with the U.S. Marshals Service at the close of the sale, fifty percent (50%) of the bid price by cashier's or certified funds check *made payable to the U.S. Marshals Service.* The balance must be paid within 72 hours after the sale. If the Plaintiff is the successful bidder at the sale. the United States Marshals Service shall credit the Plaintiff's bid amount, minus the costs of the sale, against the Plaintiff's Judgment Amount. Failure to pay the balance in accordance with the terms of the sale by the successful bidder shall result in the forfeiture of the monies deposited and the property may be re-offered for sale.

Judgment Amount: **$27,170.15** exclusive of costs and attorneys' fees.

Dated: January 6, 2025,

Attorneys for Plaintiff

John F. Bradley, Esq.
BRADLEY LEGAL GROUP, P.A.
1217 East Broward Blvd
Fort Lauderdale, FL 33301
Tel. (954) 523-6160
Email; jb@bradlegal.com

Gadyaces S. Serralta, United States Marshal
Published in the Miami New Times on: 1/16/25, 1/23/25, 1/30/25, & 2/6/25.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-23208-CIV-LENARD/GOODMAN

FLAVA WORKS, INC.,

      Plaintiff,

v.

A4A RESEAU, INC.,
A4A NETWORK, INC.,
and MARC PARENT,

      Defendants.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
VERIFIED MOTION TO DETERMINE REASONABLENESS OF ATTORNEYS'
FEES, COSTS, AND INTEREST (D.E. 160)**

**THIS CAUSE** is before the Court on Defendants A4A Reseau, Inc., A4A Network, Inc., and Marc Parent's Verified Motion to Determine Reasonableness of Attorneys' Fees, Costs, and Interests, ("Motion," D.E. 160), filed April 13, 2018. Plaintiff Flava Works, Inc. filed a Response on May 4, 2018, ("Response," D.E. 165), to which Defendants filed a Reply on May 11, 2018, ("Reply," D.E. 166). Upon review of the Motion, Response, Reply, and the record, the Court finds as follows.

I.      **Background**

On August 29, 2014, Plaintiff commenced this action. (D.E. 1.) On November 6, 2014, Defendants filed a Motion to Dismiss, (D.E. 11), and on January 16, 2015, Defendants filed an Answer, (D.E. 20). On January 20, 2015, Plaintiff filed a Notice of Voluntary Dismissal Without Prejudice. (D.E. 22.) On January 21, 2015, the Court

entered an Order dismissing this case without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).[1]  (D.E. 23.)  The same day, Plaintiff filed a virtually identical lawsuit against the same Defendants in the United States District Court for the Northern District of Illinois in Case No. 15-cv-00610.

On March 5, 2015, the Court entered an Order awarding Defendants attorneys' fees pursuant to Rule 41(d), which states: "If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court . . . may order the plaintiff to pay all or part of the costs of that previous action[.]"  (D.E. 28.)  On April 7, 2015, the Court entered an Order granting Defendants' Motion to Determine Reasonableness of Attorneys' Fees, and ordering Plaintiff to pay Defendants $28,060.57 in attorneys' fees.  ("Attorneys' Fees Order," D.E. 46 at 9 (emphasis added).)  On June 10, 2015, the Clerk issued a Writ of Execution in the amount of $28,060.57.  (D.E. 50.)

On June 19, 2015, Defendants filed a Motion to Compel Plaintiff to Complete Fla. R. Civ. P. Form 1.977 Fact Information Sheet, (D.E. 51), which the Court granted on July 20, 2015, (D.E. 58).

On July 24, 2015, Defendants filed a Motion to Compel a Discovery Response to First Request for Production in Aid of Execution, which alleged that Plaintiff had

---

[1]       Pursuant to Rule 41(a)(1)(A), a plaintiff may dismiss an action without a court order by filing "(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared."  Here, because Defendants had already filed an answer and the Parties did not sign a stipulation of dismissal, the Court could only dismiss the case pursuant to Rule 41(a)(2), which provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

"completely failed to respond to the discovery sought." (D.E. 60 at 1.)  The same day, Defendants filed a Motion for Proceedings Supplementary pursuant to Section 56.29, Florida Statutes, in order to be able to collect on the judgment by, for example, seizing certain property, piercing the corporate veil, and setting aside fraudulent transfers of Plaintiff's property to third persons. (D.E. 61 ¶ 11.)  Defendants attached to the Motion for Proceedings Supplementary an email dated July 23, 2015 from Plaintiff's CEO, Phillip Bleicher, to Defendant Marc Parent, stating: "You will not get any attorney's fees (even if awarded), because we have no money.  Yep, we are broke, we owe the IRS and we have a settlement with them, after that, there is no money left.  Any judgment you get for fees, you will not collect because we have no money." (D.E. 61-6.)

On November 20, 2015, Judge Goodman held a hearing on the Parties' ongoing discovery disputes. (See D.E. 93.)  On November 23, 2015, Judge Goodman issued a Post-Discovery Hearing Administrative Order awarding Defendants $10,000 in attorneys' fees as sanctions for Plaintiff's "obstruction in discovery." ("Sanctions Order," D.E. 94 at 4.)  Judge Goodman also ordered Plaintiff to, inter alia, respond to Defendants' discovery requests. (See id. at 2-4.)  On December 11, 2015, Defendants filed a Notice of Plaintiff's Non-Compliance with Judge Goodman's Post-Discovery Hearing Administrative Order. (D.E. 95.)

On February 8, 2016, Judge Goodman granted Defendants' Motion for Proceedings Supplementary, but found it unnecessary to begin the proceedings supplementary at that time. (D.E. 112.)

On May 20, 2016, Defendants filed a Motion to Implead Third Parties and for Order to Show Cause. (D.E. 124.)  Specifically, Defendants sought to implead Flava Works, Inc., a corporation formed in Illinois on April 16, 2015—eleven days after the Court entered its Attorneys' Fees Order—and its CEO, Phillip Bleicher. (Id. ¶ 3.) The motion indicated that on April 22, 2015, Bleicher voluntarily dissolved the Florida version of Flava Works, Inc., and replaced it with the Illinois version. (Id. ¶¶ 2-3, 6.) The Court referred the Motion to Judge Goodman, (D.E. 125), who granted it in part and to the extent that it requested impleader of Bleicher and the Illinois version Flava Works Inc., (D.E. 133 at 5).  However, Judge Goodman denied a request for attorneys' fees "before any final judgment in these supplementary proceedings." (Id. at 11.)

On February 21, 2017, Plaintiff completed payment in full of the $28,060.57 judgment the Court's Attorneys' Fees Order awarded to Defendants. (Mot. at 9.)

On March 28, 2017, Defendants filed an Amended Motion to Determine Entitlement to Additional Reasonable Attorneys' Fees, Costs, and Interests. ("Amended Motion," D.E. 137.) The Amended Motion sought an award of fees and costs incurred in executing upon the Courts Attorneys' Fee Order under Federal Rules of Civil Procedure 41(d) and 69(a)(1); Fla. Stat. §§ 56.29(8), 57.105(7), and 57.115; and 17 U.S.C. § 505. (Id. at 17.)  The Court referred the Amended Motion to Magistrate Judge Jonathan Goodman, who issued a Report recommending that the Court: (1) find that Defendants are entitled to attorneys' fees under Fla. Stat. § 57.115; (2) find that Defendants are entitled to post-judgment interest from March 5, 2015; and (3) require the Parties to meet and confer in person on or before March 30, 2018 to resolve the amount of post-judgment

4

fees, costs, and interest due; and if the Parties could not agree, then Defendants would have until April 13, 2018 to submit affidavits and supporting documentation to support their post-judgment fees, costs, and interests request.  (Id. at 14-15.)  Over Plaintiff's objections, the Court adopted Judge Goodman's Report.  (D.E. 153.)

Because the Parties were unable to resolve the amount of post-judgment fees, costs, and interest due, on April 13, 2018 Defendants filed the instant Verified Motion to Determine Reasonableness of Attorneys' Fees, Costs, and Interest.   (D.E. 160.) Defendants attached to their Motion, inter alia, billing records, (D.E. 160-4, 160-5, 160-6), and affidavits in support of the fees, costs, and interest request, (D.E. 160-7, 160-8), as well as other exhibits.

## II.   Legal Standards

Local Rule 7.3 provides the relevant mechanism for seeking an award of attorneys' fees.  That Rule requires that the party seeking fees provide, inter alia: (1) the identity, experience, and qualifications for each timekeeper for whom fees are sought; (2) the number of hours reasonably expended by each such timekeeper; (3) a description of the tasks done during those hours; and (4) the hourly rate(s) claimed for each timekeeper[.]"  S.D. Fla. L.R. 7.3(a)(5).  It further provides that

> the respondent shall describe with reasonable particularity each time entry
> or nontaxable expense to which it objects, both as to issues of entitlement
> and as to amount, and shall provide supporting legal authority.  If a party
> objects to an hourly rate, its counsel must submit an affidavit giving its
> firm's hourly rates for the matter and include any contingency, partial
> contingency, or other arrangements that could change the effective hourly
> rate.

S.D. Fla. L.R. 7.3(a).  "As one court in this district has noted, Local Rule 7.3's requirements are not optional, but mandatory."  Sriskada v. Harbor Pita, Inc., No. 14–20526–CIV, 2014 WL 3908206, at *1 (S.D. Fla. Aug. 11, 2014) (citing Norych v. Admiral Ins. Co., No. 08–60330–CIV, 2010 WL 2557502, at *2 (S.D. Fla. June 23, 2010)).

The framework for awarding attorneys' fees to a prevailing party requires the Court to "determine the 'lodestar,' which is calculated by multiplying the number of hours reasonably expended in a litigation by a reasonable hourly rate." Id. at 1346 (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Norman v. Hous. Auth. of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988)).  "The burden of establishing the number of hours reasonably expended, lies with the [prevailing party], and '[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly.'"  Id. (citing Hensley, 461 U.S. at 433); Norman, 836 F.2d at 1303).  "Similarly, the [prevailing party] has the burden of establishing that the hourly rate requested is a reasonable one."  Id. (citing Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994)).  However, the Court itself is an expert on the issue "and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."  Norman, 836 F.2d at 1303 (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)).

## III.   Discussion

Defendants seek a total of $94,976.63 in attorneys' fees and $241.62 in costs incurred in collecting on the Attorneys' Fees Order, as well as $2,624.35 in post-

judgment interest.  (Mot. at 8-9.)  Additionally, they seek an upward adjustment of the

lodestar for Plaintiff's attempts to avoid and evade payment of the judgment.  (Id. at 11.)

### a.     Attorneys' fees

#### 1.     Reasonable hourly rate

Pursuant to Norman, the Court begins by determining whether counsel are billing

at a reasonable hourly rate.  836 F.2d at 1299.  "A reasonable hourly rate is the prevailing

market rate in the relevant legal community for similar services by lawyers of reasonably

comparable skills, experience, and reputation."  Id. (citing Blum v. Stenson, 465 U.S.

886, 895-96 (1984).  "The applicant bears the burden of producing satisfactory evidence

that the requested rate is in line with prevailing market rates."  Id. (citing NAACP v. City

of Evergreen, 812 F.2d 1332, 1338 (11th Cir. 1987).  "Satisfactory evidence at a

minimum is more than the affidavit of the attorney performing the work."  Id. (citing

Blum, 465 U.S. at 896 n.11).  It is not uncommon for a party to file the affidavit of an

independent attorney attesting to the reasonableness of the fees requested.  See, e.g.,

Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994).  "A court, however, 'is itself an

expert on the question and may consider its own knowledge and experience concerning

reasonable and proper fees and may form an independent judgment either with or without

the aid of witnesses as to value.'"  Id. (quoting Norman, 836 F.2d at 1303).

The Motion lists four attorneys and one paralegal who have worked on the post-

judgment collection efforts, and the hourly rates at which they bill:

Case 1:14-cv-23208-JAL   Document 167   Entered on FLSD Docket 09/20/2018   Page 8 of 20

- Dianne Bellavance: $285.48 per hour.[2] (Mot. ¶ 23.) Ms. Bellavance, Defendants' primary corporate counsel in Canada, has thirty years' experience in intellectual property law. (Id.) Defendants provided Ms. Bellavance's affidavit in support of this Motion and her biography. (D.E. 160-5.) In the Court's April 7, 2015 Attorneys' Fees Order, the Court found that $273.37 (calculated as $350 CDN at a 0.7811 exchange rate) was a reasonable hourly rate for Ms. Bellavance. (D.E. 46 at 4-5.)

- Michael Fattorosi: $350.00 per hour. (Mot. ¶ 24.) Mr. Fattorosi, Defendants' general counsel in the United States, is a litigation and transactional attorney with twenty years' experience in District Court litigation, including cases like this one. (Mot. ¶ 24.) Defendants provided Mr. Fattorosi's affidavit in support of this Motion and curriculum vitae. (D.E. 160-6.) In the Court's April 7, 2015 Attorneys' Fees Order, the Court found that $275 was a reasonable hourly rate for Mr. Fattorosi. (D.E. 46 at 4.)

- John F. Bradley: $375 per hour through November 23, 2015; $400 per hour from November 24, 2015 to some unknown date in 2016; and $425 per hour after that. (Mot. ¶ 29; see also Invoice (D.E. 160-4) at 46-60.) Mr. Bradley has thirty years' experience in commercial litigation and intellectual property cases across the

---

[2]     Ms. Bellavance, Defendants' Canadian attorney, states in her affidavit that she came to the $285.48 US hourly rate by applying a 0.79 exchange rate to her $360 CDN hourly rate. (D.E. 160-5 ¶ 6.) However, $360 times 0.79 equals $284.40. Thus, it appears that Ms. Bellavance either miscalculated her hourly rate in US dollars or used additional decimals in the exchange rate. Regardless, Plaintiff does not object to Ms. Bellavance's $285.48 hourly rate, and the Court finds that $285.48 is reasonable.

United States.  (Mot. ¶ 29.)  Defendants provided Mr. Bradley's affidavit in support of this Motion and a professional biography.  (D.E. 160-7.)  He is the former Chairman of the Entertainment, Arts and Sports Law Section of the Florida Bar.  (Id.)  In the Court's April 7, 2015 Attorneys' Fees Order, the Court found that $375 was a reasonable hourly rate for Mr. Bradley.  (D.E. 46 at 4-5.)

- Daniel S. Polley: $325 per hour.  Mr. Polley has twenty-nine years' experience exclusively in intellectual property protection and litigation.  He has been "of counsel" to Bradley Legal Group, P.A. for many years acting as co-counsel and second chair with Mr. Bradley in District Court cases.  In the Court's April 7, 2015 Attorneys' Fees Order, the Court found that $325 was a reasonable hourly rate for Mr. Polley.[3]  (D.E. 46 at 5.)

- Joanna Lubczanska: $125 per hour through November 23, 2015; $175 per hour thereafter.  (Mot. ¶ 31.)  Ms. Lubczanska has been a paralegal for eighteen years, practicing primarily in commercial litigation, intellectual property, business, and entertainment law.  (Id.)  In the Court's April 7, 2015 Attorneys' Fees Order, the Court found that $125 was a reasonable hourly rate for Ms. Lubczanska.  (D.E. 46 at 5.)

Additionally, Defendants filed the affidavit of independent attorney Jason Weiss who, after reviewing the case and billing practices, opined that "the hourly rates sought by Defendants' counsel and paralegals . . . are reasonable, if not low, in the local practice

---

[3]     The Court inadvertently referred to Mr. Polley as "Mr. Foley" on page 5 of the Attorneys' Fees Order.  (D.E. 46 at 5.)

area and based on their background and experience and the other criteria." (D.E. 160-8 ¶
6.)

Plaintiff did not object to any of the hourly rates charged by Defendants'
counsel/paralegal, nor submit an affidavit giving its firms hourly rates. See S.D. Fla.
L.R. 7.3(a) ("If a party objects to an hourly rate, its counsel must submit an affidavit
giving its firm's hourly rates for the matter . . . .").

Consequently, the Court finds that the rates charged by Ms. Bellavance, Mr.
Fattorosi, Mr. Bradley, Mr. Polley, and Ms. Lubczanska are reasonable hourly rates in
Miami-Dade County, based on their skill and experience. See Club Madonna, Inc. v.
City of Miami Beach, CASE NO. 13-23762-CIV-LENARD/GOODMAN, 2015 WL
5559894, at *8 (S.D. Fla. Sept. 22, 2015).

### 2. Hours reasonably expended

The second step in the Court's lodestar analysis is determining whether the hours
claimed by the attorneys were reasonably expended. See Norman, 836 F.2d at 1301. The
Court should exclude claimed hours that are "excessive, redundant or otherwise
unnecessary." Id. The Court may draw upon its own experience in this analysis. See id.
at 1303. Where excessive time has been billed, rather than make line-by-line reductions,
a court "may engage in 'an across-the-board cut' so long as it provides adequate
explanation for the decrease." Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir.
2008).

Defendants' counsel filed nearly seventy pages of invoices. (See D.E. 160-4; 160-
5; 160-6.) Plaintiff identified with reasonable particularity only three specific entries to

10

which it objects.  See S.D. Fla. L.R. 7.3(a) ("[T]he respondent shall describe with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount, and shall provide supporting legal authority.").  Plaintiff also argues generally that: (A) Defendants' invoices include entries for work done in related cases between the Parties, (id. at 3); (B) Defendants' request includes the $10,000 in fees Judge Goodman previously awarded as sanctions Plaintiff already paid, (id. at 4); (C) the fee ledger is heavily redacted, preventing Plaintiff from determining the validity of many requests, (id. at 5); (D) Defendants have engaged in "questionable billing practices," (id.); and (E) Defendants should not charge their client for answering a Bar Commission Board inquiry regarding Plaintiff's attorney, (id. at 8).[4]  Defendant asks the Court "to take a thorough review of Defendants' invoices" and then order the Parties to mediate.  (Id. at 9.)

Defendants argue in their Reply that "Plaintiff's failure to comply with Local Rule 7.3 is grounds for granting Defendants' requested amount of fees, if otherwise reasonable."  (Reply at 2 (citing Maale v. Kirchgessner, No. 08-80131-CIV, 2011 WL 1549058, at *5 (S.D. Fla. Apr. 22, 2011)).)  They also respond substantively to each of Plaintiff's arguments.  (Id. at 3-9.)

## A.    Work done in related cases

First, Plaintiff argues that Defendants' invoices include entries for work done in separate, related cases between the Parties.  (Resp. at 3.)  Defendants argue that all entries

---

[4]    To the extent that Plaintiff's Response addresses other issues, they are meritless and/or irrelevant to the Court's disposition.

11

for work done in the other cases between the Parties have been stricken.  (Id. at 3-4.)

Indeed, in a March 21, 2018 "meet and confer" letter regarding the fees request,

Defendants' counsel specifically advised Plaintiff's counsel that work performed on the

other cases between the Parties have been redacted from the invoices:

> You will note redactions throughout. The redaction of the billing entry and
> the billing time/fee indicates that the billing was for one of the other files
> (the Declaratory Relief action or the Chicago action) which are not included
> in this billing. Where a single billing entry included time for other cases,
> the portion attributable to the other cases has been removed and the net
> time for this case has been hand written and circled to the right of the
> billing entry. The related documents including our communications and
> filings with the Court are referenced throughout the billing. As you have
> been involved during that whole time, I am confident that you will have
> copies and access to them on Pacer.

(D.E. 160-1.)  The invoices submitted by the Bradley Legal Group and Mr. Fattorosi are

heavily redacted, (see D.E. 160-4 at 2-25, 28-31, 35, 37, 48-50, 52-53, 55-57; 160-6 at 5-

7), apparently to remove entries for work done in related cases.[5]  (See id.)

Plaintiff failed to identify with reasonable particularity any invoice entries that

charge for matters not related to this case.  Consequently, the Court rejects this objection

as a violation of Local Rule 7.3(a).  See S.D. Fla. L.R. 7.3(a) ("[T]he respondent shall

describe with reasonable particularity each time entry or nontaxable expense to which it

objects, both as to issues of entitlement and as to amount, and shall provide supporting

legal authority.").

---

[5]      The objection to redacted entries is addressed in Section III(a)(2)(C), infra.

### B.    $10,000 sanctions award

Second, Plaintiff argues that Defendants' request includes the $10,000 in fees Judge Goodman previously awarded and that Plaintiff already paid.  (Resp. at 4.) Defendants concede that the invoices include charges for work for which their attorneys were already compensated vis à vis Judge Goodman's Sanctions Order.  (See Reply at 5.) They therefore agree to have the fee award reduced by $10,000 to account for the sanctions award.  (Id.)  The Court finds that a $10,000 reduction in the fee award is the proper solution to prevent a double-recovery.

### C.    Redactions

Third, Plaintiff argues that the fee ledger is heavily redacted, preventing Plaintiff from determining the validity of many requests.  (Resp. at 5.)  Defendants argue that the redacted entries in Mr. Fattorosi and Mr. Bradley's invoices are not included in the billing and, therefore, are irrelevant for purposes of this Motion.  (Reply at 6.)  In their affidavits, Mr. Fattorosi and Mr. Bradley each aver that the redacted entries exclude billing for matters not related to this action.  (See Fattorosi Aff. ¶ 8 ("The billing is redacted to exclude matters not related to this action.); Bradley Aff. ¶ 10 (same).)  The Court has carefully reviewed each of the invoices—including performing its own calculations of the un-redacted entries—and has determined that Defendants' counsel have not included any of the redacted entries in their fee request.[6]

---

[6]    In any event, the Court's fee award is based on its own calculation which includes only un-redacted entries.

### D. "Questionable billing practices"

Fourth, Plaintiff alleges that Defendants engaged in "questionable billing practices." (Resp. at 5.) Defendants argue that they have not engaged in questionable billing practices, have billed only for work done attempting to collect the judgment, and have submitted appropriate billing records. (Reply at 6-7.)

Plaintiff's primary challenge is to the redacted entries, (id.), but the Court has already determined that Defendants' counsel have not included the redacted entries in their fee request. (See supra Section III(a)(2)(A) & (C).)

Plaintiff also complains that Defendants' counsel "pad billing hours" to increase their billable hours by, for example, overdrafting "every motion, response and reply, including rehashed information that was previously submitted in pleadings or submitting previously filed pleadings as exhibits, creating a novel with every filing." (Id. at 6.) In this regard, Plaintiff objects to a single entry from July 15, 2015 in which Ms. Lubczanska billed 1.3 hours for "[o]btain[ing] a certified copy of the Order Granting Fees from the Clerk of Courts; [p]repar[ing] and submi[tting] of same for recording with the Miami-Dade County Clerk, including drafting a cover form." (D.E. 160-4 at 21.) The Court finds that Plaintiff has not established that this entry is improper.

Plaintiff also argues that Defendants "performed tasks that were unnecessary[,]" (Resp. at 6), but fails to identify any such entries with reasonable particularity as required by Local Rule 7.3(a) and/or establish that the tasks described were, in fact, unnecessary to execute the judgment.

14

Plaintiff further argues that Mr. Bradley billed for the same task twice, and identifies two specific instances. First, as reflected by Invoice #466, on March 15, 2016, Mr. Bradley billed $40.00 (0.10 hours at a $400 hourly rate) for the following task: "Receive and review email from Joanna regarding Shambee's response and tax liens[.]" (D.E. 160-4 at 44.) As reflected by Invoice #378, Mr. Bradley billed a similar task for $42.50 (0.10 hours at a $425 hourly rate) on the same date—March 15, 2016: "Receipt and review of: draft letter to Shambee from Joanna." (Id. at 48.) However, the Court finds that reviewing an email from Joanna and reviewing a letter that Joanna drafted to Ms. Shambee are not the same task.[7]

Next, as reflected by Invoice #466, on June 20, 2016, Mr. Bradley billed $120 (0.30 hours at a $400 hourly rate) for the following task: "Received and reviewed email from: opposing regarding motions for extension; draft response; numerous responses and replies: receive and review email from Joanna regarding rules on extension etc." (Id. at 45.) As reflected by Invoice #378, Mr. Bradley billed a very similar task for $255 (0.60 hours at $425 per hour) on the same date—June 20, 2016: "Receipt and review of: email from Joanna regarding Motion for Impleader and Motion for Extension of Time; office conference with Joanna to review; draft email to opposing objecting to Motion; receive and review opposing's Motion for Extension of Time." (Id. at 49.)

---

[7]     According to Defendants, the reason for the hourly rate discrepancy is that after Mr. Bradley increased his hourly rate, the billing software continued to mistakenly bill at a lower rate. (Resp. at 8.) "The result of this 'discrepancy' lowered both[] Defendants' actual costs here, as well as Plaintiff's attorney's fees sought herein." (Id.)

The Court finds that Mr. Bradley double billed for the June 20, 2016 work on the motion for extension of time. The Court will strike the $120 charge on Invoice #466 from the fee award calculation because Invoice #378 includes additional work related to the Motion for Impleader for which counsel should be compensated.

### E.   Bar commission inquiry

Finally, Plaintiff argues that Defendants should not charge their client for answering a Bar Commission Board inquiry regarding Plaintiff's attorney. (Resp. at 8.) Defendants argue that having to respond to the Bar Commission's inquiries was necessitated by Plaintiff and its attorney's actions in this litigation. (Reply at 8-9.)

Plaintiff failed to identify with reasonable particularity any entry in the sixty pages of invoices submitted by Bradley Legal Group, the four pages of invoices submitted by Ms. Bellavance, or the six pages of invoices submitted by Mr. Fattorosi in which Defendants' counsel bills for responding to the Bar Commission's inquiries. (See Resp. at 8.) Accordingly, the Court rejects this objection as a violation of Local Rule 7.3(a).

### F.   Other

Although not identified by Plaintiff, the Court finds that further reductions are warranted for (1) a scrivener's error in Mr. Bradley's invoices, and (2) Ms. Bellavance's failure to include the number of hours she expended on the work performed.

First, the Court has discovered a scrivener's error in Mr. Bradley's invoices. Specifically, Invoice #1023 contains an entry for November 21, 2017 in which Mr. Bradley recorded 0.5 hours of work at $425 per hour, which totaled $212.50 for the entry. (D.E. 160-4 at 57.) Mr. Bradley redacted 0.4 hours from that entry for work performed

on a related case, leaving 0.1 hours billed in this case for $42.50.  (See id.)  However, Mr. Bradley erroneously handwrote "$425[00]" instead of "$42.50" as the applicable charge. Therefore, the Court will deduct the difference—$382.50—from the total fee calculation.

Second, Ms. Bellavance completely failed to include the number of hours reasonably expended on the work for which she billed.  (See D.E. 160-5.)  Instead, she describes the work performed and simply assigns a dollar amount at the end of each invoice without indicating how long she spent on each task.  (See id.)  Pursuant to Local Rule 7.3(a), a motion for attorneys' fees "shall . . . provide . . . the number of hours reasonably expended by each . . . timekeeper[.]"  S.D. Fla. L.R. 7.3(a)(5)(B).  "Local Rule 7.3's requirements are not optional, but mandatory."  Sriskada v. Harbor Pita, Inc., No. 14–20526–CIV, 2014 WL 3908206, at *1 (S.D. Fla. Aug. 11, 2014) (citing Norych v. Admiral Ins. Co., No. 08–60330–CIV, 2010 WL 2557502, at *2 (S.D. Fla. June 23, 2010)).  Ms. Bellavance's failure to include the number of hours reasonably expended on the work performed makes it impossible for the Court to conduct the proper lodestar analysis.  Accordingly, the Court finds that Ms. Bellavance's work must be excluded from the fee award.  See Rubenstein v. Florida Bar, No. 14–cv–20786, 2015 WL 1470633, at *5-6 (S.D. Fla. Mar. 31, 2015) (reducing fee award for attorney's failure to "provide a breakdown of the total hours billed by each timekeeper" in violation of Local Rule 7.3(a)(5)).

Finally, the Court denies Defendants' request to increase the fee award due to Plaintiff's obstruction in discovery.

### G.   Calculation

The Bradley Legal Group (consisting of Mr. Bradley, Mr. Polley, and Ms. Lubczanka) calculated its total, un-redacted billing as $87,930.00.  (See Mot. at 8.) However, the Court has performed its own calculation of the un-redacted entries in the Bradley Legal Group invoices and reached a slightly lower total: $87,705.25.  (See D.E. 160-4.)  Additionally, Mr. Fattorosi properly billed $1,890.[8]  (D.E. 160 at 5).  Adding these together, the Court finds that Defendants' counsel properly billed $89,595.25.[9]

The Court will deduct a total of $10,502.50—consisting of the $10,000 Judge Goodman already awarded Defendants in attorneys' fees as sanctions for Plaintiff's obstruction in discovery, the $120 billed on Invoice #466 for June 20, 2016, and $382.50 on Invoice #1023 for November 21, 2017—from the $89,595.25 total.  Accordingly, the Court finds that Defendants are entitled to a fee award in the amount of **$79,092.75.**

### b.   Costs

Defendants seek nontaxable costs totaling $241.62 for copying, recording, hearing exhibits, postage, and shipping.  (Mot. at 8.)  Plaintiff does not object to the cost request.

Prevailing parties are entitled to receive costs under Federal Rule of Civil Procedure 54(d).  U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 620 (11th Cir. 2000).

---

[8]   According to the Court's calculations, Mr. Fattorosi's invoices actually contain $2,205 in un-redacted entries (calculated as 6.3 hours at $350 per hour).  (See D.E. 160-6.) However, Defendants only moved for $1,890 for Mr. Fattorosi's fees, and the Court will use Defendants' lower calculation.  (D.E. 160 at 5.)

[9]   This amount excludes the billing for Ms. Bellavance which, for the reasons explained in Section III(a)(2)(F), is not being included in the fee award.

18

Accordingly, the Court finds that Defendants are entitled to $241.62 in nontaxable costs incurred in executing upon the Court's Attorneys' Fee Order.

### c.   Post-judgment interest

Defendants seek $2,624.35 in post-judgment interest.  (Mot. at 9.)   The Court previously found that "Defendants are . . .  entitled to post-judgment interest at the applicable legal rate running from March 5, 2015—the date the Court found Defendants to be entitled to an award of attorneys' fees."  (D.E. 153 at 8 (citing <u>Fischbach & Moore, Inc. v. McBro, Div. of McCarthy Bros. Co.</u>, 619 So. 2d 324, 324-25 (Fla. Dist. Ct. App. 1993) (holding that post-judgment interest on an award of attorney's fees and costs starts to accrue from the date that the court finds that the party was entitled to such an award, even though the amount was not determined until a later date); <u>Baiely v. Leatherman</u>, 668 So. 2d 232, 233 (Fla. Dist. Ct. App. 1996) (same)).   Plaintiff does not object to the request for post-judgment interest.

The effective judgment interest rate on March 5, 2015 was 4.75%, as set by Florida's Chief Financial Officer on January 1, 2015.  <u>See</u> Historical Judgment Interest Rates, Florida Chief Financial Officer, Division of Accounting and Auditing, <u>available at</u> https://www.myfloridacfo.com/division/aa/vendors/judgmentinterestrates.htm.  The daily rate as a decimal was .000130137, <u>id.</u>, which, when applied to the $28,060.57 fee award, equals $3.65 per day in post-judgment interest.  There were 719 days between the Court's March 5, 2015 Attorneys' Fees Order and February 21, 2017, the date the award was paid in full.  Multiplying the $3.65 daily interest by 719 days, the Court finds that Defendants are entitled to post-judgment interest in the amount of $2,624.35.

IV.    **Conclusion**

Accordingly, it is **ORDERED AND ADJUDGED** that:

1.    Defendants' Verified Motion to Determine Reasonableness of Attorneys'
      Fees, Costs, and Interest (D.E. 160) is **GRANTED IN PART AND
      DENIED IN PART** consistent with this Order; and

2.    Defendants A4A Reseau, Inc., A4A Netweork, Inc., and Marc Parent shall
      have and receive from Plaintiffs Flava Work, Inc. and Phillip Bleicher
      attorneys' fees in the amount of $79,092.75, costs in the amount of
      $241.62, and post-judgment interest in the amount of $2,624.35, for a total
      award of **$81,958.72**, for which sum let execution issue.

**DONE AND ORDERED** in Chambers at Miami, Florida this 20th day of
September, 2018.

*Joan A. Lenard*

**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**

Certified to be a true and
correct copy of the document on file
Angela E. Noble, Clerk,
U.S. District Court
Southern District of Florida

By *Nellye Ample* (nan)
                              Deputy Clerk
Date 11/26/2024